UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,
a Massachusetts Corporation,

Plaintiff,

v.

UNISYS CORPORATION,
a Delaware Corporation,

Defendant.

Case No.: 04-11610-RGS

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

Plaintiff Visible Systems Corporation ("Visible Systems"), for its First Amended Complaint against Unisys Corporation ("Unisys"), states as follows:

### Nature of this Action

1. This is an action seeking damages and equitable relief against Unisys' infringing, misleading, unfair and deceptive conduct constituting trademark infringement, unfair competition, dilution and unfair and deceptive business practices in violation of federal trademark statutes and state statutory and common law arising out of Unisys' willful infringement of, and attempt to misappropriate, Visible Systems' VISIBLE® family of trademarks.

### Parties

2. Visible Systems Corporation is a Massachusetts corporation with its headquarters and principal place of business in Lexington, Massachusetts, doing business throughout the United States and internationally.

3. On information and belief, Unisys Corporation is a Delaware corporation with its principal place of business in Blue Bell, Pennsylvania, doing business throughout the United States and internationally.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the claims in Counts I and II of this Complaint pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark). Also, because the amount in controversy exceeds $75,000, and the action is between citizens of different states, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) (diversity). This Court has subject matter jurisdiction over Counts III and IV pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant Unisys because, among other reasons, Unisys regularly conducts business in Massachusetts and because Unisys has identified a registered agent to receive service in Massachusetts.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 (b) and (c).

### Facts Common to All Claims

7. Since 1984, Visible Systems has been a leader in the information technology consulting, modeling and enterprise architecture industry. Visible Systems has built its core business around the delivery of software and consulting services aiding in the creation of computer models of an entity's business process and information technology architecture. Visible Systems serves its clients by creating flow-chart like maps that graphically depict the relationships between data, applications, and business processes. These models then enable an entity to identify redundancies and create strategies for the efficient and coordinated development, integration and implementation of software applications to support business processes and business strategies. For twenty years, Visible Systems has been an innovator

within the industry, and has distinguished itself by the quality of the product and service it provides.

8. In particular, Visible Systems provides enterprise architecture solutions and services through its software applications. These services and applications produce flow chart-like representations that map strategy, processes, applications and infrastructure. The Visible Systems website describes one of its premier products, *The Visible Analyst Enterprise Framework Edition*, as:

> the most comprehensive modeling tool that Visible offers. It incorporates strategic planning, data modeling, object modeling, process modeling, and the Universal Data Model, driven by an easy to use framework interface that allows straightforward navigation to all your model artifacts.

(*http://www.visible.com/Products/Analyst/UniversalModel/index.html*). Other products and services, including Visible Advantage™, similarly support the modeling and mapping of the many interrelated processes within an entity, "allow[ing] an organization to identify errors and inconsistencies before they become business or systems problems." (*http://www.visible.com/Products/Advantage/overview.html*).

9. Using its enterprise modeling and information technology architecture services, Visible Systems delivers innovative approaches to the design and development of business applications. For instance, Visible's code generator, Visible Developer™ is able to generate robust, fully functional, 3-tier applications, and provide 90+% of the business and database code for typical business applications based on existing databases. Another Visible Systems product, Razor®, is a cutting edge configuration management system providing process management, issue/problem tracking, version control, and release management.

10. Visible Systems provides consulting services incorporating the above-described technologies and aiding in the implementation of a system development methodology tailored to

the particular business model of each individual client. For years, Visible consultants have been helping to link an enterprise's unique strategic plan with its data, applications, and technical architecture. Visible also provides skill and knowledge transfer to allow clients to gain mastery of model-based, object-oriented methodologies and tools.

11. Visible Systems markets and sells its products and services to a wide array of public, private, and governmental organizations, including several large government agencies and numerous Fortune 500 companies. NASA, Lockheed Martin, Los Alamos National Laboratories, The United States Department of Defense, AT&T, LSI Logic, Pfizer, and Best Buy are among the many organizations that rely on Visible Systems to ensure that their information systems meet the business needs and quality standards of every department and user.

