UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

**ANSWER OF UNISYS CORPORATION TO FIRST AMENDED
COMPLAINT, WITH JURY DEMAND**

Unisys Corporation ("Unisys") hereby answers the First Amended Complaint of Visible Systems Corporation ("Visible Systems") as follows:

**Allegations Concerning Nature of Action**

1.　　This paragraph does not state any allegation requiring a response. To the extent any allegation requiring a response is intended, each such allegation is denied.

**Allegations Concerning Parties**

2.　　Unisys is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

3.　　Admitted.

**Allegations Concerning Jurisdiction and Venue**

4.　　Admitted, except Unisys denies that the plaintiff has alleged facts sufficient to show that the amount in controversy exceeds $75,000.

5.　　Admitted.

6. Admitted.

**<u>Allegations Concerning "Facts Common to All Counts"</u>**

7. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny them.

8. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny them, except Unisys states that the content of Visible Systems' website, at different times, speaks for itself.

9. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny them.

10. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny them.

11. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny them.

12. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it admits, upon information and belief, that Visible Systems has, during some period of time, used one or more trademarks incorporating the word VISIBLE in connection with certain

software products.  Unisys is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, as Unisys understands them.

13. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response.  To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny them, except Unisys denies, upon information and belief, that there exists any strong association, in any significant category of consumers relevant to the present case, between the trademark VISIBLE and Visible Systems' goods or services.

14. Unisys is without sufficient knowledge or information to admit or deny the allegations in this paragraph, except (a) Unisys denies, upon information and belief, that any of the trademarks identified in this paragraph is distinctive as applied to Visible Systems' goods or services; and (b) Unisys admits, upon information and belief, that Visible Systems has obtained federal registrations for the trademarks identified in this paragraph, for certain specified uses, and only for such uses.  To the extent this paragraph states conclusions of law, no response is required.  Unisys denies any remaining allegations in this paragraph.

15. Unisys is without sufficient knowledge or information to admit or deny the allegations in this paragraph concerning Visible Systems' ownership of the identified trademarks.  Unisys admits, upon information and belief, that Visible Systems has not obtained federal registration of any of the trademarks identified in this paragraph.  Unisys denies, upon information and belief, that any of the identified Visible Systems trademarks is distinctive as applied to Visible Systems' goods or services.

**Allegations Concerning Unisys's Trademark**

16. Denied.

17. Unisys admits that it published an advertisement on the date and in the publication identified in this paragraph, and that Exhibit B to the Amended Complaint appears to be a copy of the advertisement. The document speaks for itself, and to the extent the allegations in this paragraph characterize its contents incompletely or inaccurately, the allegations are denied. Unisys denies the remaining allegations in this paragraph.

18. Unisys admits that the first sentence of this paragraph is a fair general statement concerning Unisys's business. As to the second sentence, Unisys denies the characterization of the 3D VISIBLE ENTERPRISE trademark as "infringing," but admits that the sentence is otherwise a fair general statement concerning the services Unisys provides under the trademark. Unisys denies the remaining allegations in this paragraph.

19. Unisys admits that it has maintained Internet websites at the addresses stated in this paragraph. The content of each such website speaks for itself, and to the extent the allegations in this paragraph characterize the content incompletely or inaccurately, the allegations are denied. Unisys denies the remaining allegations in this paragraph.

20. Denied.

21. Unisys admits that it has used the 3D VISIBLE ENTERPRISE trademark in commerce in connection with its services, and intends to continue doing so. Unisys denies the characterization of the 3D VISIBLE ENTERPRISE trademark as infringing, denies that Unisys was or is under any obligation to seek or obtain the "consent" of Visible Systems to use the trademark, and denies the remaining allegations in this paragraph.

22. Unisys admits that its customers include companies and government agencies in the categories identified in this paragraph, among others. Unisys is without sufficient knowledge or information to admit or deny the allegations in this paragraph concerning the "types of organizations to which Visible Systems markets and sells."

23. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it admits that it has marketed, and intends to continue marketing, services under the 3D VISIBLE ENTERPRISE trademark to, among others, customers in some of the same categories as the customers to whom Unisys provides other goods and/or services. Unisys is without sufficient knowledge or information to admit or deny the allegations in this paragraph concerning the "types of organizations to which Visible Systems sells and markets." Unisys denies any remaining allegations in this paragraph.

24. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, it is without sufficient knowledge or information to admit or deny the allegations concerning Visible Systems' advertising. Unisys admits that its goods and/or services generally have, from time to time, been "advertised... and/or... reviewed editorially" in the identified publications, among others. Unisys denies any remaining allegations in this paragraph.

25. Denied.

**Count I: Claim of "Trademark Infringement Under 15 U.S.C. § 1114"**

26. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 25.

27. Denied.

28. Denied.

29. Denied.

**Count II: Claim of "Unfair Competition Under 15 U.S.C. § 1125(a)"**

30. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 29.

31. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, they are denied.

32. Denied.

33. Denied.

**Count III: Claim of "Dilution under Massachusetts Law"**

34. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 33.

35. Denied.

36. Denied.

37. Denied.

**Count IV: Claim of "Unfair Competition Under... Mass. Gen. L. ch. 93A, §§ 2 and 11"**

38. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 37.

39. Denied.

40. Denied.

41. Denied.

### Count V: Claim of "Dilution Under 15 U.S.C. § 1125(c)"

42. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 41.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### Count VI: Claim of "Common Law Infringement Under Massachusetts Law"

48. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 47.

49. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response. To the extent Unisys understands the allegations, they are denied.

50. Denied.

51. Denied.

### Count VII: Claim for "Declaration of Non-Registrability"

52. Unisys repeats and incorporates herein by reference its responses to the allegations in Paragraphs 1 through 51.

53. Admitted, except that this paragraph misidentifies the mark for which Unisys has sought registration.

54. As to the first sentence, admitted, except that this paragraph misidentifies the mark for which Unisys has sought registration. As to the second sentence, admitted, upon information and belief.

55. The allegations in this paragraph are too vague and ambiguous for Unisys reasonably to be required to frame a response   To the extent a response is required, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## **Affirmative Defenses**

1. One or more claims of the complaint fails to state a claim against Unisys upon which relief may be granted.

2. One or more of the state-law claims asserted in the complaint is pre-empted by federal law.

3. One or more claims of the complaint is barred by the doctrine of fair use.

4. One or more of Visible Systems' claims is barred by reason of estoppel.

5. One or more of Visible Systems' claims is barred by the equitable doctrine of unclean hands.

6. The conduct alleged did not occur primarily and substantially within Massachusetts, making G.L. ch. 93A inapplicable.

WHEREFORE, Unisys respectfully requests that the Court:

A. Deny the relief sought by Visible Systems;

B. Dismiss Visible Systems' First Amended Complaint with prejudice;

C. Award Unisys its attorneys' fees and costs; and

D. Award such further relief as justice may require.

### Jury Demand

Unisys hereby demands a jury trial on all issues so triable.

**Defendant,**
**UNISYS CORPORATION**,
By Its Attorneys,

_____/s/ William L. Boesch\_\_\_\_ _____ _____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030

Dated: June 13, 2005

362741.8