UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>                Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>                Defendant | Civil Action No. 04-CV-11610-RGS |

## **LOCAL RULE 16.1 JOINT STATEMENT**

Pursuant to Local Rule 16.1(D), the parties submit the following joint statement for the initial scheduling conference on September 26, 2005.

### I.  Background

This is a trademark dispute in which the plaintiff, Visible Systems Corporation, challenges the use by the defendant, Unisys Corporation, of the trademark 3D VISIBLE ENTERPRISE.  Visible Systems contends that Unisys is infringing its incontestable trademarks VISIBLE SYSTEMS CORPORATION and VISIBLE SYSTEMS, and its registered trade and service mark VISIBLE, all of which it asserts are owned and used by Visible Systems.  Visible Systems asserts claims for trademark infringement and dilution, and unfair competition, under federal law (*see* Amended Complaint, Counts I, II, V) and under Massachusetts law (Counts III, IV, VI).  It also contests the right of Unisys right to register 3D VISIBLE SYSTEMS as a United States trademark (*see* Count VII).  Unisys denies all of Visible Systems' claims.

**II.    Proposed Pretrial Schedule**

    A.    <u>Phase 1: Automatic Disclosures and Document Exchange</u>

        1.    Parties to confer on form of confidentiality agreement and proposed protective order. Proposed order to be submitted to court by October 7, 2005.

        2.    Fed. R. Civ. P. 26(a)(1) initial disclosure statements to be exchanged by October 14, 2005.

        3.    Initial exchange of documents, data compilations, and tangible things which parties may use to support claims or defenses (see Fed. R. Civ. P. 26(a)(1)(B)) to be completed by October 21, 2005.

    B.    <u>Phase 2: Fact Discovery</u>

        1.    Amendment of pleadings, including joinder of additional parties, by March 3, 2006.

        2.    Fact discovery completed, and any related motions filed, by June 23, 2006.

    C.    <u>Phase 3: Expert Discovery</u>

    The parties have been unable to reach agreement on an appropriate schedule for this phase. Their respective proposals follow:

        1.    Plaintiff's Proposal:

            a.    Visible Systems' proposal is that all discovery be completed within the standard 270-day period (unless the Court determines that this action is "complex" pursuant to Local Rule 16.1(e) and

2

    requires the scheduling of case management conferences pursuant to Local Rule (16.3)), as follows:

  b. Parties' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B) by May 5, 2006. Plaintiff and defendant to disclose simultaneously.

  c. Supplemental expert disclosures, if any, by May 19, 2006.

  d. Expert depositions completed by same deadline as close of fact discovery, June 23, 2006.

2. Defendant's Proposal:

  a. The defendant's position is that it makes little sense to try to conduct and complete expert discovery while fact discovery in the case is still ongoing, since experts' opinions will naturally be dependent on the testimony and documents identified in the fact-discovery phase. Unisys also believes that as the party with the burden of proof, plaintiff should disclose its experts and produce them for deposition first. Accordingly, Unisys proposes the following schedule:

  b. Plaintiff's expert disclosure by July 23, 2006 (i.e., 30 days after close of fact discovery).

  c. Defendants' disclosure by August 23, 2006.

        d.        Expert depositions by September 23, 2006 (depositions of plaintiff's experts to precede those of defendant's experts).

        e.        Procedural motions relating to expert discovery (i.e., not including motions challenging substantive admissibility of expert testimony) by September 1, 2006.

D.    <u>Phase 4: Dispositive Pretrial Motions</u>

The parties have been unable to reach agreement on an appropriate schedule for this phase. Their respective proposals follow:

1.    Plaintiff's Proposal:

        a.        Filing of summary judgment or other dispositive motions by July 24, 2006.

        b.        Opposition to any dispositive motions by August 24, 2006.

2.    Defendant's Proposal:

        a.        Rule 56 motion(s) or any other dispositive pretrial motions filed by October 23, 2006 (i.e., 30 days after deadline for expert depositions).

        b.        Opposition(s) filed by November 23, 2006.

**III.**   **Discovery Plan**

A.    Plaintiff's Proposal:

The parties should affirmatively agree now to conduct the litigation with a maximum two sets of requests for production of documents and things, 25

4

interrogatories, 25 requests for admissions, and 10 depositions per party, counting a 30(b)(6) deposition as one deposition no matter how many 30(b)(6) witnesses are designated by a party, and not counting depositions of experts, depositions to preserve testimony for trial, or depositions of custodians of records.

B. Defendant's Position:

Unisys agrees that the parties should plan to conduct discovery in accordance with the applicable Rules of Civil Procedure and Local Rules, which Visible Systems paraphrases above. Naturally, however, as the case develops it may be that one or both parties conclude that an exception to a Rule is warranted. In that event, neither party should be restricted, as Visible Systems proposes, from seeking such exception by agreement of the parties, where permitted under the Rules, or by leave of court.

**IV.   Plan for Alternative Dispute Resolution**

Visible Systems has made a settlement demand as contemplated by Local Rule 16.1(C), and Unisys will be prepared to respond to it by the time of the Scheduling Conference. The parties have different views as to the appropriateness of a plan for mediation, as set forth below:

A. Plaintiff's Proposal:

Pursuant to the provisions of Local Rule 16.4(C)(4), Visible Systems proposes nonbinding mediation not to exceed one day in duration before a mediator experienced in trademark law and the resolution of trademark disputes, and with representatives of the parties having sufficient authority to agree to a settlement of this action: for Visible Systems Corporation, Chairman George G. Cagliuso;

5

        for Unisys Corporation, CEO or Executive Vice President for Marketing and Sales.

    B.    Defendant's Position:

        Unisys believes that it is premature at this time to determine whether, or when, it may be appropriate to conduct a mediation in this case, much less what particular agreements the parties might reach as to how such a mediation would be conducted. Unisys specifically rejects the suggestion that it be required to produce its CEO or any other specified executive for any mediation.

**V.**    **Certifications as to Client Conferences**

The parties have conferred with counsel and signed the certifications required by Local Rule 16.1(D)(3), which are being filed separately with the Court.

**Plaintiff,**

**VISIBLE SYSTEMS CORPORATION**,

By Its Attorneys,


_____/s/_Lawrence M. Kraus_____
Lawrence M. Kraus (BBO No. 564561) (lkraus@foley.com)
Carrie J. Fletcher (BBO No. 642369) (cfletcher@foley.com)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000



_____/s/_Stephen H. Galebach_____
Stephen H. Galebach, BBO No. 653006 (galebach@comcast.net)
Joseph E. Rendini, BBO No. 542746
Galebach Law Firm
One Knollcrest Drive
Andover, MA 01810
978-258-5300

**Defendant,**
**UNISYS CORPORATION**,

By Its Attorneys,


_____/s/ William L. Boesch_____ _____ _____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030


Dated: September 19, 2005

7