UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

　　　　　　　　Plaintiff

v.                                                        Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

　　　　　　　　Defendant

**MOTION FOR PROTECTIVE ORDER**

October 7, 2005 was the agreed date for the parties in this action to file a proposed

protective order with the Court, to govern the production and handling of confidential

documents and information.

The parties conferred during the week leading up to that date over the draft

confidentiality agreement/protective order proposed by defendant Unisys Corporation

("Unisys"); counsel met on October 7, 2005 in an attempt to reach agreement; and counsel have

continued to confer since that date.  Nevertheless, the parties have not been able to reach

agreement.

Because of the approach of the agreed date of October 21, 2005 for the production of

documents pursuant to Rule 26(a)(1),  Fed. R. Civ. P., and Local Rule 26.2(A).  Visible Systems

Corporation ("Visible") is compelled to move the Court for a protective order to safeguard the

confidentiality of documents and information to be produced in the course of this action.

Visible proposes that the Stipulation and Proposed Protective Order entered by this

Court in the case of *Re v. Smith*, Civ. No. 04-11385-RGS, filed by the parties in that action on

September 30, 2004, is even-handed and equitable in its impact on both parties. Visible moves

that the Court enter the same protective order in this action, changing only the caption thereof.

A proposed protective order in that form is submitted to the Court herewith. Visible reserves the

right to move the Court at a later date for heightened protection of specific items or categories of

Visible's confidential information, and to move for protection identical to any protection granted

to Unisys for documents and information of equivalent confidential nature or competitive

sensitivity.

Plaintiff

VISIBLE SYSTEMS CORPORATION

By its attorneys:


_____/s/ Stephen H. Galebach_____
Stephen H. Galebach, BBO # 653006 (galebach@galebachlaw.com)
Joseph E. Rendini, BBO # 542746 (rendini@galebachlaw.com)
GALEBACH LAW
One Knollcrest Drive
Andover, MA 01810
978-258-5300

and

Lawrence M. Kraus, BBO # 564561 (lkraus@foley.com)
Carrie J. Fletcher, BBO # 642369
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000



Dated:  October 21, 2005

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

                 Plaintiff

v.                                         Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

                 Defendant

## **PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties to this action will provide documents and information during the course of this action that may constitute proprietary, commercial or other confidential information;

THEREFORE, it is hereby ordered as follows:

1.      This Protective Order shall govern the handling of all documents, testimony, and other information (collectively, "Material") produced, given, or filed by any party or any non-party during proceedings in the above-captioned action, and designated "Confidential" as set forth below.

2.      "Confidential Material" as used herein means trade secrets or other confidential research, development, or commercial information under Fed. R. Civ. P. 26(c)(7).  Any documents or information produced, given, or filed by any party that the party believes falls within this definition of Confidential Material shall be marked as "Confidential".

3.      Confidential Material shall be used and disclosed only for the purposes of this litigation and for no other purpose, and the subject to the following terms and conditions:

(a)     Confidential Material may be disclosed to (i) the parties and (ii) counsel for the parties employees of the respective law firms.

(b)     Subject to the requirements of the paragraph 3(c), Confidential Material may be disclosed to any expert witnesses, other witnesses, and consultants retained in connection with the above-captioned action, only to the extent such disclosure is necessary for preparation of filings, for proceedings, for discovery, for preparation of expert opinions and providing advice to counsel and for trial testimony in this action.

(c)     Disclosure of Confidential Material to persons in paragraph 3(b) may be made only if prior to such disclosure, counsel for the party desiring such disclosure shall obtain from the person to whom disclosure is to be made an executed Confidentiality Agreement, in the form annexed hereto as Exhibit A, stating that he or she has read this Protective Order (which must be attached to Exhibit A) and agrees to be bound by its provisions.  Counsel for the party making disclosure shall maintain a copy of the Protective Order attached to the original executed Exhibit A for each person to whom disclosure is made.  The foregoing document will not be discoverable.

4.     Any person, including the parties, receiving Confidential Material shall not disclose such information to any person who is not entitled to receive such information under paragraph 3.  If Confidential Material is disclosed to any person not entitled to receive such information under paragraph 3, the person responsible for the disclosure must immediately bring pertinent facts relating to such disclosure to the attention of the counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it.

- 2 -

5.      Confidential Material shall be designated as follows:

(a)      In the case of documents, the "Confidential" designation shall be made prior to production by stamping or writing the word "CONFIDENTIAL" on each page of any such document.

(b)      Documents may be produced for inspection prior to their designation as "Confidential", but may then be designated "Confidential" by the producing party by marking the documents as "Confidential" prior to the transmission of the physical copy of the document to the party requesting the document.

(c)      In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within ten days of receipt of the transcript of the deposition by counsel for the party or non-party claiming confidentiality. No dissemination of the transcript to persons not bound by the provisions of this agreement shall be made before ten (10) days after the party that produced the material disclosure during the deposition receives the transcript from the court reporter or counsel for any party. If the Confidential Material designation is made during the course of a deposition, the reporter shall write or stamp the word "Confidential" on each page the party wishes to so designate. Counsel for the parties may modify this procedure for any particular deposition through agreement prior to or at such deposition, without further court order.

