UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR PROTECTIVE ORDER

The parties' differences about the terms of a proposed confidentiality agreement and protective order for discovery in this case are evidently limited to one or two discrete issues, having to do with the creation of an "Attorneys' Eyes Only" category for certain especially sensitive business information that may be produced by the parties. The latest revision of the parties' extensively negotiated and rewritten draft confidentiality agreement represents an entirely fair and reasonable resolution of these remaining issues. As set forth below, plaintiff Visible's rejection of the draft, and its effort to substitute a new and very different form of protective order, are not based on any substantive concern or matter of principle, but on a desire to put defendant Unisys at a tactical disadvantage. For these reasons, Unisys opposes Visible's present motion for protective order, and in a separate cross-motion filed herewith, asks that the Court instead adopt the confidentiality structure on which the parties have worked and all but reached agreement.

In preparing the initial draft of a confidentiality agreement for the parties' discussion, Unisys proposed that in addition to the general category of "confidential" documents and

information with which such agreements are concerned, there should be a second, more limited category—referred to as the Attorneys' Eyes Only category—for competitively sensitive business information that a party might wish to be given special safeguards. Visible agreed that this was an appropriate way to structure the agreement.

The parties discussed the categories of information that could appropriately be designated for special handling under the Attorneys' Eyes Only category. Ultimately, incorporating suggestions from Visible, Unisys proposed that the designation could apply to information that a party "reasonably and in good faith believes reveals or otherwise concerns the design, code or architecture of proprietary software, identification of customers or prospective customers, or other competitively sensitive business information."[1] As a further safeguard against "over-designation," the parties agreed on a procedure—suggested by Visible—whereby a party receiving information it thought was improperly classified could simply so notify the producing party, and thereby force the producing party, if no agreement could be reached, to seek an order from the Court confirming the desired protection.[2]

The parties also agreed that Attorneys' Eyes Only information would be disclosable only to (a) counsel for the parties, and their staff; (b) outside experts specially retained for this case; and (c) outside photocopying vendors and the like.[3] But Visible sought still a further restriction on the handling by Unisys of documents and information that Visible might designate as Attorneys' Eyes Only: Visible sought to block Unisys's outside counsel from showing such information to, or discussing it with, the in-house attorneys assigned by Unisys to work with them on this case.

---

[1] *See* Draft Confidentiality Agreement and Proposed Protective Order, Exhibit A to Unisys Cross-Motion, ¶ 1.4.
[2] *See id.*, ¶ 1.11.
[3] *See id.*, ¶ 3.2.

Visible has elected to use four outside lawyers at two different law firms to represent it in this litigation, compared to two lawyers at one outside firm representing Unisys. The agreement as drafted would place no restrictions on these lawyers' sharing of Attorneys' Eyes Only information for purposes of the case. But Visible apparently has no *in-house* attorney assigned to the case, and in the name of what it characterized as "balance," Visible sought to bar the in-house lawyers at Unisys from having access to potentially significant categories of information.

Courts have routinely recognized that in-house corporate lawyers have a distinct role within their organization, and are properly included within the category of lawyers entitled to view even specially designated Attorneys' Eyes Only information in a case.[4] Furthermore, even though the Unisys in-house lawyers in question are in physically separate locations from any business personnel of the sort who might be imagined (whether rightly or not) to have an ulterior interest in an opponent's sensitive information, Unisys nonetheless made an affirmative commitment in the draft agreement that before any disclosure to in-house counsel, "the Parties will use good faith efforts to agree upon reasonable additional measures to ensure that no one other than as permitted in this [agreement] shall have access to Attorneys'-Eyes-Only Information."[5]

Visible rejected Unisys's suggested safeguard language, declared that the draft agreement on which the parties had been working was off the table, and instead proposed the alternative form of protective order that is now attached to Visible's motion. This order would dispense with the Attorneys' Eyes Only category altogether, with the perverse result that Unisys

---

[4] *See, e.g., Bailey v. Dart Container Corp.*, 980 F. Supp. 560 (D. Mass. 1997); *Volvo Penta of the Americas, Inc. v. Brunswick Corp.*, 187 F.R.D. 240 (E.D. Va. 1999); *Amgen, Inc. v. Elanex Pharmaceuticals, Inc.*, 160 F.R.D. 134 (W.D. Wash. 1994).

[5] *See* Draft Confidentiality Agreement and Proposed Protective Order, ¶ 3.2.1.

would now be free to share *any* information produced by Visible, regardless of sensitive business content, with any and all in-house lawyers, business personnel, and other employees whom Unisys may choose.[6]  Furthermore, Visible's proposed order leaves ambiguous the treatment of sensitive business information, and thus creates *more* potential for disputes and delay during the discovery process in this case, not less.  A party concerned about producing its sensitive information would, apparently, under Visible's proposal, be forced to refuse to produce its documents, and move for a further specific protective order, with the other party forced to respond having not seen the documents.[7]

It is clear that Visible's motivation here lies not in any legitimate or principled desire to protect any of its own information from disclosure to any category of persons outside the company, since it is concededly willing to allow Unisys's in-house counsel (and other personnel) full access to all documents and information produced.  Nor is Visible seeking to obtain greater access to documents or information that it imagines Unisys is planning to withhold.  Rather, Visible's objective is purely tactical: it wants to force Unisys either to give up the Attorneys' Eyes Only designation altogether, or to give up a potentially significant aspect of in-house counsel's participation in the management of this case—access to all documents and information produced by the opposing party.

Neither of these alternative outcomes is fair or appropriate.  The parties do not dispute that as is common in other cases, it is reasonable in this case to create an Attorneys' Eyes Only category for information warranting special protection.  And after negotiation the parties arrived at reasonable procedural safeguards against over-designation.  The only legitimate question then

---

[6] *See* Visible's proposed order at ¶ 3(a) (confidential information may be disclosed to "the parties" and their counsel, without categorical restriction).

[7] *See id.*, ¶ 13.

remaining is whether in-house lawyers assigned to this case should be considered part of the group of "attorneys" having access to such information.  As noted, courts have regularly found that in-house counsel should have access to sensitive information—and this is in cases where the party resisting inclusion had a genuine concern about its opponent's use of the discovery process for access to its secrets.  Here, by proposing a form of protective order that places no limits on disclosures to Unisys personnel, Visible has effectively conceded that it has no such *bona fide* concern.  Nor can questions of "balance" involving how the parties choose to staff this case—one law firm or two, in-house or outside lawyers—be the basis for deciding the neutral terms for protection of confidential information in this case.

Accordingly, the court should deny Visible's motion, and instead adopt as the protective order for this case the form of agreement attached to Unisys's accompanying motion.

> **Defendant,**
> **UNISYS CORPORATION**,
> By Its Attorneys,
>
> _____/s/ William L. Boesch____ _____ _____
> Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
> William L. Boesch, BBO No. 558742 (boesch@srbc.com)
> SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
> 101 Merrimac Street
> Boston, MA 02114
> 617-227-3030

Dated: November 4, 2005

5