12. Since at least 1984, and continuing without interruption, Visible Systems has used a family of marks incorporating the term VISIBLE® (the "VISIBLE Marks") on and in connection with the above-described software and services. Visible Systems has extensively promoted its business and software through use of the VISIBLE Marks in a number of media, including printed publications, broadcast media, sponsored internet links, Flash banners on numerous internet websites, and through the efforts of its dedicated sales employees. The longstanding use of the VISIBLE Marks has inured to the benefit of Visible Systems.

13. Since 1984, Visible Systems has invested anywhere from hundreds of thousands, to millions of dollars building recognition of the VISIBLE Marks. Today, the VISIBLE Marks are associated with Visible Systems' high quality product, high quality service, cutting edge technology, and innovative approaches.

14. Visible Systems owns numerous registrations on the United States Principal Trademark Register for distinctive trademarks that are part of the Visible family of marks. These registered marks include:

| Year of Registration: | Registration No.: | Mark: |
| --- | --- | --- |
| 1985 | 1,344,068 | THE VISIBLE ANALYST |
| 1985 | 1,371,049 | VISIBLE SYSTEMS CORPORATION (and Design) |
| 1985 | 1,371,050 | VISIBLE SYSTEMS |
| 2001 | 2,517,235 | VISIBLE |
| 2002 | 2,546,919 | VISIBLE |

Visible Systems also owns U.S. Registration No. 1,713,200 (ENGINEERING THE ENTERPRISE FOR EXCELLENCE), registered in 1992. Each of the above registrations is valid and subsisting. Copies of the registrations are attached to this Complaint as Exhibit A. Several of the identified marks have become incontestable pursuant to 15 U.S.C. § 1065.

15. In addition, Visible Systems owns numerous distinctive trademarks contained within the VISIBLE® family of marks that are not registered on the United States Principal Trademark Register. Examples of these marks include, without limitation, VISIBLE ENTERPRISE, VISIBLE ENTERPRISE WORKBENCH, VISIBLE ENTERPRISE ENGINEERING, VISIBLE ENTERPRISE FRAMEWORK, VISIBLE ANALYST ENTERPRISE FRAMEWORK, VISIBLE ADVANTAGE, VISIBLE ADVISOR, VISIBLE DEVELOPER, VISIBLE SERVICES, VISIBLE CONSULTING, and VISIBLE TRAINING.

### Unisys Wrongfully Uses the Infringing Mark "3D VISIBLE ENTERPRISE"

16. Recently, Defendant Unisys has begun marketing and selling software and/or services that are nearly identical to, and that compete directly with, the software and services Visible


Systems has provided for the past 20 years. These products and services are marketed and sold under the name "3D VISIBLE ENTERPRISE" ("the Infringing Mark").

17. On June 17, 2004, Unisys published a 4-page advertising section in the Wall Street Journal touting the release of software and/or services under the Infringing Mark. The ad prominently states: "[The Future is] more predictable because it's more visible. Unisys announces 3D Visible Enterprise" (See Advertisement attached hereto as Exhibit B, page 2). The ad further describes the services performed by Unisys as nearly identical to that provided by Visible Systems: "At Unisys, we're creating 3D Blueprints to map and reveal these cause-effect relationships, from business vision, to business operations, to the IT infrastructure that supports them. Our 3D Blueprints combine to form a comprehensive virtual model..." (Exhibit B, page 3).

18. Defendant Unisys, as an entity, is engaged in the business of information technology consulting, systems integration, infrastructure, and server technology, focusing on a number of market sectors including Financial Services, Government, Communications, Media, Commerce, and Transportation. On information and belief, Unisys' newly marketed product and services sold under the Infringing Mark are intended to aid in the creation of computer models of an entity's business process and information technology architecture.

19. Unisys hosts a website dedicated to the products and services sold under the Infringing Mark, *http://www.3DVisibleEnterpise.com*. On its dedicated website, Unisys represents that its products and services sold under the Infringing Mark will

> create a customized 3D Blueprint – a virtual map of your
> organization – documenting your strategy, processes, applications
> and infrastructure... [3D Visible Enterprise] makes visible the
> links between the inventory of applications and data to the business
> processes, functions, and organizations that they support.