6.      If any party objects to the designation of any Material as "Confidential" ("Challenged Material") the party shall state ("notice") the objection by letter, or by statement on the record in deposition, to the party that designated the Material as Confidential. Any such

- 3 -

notice shall identify the Material to which the objection is directed. Counsel shall meet and

confer in good faith in an attempt to resolve any disputes concerning such designation. If the

status of the Challenged Material cannot be resolved within seven days (7) days after the time

the notice is furnished, then the party asserting confidentiality must seek an order from the Court

within 14 days of the notice. The burden of proving the need for confidential designation shall

remain with the party asserting confidentiality. The Challenged Materials will be treated as

confidential pending the court's ruling on such motion. If the party asserting confidentiality as to

Challenged Materials does not seek a court order within 14 days of the notice then the materials

are deemed not to be Confidential under the agreement.

   7. The terms of the Protective Order, as to the documents or other Confidential

Material disclosed by the parties in accordance herewith, shall survive any settlement,

discontinuance, dismissal, judgment, award, or other disposition of this action.

   8. Nothing herein shall prevent any party from seeking a modification of this

Stipulation, nor do the parties waive any right to seek relief from the Court from any provision

of this Protective Order at any time.

   9. If a party in possession of Confidential Materials receives a subpoena from a

non-party to this Protective Order seeking production or other disclosure of any Confidential

Material, he or she shall promptly give notice, by telephone or facsimile, and provide a copy of

the subpoena or other compulsory process, to the party that produced the Material indicating the

Confidential Material sought so as to afford that party a reasonable opportunity to seek a

protective order. The party asserting the confidential treatment shall have the burden of

defending against such subpoena on issues relating to its own interests in confidentiality of such

information. The party receiving the subpoena shall be entitled to comply with it except to the

extent that the party asserting the confidential treatment has obtained an order modifying or

quashing it, or where the motion seeking it remains pending.

10.    Nothing in this Protective Order shall prevent any party from disclosing its own

information which it has designated "Confidential" and any such disclosure shall not be deemed

a waiver of any other parties' obligations under this Protective Order, except as provided by law.

11.    Inadvertent production of any documents or information by a party during this

action shall be without prejudice to any claims that such document or information is

Confidential Material subject to the terms of this Protective Order. Any Confidential Material so

produced shall, upon notice from the producing party, immediately be designated as

Confidential Material and shall not be disseminated in any manner inconsistent with this

Protective Order without the consent of the party that produced the Material or an order of the

Court. The receiving party shall make all reasonable efforts to retrieve all copies, if any, of such

misdesignated documents or information disclosed to persons other than those specified in

paragraph 4.

12.    Within 45 days after the final adjudication or settlement of all claims in this

case, including appeals, counsel for the parties shall either return all Confidential Material to the

party that produced them or shall destroy all such Material upon prior notice to the producing

party.  The producing party shall pay the reasonable costs of the return if it requests return rather

than destruction of such Material.  All copies of such Material shall also be destroyed, except

that counsel of record may retain for their files copies of their own work product,

- 5 -

correspondence, pleadings, briefs and exhibits, any other filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits that contain Confidential Material. Counsel shall continue to be subject to the terms of the Protective Order with regard to any such retained Material.

13.     Nothing herein shall be deemed to restrict the right of any party to seek other or further protection against the disclosure of any Material.

14.     No party concedes that Material designated Confidential by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated Confidential.

15.     Counsel for any party is not obligated to challenge the propriety of any Confidential designation at the time of initial production or designation, as the case may be. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation. The entry of this Protective Order does not waive any rights the parties may have to object on any grounds to the use of any Confidential Material as evidence at any trial or hearing in this litigation.  Disclosure of any Confidential Material by any person or in any manner not permitted by this Protective Order will not result in a waiver of or otherwise limit the right of the parties to enforce its provisions.

EXHIBIT A

CONFIDENTIALITY AGREEMENT

I hereby attest to my understanding that information will be provided to me under the terms of the foregoing PROTECTIVE ORDER in Visible Systems Corporation v. Unisys Corporation, Civil Action No. 04-CV-11610-RGS, United States District Court, District of Massachusetts (the "Protective Order"); that I have been given a copy of and have read the Protective Order in its entirety; and that I understand its meaning and agree to be bound by that Protective Order.

I further agree that I shall not disclose to others such information or documents, except in accordance with the Protective Order. I understand that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceedings and that, in the event I fail to abide by the terms of the Protective Order, I may be subject to sanctions by the Court for such a breach. I agree to submit to the jurisdiction of the Court for the purposes of enforcement of this Agreement. Nothing in this Agreement shall be construed as precluding any court or judicial body from exercising jurisdiction over me for purposes of enforcing this Agreement.