Header at top: Case 1:04-cv-11610-RGS Document 12 Filed 05/03/2005 Page 6 of 16

Footer: - 6 -

*http://www.3dvisibleenterprise.com/3dv/ma_scenario.htm*. The site is also accessible as a link from Unisys' main website, *http://www.unisys.com*. In addition. Unisys' main website also describes the newly marketed product/service: "The 3D Blueprint captures the full "facts" of your business — mapping your strategy, processes, applications, system flows and infrastructure needs — through every layer of your enterprise" (*http://www.unisys.com/services/ enterprise_transformation/index.htm*); and "3D Visible Enterprise from Unisys. It's real. It's predictable. It's visible." *http://www.unisys.com/services/enterprise_transformation/ visible_results.htm*.

20. Unisys' products and services marketed and sold under the Infringing Mark are in direct competition with the products and services marketed and sold by Visible Systems under the VISIBLE® family of Marks.

21. Unisys, without the consent of Visible Systems, has and imminently intends to use the Infringing Mark in commerce in connection with the above-described software and/or services.

22. Unisys, as an entity, markets and sells its products and services to the same types of organizations to which Visible Systems markets and sells. These include public sector entities such as Motor Vehicle Departments, Justice Departments, and Courts, as well as commercial enterprises such as life sciences, pharmaceutical, consumer packaged goods, retail, apparel and industrial products firms. *http://www.unisys.com/services/enterprise_transformation /industry_expertise/commercial.htm*.

23. On information and belief, Unisys intends to market and sell its 3D Visible Enterprise products and services in a similar manner to its existing services and products, that is, to the same types of organizations to which Visible Systems sells and markets.

24. Unisys, in marketing and selling its products and services, is engaged in the same channels of trade as Visible Systems. For example, Visible Systems advertises regularly in publications including but not limited to Application Development Trends ("ADT") Magazine, Software Magazine, and PC Week. Unisys has advertised its products and services in, and/or has been reviewed editorially in many of the same publications.

25. On information and belief, Unisys, by its use and intended use of the Infringing Mark (as appearing in Exhibit B or otherwise) has or intends to reproduce, counterfeit, copy and/or colorably imitate the VISIBLE and VISIBLE ENTERPRISE trademarks and apply such colorable imitations to software and services, as well as software and services advertisements, used and intended to be used in commerce in connection with the sale of such software and services. Such use is likely to cause confusion or to cause mistake or to deceive, and has or is likely to make customers believe that Unisys' products and services are Visible Systems products and services or have been sponsored, approved or are somehow connected with Visible Systems, with consequent harm to Visible Systems and its customers.

## COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114

26. Visible realleges and incorporates herein by reference the allegations of paragraphs 1 through 25.

27. The above-described acts of Unisys infringe Visible Systems' registered marks and are in violation of federal trademark laws, including 15 U.S.C. § 1114.

28. On information and belief, Unisys' acts as alleged have been committed with full knowledge of Visible Systems' longstanding and prior rights in the VISIBLE® trademark. Unisys' infringement is therefore willful.

29. Visible Systems has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Visible Systems for the harm to its proprietary rights, established goodwill and business reputation. Unisys' acts have caused, and, unless this Court acts to enjoin Unisys, will cause great and irreparable harm to Visible Systems and its property rights, goodwill and business reputation, and to customers of Visible Systems.

## COUNT II
### Unfair Competition Under 15 U.S.C. § 1125(a)

30. Visible realleges and incorporates herein by reference the allegations of paragraphs 1 through 29.

31. Visible Systems has established common law rights in the VISIBLE family of Marks as applied to the goods and services on and with which the VISIBLE family of Marks have been used.

32. Unisys' use of the Infringing Mark in commerce is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Unisys with Visible Systems or as to the origin, sponsorship or approval of Unisys' goods, services or commercial activities.

33. Visible Systems has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Visible Systems for the harm to its proprietary rights, established goodwill and business reputation. Unisys' acts have caused, and, unless this Court acts to enjoin Unisys, will cause great and irreparable harm to Visible Systems and its property rights, goodwill and business reputation, and to customers of Visible Systems.

## COUNT III
### Dilution Under Massachusetts Law

34. Visible Systems realleges and incorporates herein by reference the allegations of paragraphs 1 through 33.

35. Unisys' use of the Infringing Mark is likely to cause injury to Visible Systems' business reputation or dilution of the distinctive quality of one or more of the VISIBLE family of Marks.

36. Such acts of Unisys violate Massachusetts General Laws ch. 110B, § 12.

37. Visible Systems has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Visible Systems for the harm to its proprietary rights, established goodwill and business reputation. Unisys' acts have caused, and, unless this Court acts to enjoin Unisys, will cause great and irreparable harm to Visible Systems and its property rights, goodwill and business reputation, and to customers of Visible Systems.

## COUNT IV
### Unfair Competition Under the Massachusetts Consumer Protection Act
### Mass. Gen. L. ch. 93A. § § 2 and 11

38. Visible Systems realleges and incorporates herein by reference the allegations of paragraphs 1 through 37.

39. Unisys' use of the Infringing Mark in trade or commerce is an unfair method of competition and constitutes an unfair or deceptive practice in the conduct of trade or commerce in violation of Mass. Gen. L. ch. 93A, §§ 2 and 11.

40. Unisys' conduct is a knowing and willful violation of Mass. Gen. L. ch. 93A, §§ 2 and 11. Unisys' wrongful conduct will mislead customers, harm customers and Visible Systems, and is an attempt to misappropriate Visible Systems' distinctive VISIBLE® and VISIBLE ENTERPRISE trademarks and the goodwill and business reputation built by Visible Systems in the information technology consulting, modeling and architecture industry and with its customers.

41. Visible Systems has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Visible Systems for the harm to its proprietary rights,

established goodwill and business reputation. Unisys' acts have caused, and, unless this Court acts to enjoin Unisys, will cause great and irreparable harm to Visible Systems and its property rights, goodwill and business reputation, and to customers of Visible Systems.

## COUNT V
### Dilution Under 15 U.S.C. § 1125(c)

42. Visible Systems realleges and incorporates herein by reference the allegations of paragraphs 1 through 41.

43. Visible Systems' VISIBLE family of Marks are distinctive and famous.

44. Unisys' adoption and use of the Infringing Mark after Visible Systems' Marks became famous are likely to cause injury to Visible Systems' business reputation or dilution of the distinctive quality of one or more of the VISIBLE family of Marks.

45. Upon information and belief, Unisys willfully intended to trade on Visible Systems' reputation and cause dilution of Visible Systems' famous Marks.

46. Such acts of Unisys violate 15 U.S.C. § 1125(c).

47. Visible Systems has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Visible Systems for the harm to its proprietary rights, established goodwill and business reputation. Unisys' acts have caused, and, unless this Court acts to enjoin Unisys, will cause great and irreparable harm to Visible Systems and its property rights, goodwill and business reputation, and to customers of Visible Systems.

## COUNT VI
### Common Law Trademark Infringement Under Massachusetts Law

48. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 47.

49. Visible Systems has established common law rights in the VISIBLE family of Marks as applied to the goods and services on and with which the VISIBLE family of Marks have been used.

50. Unisys' use of the Infringing Mark constitutes use of a mark which is the same or similar to the VISIBLE family of Marks.

51. Unisys' use of said Infringing Mark creates a likelihood that said use will confuse the public and so harm Visible Systems, in violation of the common law of trademark of the Commonwealth of Massachusetts.

### COUNT VII
### Declaration of Non-Registrability of Marks

52. Visible Systems realleges and incorporates herein by reference the allegations of paragraphs 1 through 51.

53. Unisys has filed an application with the United States Patent and Trademark Office seeking registration of the mark "3-D VISIBLE ENTERPRISE."

54. Unisys' application seeking registration of the mark "3-D VISIBLE ENTERPRISE" was published for opposition on March 8, 2005. Visible Systems timely filed its Notice of Opposition to Unisys' application on April 7, 2005.

55. The services and products of Unisys marketed in connection with the mark "3-D VISIBLE ENTERPRISE" move through similar channels of trade as Visible Systems' services and products marketed by Visible Systems under the Visible family of marks.

56. The services and products of Unisys marketed in connection with the mark "3-D VISIBLE ENTERPRISE" are similar to the services and products marketed under the by Visible Systems under the Visible family of marks.

57. The marketing of services and products by Unisys in connection with the mark "3-D VISIBLE ENTERPRISE" is a false designation of origin likely to cause confusion or mistake or deception to customers as the source of origin of such services and products with those bearing the plaintiff's Visible family of marks.

58. The marketing by Unisys of its services and products in connection with the marks incorporating the name "Visible" will dilute the value of Visible Systems' Visible family of marks.

59. The goodwill of Visible Systems in its Visible family of marks is of great value. Visible Systems will suffer irreparable harm and Unisys will gain unjust profit if Unisys is allowed to market its services and products in connection with the mark "3-D VISIBLE ENTERPRISE," to the detriment of the reputation and goodwill of Visible Systems.

60. Any trademark registration of the "3-D Visible Enterprise" or other marks incorporating "Visible" would damage Visible Systems by giving Unisys a prima facie right to continue to use such marks in commerce and thus clouding the exclusivity of Visible Systems' right to use its Visible family of marks in connection with goods and services similar to those marketed by Unisys.

WHEREFORE, Visible Systems prays that the Court grant Visible Systems the following relief:

    A.    A temporary restraining order, preliminary and permanent injunctive relief, and a judgment against Defendant, that Defendant, its officers, agents, sales representatives, servants, employees, associates, successors, and assigns and all persons acting under its control, by, through, under, or in active concert or in

participation with it, be temporarily restrained and preliminarily and permanently enjoined from:

1) using the Infringing Mark, any other mark confusingly similar to the VISIBLE Marks, and any other mark that would dilute the VISIBLE Marks;

2) using any word, term, name, symbol, or device that is likely to cause mistake, deception or confusion or doing any acts or things likely to induce the belief on the part of the public or Visible Systems' customers or potential customers that Defendant's goods or Defendant's business is in any way connected with Visible Systems; and

3) printing, publishing, promoting, lending, or distributing any advertisements, whether written, audio or visually portrayed which use the Infringing Mark or any confusingly similar mark.

B. That Defendant immediately deliver up for destruction all goods, advertising, literature and all other material bearing the Infringing Mark.

C. That Defendant pay Visible Systems such damage as Visible Systems has sustained as a result of Defendant's infringement of Visible Systems' marks, that such damages be trebled, and that Defendant account for and pay over to Visible Systems all gains, profits and advantages derived by Defendant from such infringement.

D. That Defendant make a full report to this Court of its compliance with the foregoing within thirty (30) days of judgment herein.

E.  That Visible Systems be awarded judgment in its favor including its damages, costs, disbursements and attorney fees incurred in bringing this action or otherwise caused by Defendant's infringement.

F.  That this court order the cancellation of any federal trademark registration that Unisys has sought to obtain for the mark "3-D VISIBLE ENTERPRISE" and any other mark incorporating the name "Visible"; and

G.  That Visible Systems receive such other and further relief that is just and proper.

### Jury Trial Demand

Plaintiff demands a trial by jury on all issues properly so triable.

Respectfully submitted,

VISIBLE SYSTEMS CORPORATION,

By its attorneys,

*Stephen H. Galebach* (sc)
Stephen H. Galebach (BBO # 653006)
GALEBACH LAW FIRM
One Knollcrest Drive
Andover, MA 01810
978-258-5300

and

Lawrence M. Kraus (BBO # 564561)
Carrie J. Fletcher (BBO # 642369)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000

Dated: May 3, 2005

## Certificate of Service

I hereby certify that a true copy of the foregoing First Amended Complaint was served by hand this 3rd day of May, 2005, upon the following:

William L. Boesch, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114

Attorneys for Defendant Unisys Corporation

_____
Lawrence M. Kraus