**<u>EXHIBIT A TO DEFENDANT'S CROSS-MOTION FOR PROTECTIVE ORDER</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

    Plaintiff

v.              Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

    Defendant

## **PROTECTIVE ORDER**

   The Court having found that the draft Confidentiality Agreement and Proposed Protective Order attached hereto represents a fair and reasonable method for protection of confidential information in this litigation, it is hereby ORDERED that the attachment is adopted and incorporated herein as a Protective Order of this Court.

       _____
       Stearns, U.S.D.J.

Dated: November __, 2005

## Confidentiality Agreement and
## Proposed Protective Order

WHEREAS Visible Systems Corporation ("Visible Systems") is the plaintiff and Unisys Corporation ("Unisys") is the defendant in a lawsuit entitled *Visible Systems Corporation v. Unisys Corporation*, United States District Court for the District of Massachusetts, Civil Action No. 04-CV-11610-RGS (hereinafter "the Lawsuit");

AND WHEREAS Visible Systems and Unisys (hereinafter collectively, "the Parties") recognize that certain documents and information produced or disclosed in these cases may be subject to a claim by the Designating Party that the documents contain confidential business and/or technical information, proprietary information, trade secrets, and/or other information considered by that Party as confidential;

AND WHEREAS the Parties wish to ensure that they have a full and fair opportunity to obtain and use documents and information, where they are entitled to do so, in presenting their claims and defenses in the Lawsuit, while also protecting their respective proprietary and confidential information from unwarranted disclosure to third parties;

NOW, THEREFORE, the Parties hereby agree as follows:

## 1.    Confidential Information

1.1    "Confidential Information" means information disclosed in a Stamped Confidential Document or in a Confidential Deposition, except as provided in Paragraph 1.7.

1.2    "Stamped Confidential Document" means a document (as defined in Rule 34(a), Fed. R. Civ. P.) produced in this case which the Party producing the document so designates by stamping or otherwise recording the word "CONFIDENTIAL" on the document (or media containing the document) in a way designed to draw it to the attention of a reasonable examiner.

1.3    "Confidential Deposition" means a deposition in this case that one or both Parties so designate by giving written notice of the designation to the other Party prior to or at the time of the deposition, or by giving notice on the record of the deposition.

1.4    "Attorneys'-Eyes-Only Information" means Confidential Information that a Party reasonably and in good faith believes reveals or otherwise concerns the design, code or architecture of proprietary software, identification of customers or prospective customers, or other competitively sensitive business information, and that a Party so designates by (a) in the case of information in a document, stamping or otherwise recording the words "ATTORNEYS' EYES ONLY" on the document (or media containing the document) in a way designed to draw them to the attention of a reasonable examiner; or (b) in the case of information disclosed in a deposition, giving written notice of the designation to the other

Party prior to or at the time of the deposition, or by giving notice on the record of the deposition.

1.5     Where a document is designated as containing Confidential or Attorneys'-Eyes-Only Information, the requirements of this agreement shall apply to copies of the document to the same extent as to the original.

1.6     A Party designating a document or deposition as Confidential or Attorneys'-Eyes-Only under the preceding paragraphs shall be referred to herein as "the Designating Party."  A Party receiving such information shall be referred to as "the Receiving Party."

1.7     "Confidential Information" and "Attorneys'-Eyes-Only Information" shall not include any information that

   1.7.1     was publicly known or generally available in the public domain prior to the time of disclosure in this case; or

   1.7.2     becomes publicly known or generally available, through no action or inaction of the Receiving Party, after disclosure in this case; or

   1.7.3     is already in the possession of the Receiving Party at the time of disclosure in this case, as shown by the Receiving Party's files and records immediately prior to the time of disclosure; or

   1.7.4     is obtained by the Receiving Party from a third party without a breach of such third party's obligations of confidentiality; or

   1.7.5     is independently developed by the Receiving Party without use of or reference to the Designating Party's Confidential or Attorneys'-Eyes-Only Information, as shown by documents or other competent evidence in the Receiving Party's possession.

1.8     **Producing for Inspection.**  A Party may produce documents for inspection without previously stamping or otherwise recording the words "Confidential" or "Attorneys' Eyes Only" on such documents, and the Party may subsequently place such stamping or recording of words on such documents before copies of the documents are made and delivered to the Receiving Party; provided that such documents may be inspected only by persons eligible to have access to Attorneys'-Eyes-Only documents pursuant to section 3.2 below.

1.9     **Inadvertent or Unintentional Production.**  The inadvertent or unintentional disclosure of Confidential or Attorneys'-Eyes-Only Information without designating such information in accordance with the preceding paragraphs at the time of production shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or sensitivity, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter, provided that the Party, within 5 days after discovering an

inadvertent disclosure, notifies the Receiving Party that production was inadvertent.  Upon receiving such notification the Receiving Party shall treat the information at issue as Confidential or Attorneys'-Eyes-Only Information, in accordance with the notice.

1.10    **Nonwaiver.**  No Party shall, by designating or receiving any Confidential or Attorneys'-Eyes-Only Information, be deemed to have waived any contention with respect to whether such information is, in fact, Confidential or Attorneys'-Eyes-Only within the meaning of this agreement, or subject to any privilege, immunity, or other protection, or any contention with respect to the discoverability, relevance, or materiality of the information.

1.11    **Declassification.**  In the event any Receiving Party believes that any Confidential or Attorneys'-Eyes-Only Information, or any category thereof, is not properly entitled to such status and protection, the following procedure shall apply:

    1.11.1    **Notice to Designating Party.** The Receiving Party shall give notice ("the Notice") to the Designating Party, in writing (including by e-mail), or by statement on the record in the course of a deposition, identifying the Confidential or Attorneys'- Eyes-Only Information that the Receiving Party believes is not properly entitled to such status and protection.  Such Notice may be given as to any document or category of documents at any time up to or during the trial of the Lawsuit.

    1.11.2    **Conference of Counsel.**  Counsel for the Parties shall confer promptly, and in any event within five days of the time the Notice is received, unless counsel agree to extend this time.

    1.11.3    **Motion.**  If the matter is not resolved between counsel, then the Designating Party shall, within 14 days after receiving the Notice, seek an order from the Court confirming the desired protection for the materials in question.  Pending a ruling from the Court, the materials in dispute shall be treated as Confidential or Attorneys'-Eyes-Only Information as originally designated.  The Designating Party bears the burden of proving the need for protection of the materials.  If the Designating Party fails to file an appropriate motion within 14 days after receiving the Notice, the materials shall no longer be deemed Confidential or Attorneys'-Eyes-Only Information.

## 2.    Entry of Protective Order

2.1    The Parties agree that the terms of this agreement may be entered by the Court as a Protective Order pursuant to Fed. R. Civ. P. 26(c) and Local Rule 7.2, will jointly move for such an order.  The terms of this agreement shall be binding as of the date of its execution, regardless of when or whether it is entered as a Protective Order by the Court.

2.2   The Parties retain the right to move the Court jointly or individually for modification of the Protective Order during the course of the Lawsuit.

**3.   Permissible Disclosure**

3.1   Except as provided herein and in section 5, and except as ordered by the Court or with the prior written consent of the Designating Party, no Receiving Party may disclose Confidential or Attorneys'-Eyes-Only Information to any other person.

3.2   Attorneys'-Eyes-Only Information may be disclosed only to:

3.2.1   Counsel for the Parties, and their partners and employees assigned to assist in the Lawsuit, including without limitation outside and in-house counsel, their partner and associate attorneys, legal assistants, law clerks, and secretaries. Counsel shall be responsible for notifying such other persons of this agreement and ensuring their compliance. In addition, before any disclosure to in-house counsel, the Parties will use good faith efforts to agree upon reasonable additional measures to ensure that no one other than as permitted in this section shall have access to Attorneys'-Eyes-Only Information;

3.2.2   Outside experts or other consultants who have not been employed by or acted as a consultant or other outside contractor for a Party within the past three years, and who are retained solely for the purpose of assisting counsel in the Lawsuit and/or testifying as an expert in the Lawsuit, and subject to the requirements of Paragraph 3.5; and

3.2.3   Outside vendors who perform photocopying, microfiching, evidence preparation, computer data entry or classification, or similar clerical functions, but only to the extent necessary to perform those services. Counsel shall be responsible for notifying such persons of this agreement and ensuring their compliance.

3.3   Confidential Information that is not Attorneys'-Eyes-Only Information may be disclosed to persons in the categories set forth in Section 3.2 and to:

3.3.1   The Parties, including their officers and employees, provided that counsel for the Receiving Party shall advise each such officer and employee of the requirements of this agreement, and shall obtain their consent to abide by its terms;

3.4   Confidential Information that is not Attorneys'-Eyes-Only Information may also be disclosed, pursuant to the provisions of Paragraph 3.5, to:

3.4.1   Other persons who testify or reasonably may be expected to testify as deposition or trial witnesses, to the extent reasonably necessary in preparing for such testimony; and

    3.4.2   Outside experts or other consultants retained solely for the purpose of assisting counsel in the Lawsuit.

3.5    Where a receiving party seeks to make disclosure to a person described in Paragraphs 3.2.2 or 3.4.1 or 3.4.2, each such individual must first sign an agreement stating, or state their agreement on the record of a deposition or other proceeding (a) that the person has read and understands this agreement and will abide by it; (b) that the person understands that unauthorized disclosure of Confidential or Attorneys'-Eyes-Only Information, in violation of the Protective Order which the parties anticipate will be entered pursuant to the Parties' joint motion, may constitute contempt of court; and (c) that the person consents to the exercise of personal jurisdiction by the Court with respect to enforcement of this agreement and any Protective Order resulting from it.  It shall be the responsibility of counsel disclosing Confidential or Attorneys'-Eyes'-Only Information to any such person to obtain the agreement described herein. Counsel shall maintain any signed original of the agreement, and shall maintain a list of persons to whom access to Confidential or Attorneys'-Eyes-Only Information has been given pursuant to this Paragraph.

3.6    Confidential or Attorneys'-Eyes-Only Information may also be disclosed to any person who has prior knowledge of the information.  The Designating Party and any present or former director, officer, employee, attorney, outside consultant or expert of the Designating Party shall be presumed for this purpose to have prior knowledge of all Confidential or Attorneys'-Eyes-Only Information disclosed by that Party.

## 4.    Use of Confidential or Attorneys'-Eyes-Only Information

4.1    Except as otherwise provided herein, any person obtaining access to Confidential or Attorneys'-Eyes-Only Information pursuant to this agreement shall use or disclose the information only for purposes of prosecuting or defending this case, and not for any other purpose, including any business, governmental, or commercial purpose, or in connection with any other judicial or administrative proceeding.

## 5.    Confidential or Attorneys'-Eyes-Only Information in Pretrial and Trial Proceedings

5.1    A Party may, during a deposition, show Stamped Confidential Documents, or documents containing Attorneys'-Eyes-Only Information, to the deponent, and examine the deponent about Confidential or Attorneys'-Eyes-Only Information, provided such disclosure is in compliance with the provisions of Section 3.  While the deponent is being examined about any Confidential or Attorneys'-Eyes-Only Information, persons to whom disclosure is not authorized under this agreement shall be excluded from the deposition.  The transcript of any such deposition, whether or not formally so designated, shall itself be treated as a document disclosing Confidential or Attorneys'-Eyes-Only Information, as the case may be.

5.2    The Parties shall obtain the agreement of any court reporter who reports or transcribes testimony concerning Confidential or Attorneys'-Eyes-Only Information that such testimony shall be treated as strictly confidential and not disclosed to anyone except the attorneys for the Parties, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in strict confidence and safekeeping by the reporter, except where delivered to the attorneys or filed with the Court.

5.3    When any document containing Confidential or Attorneys'-Eyes-Only Information is marked as an exhibit in connection with any deposition or other pretrial testimony in the Lawsuit, the exhibit shall be marked CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and separately sealed;

5.4    Interrogatories and answers thereto, requests for production or admissions and responses thereto, motions, affidavits, briefs or other pleadings may disclose Confidential or Attorneys'-Eyes-Only Information, but shall, to the extent feasible, be prepared so that the portions disclosing such information are bound separately from the remainder of the pleading and filed under seal.

5.5    Where the Receiving Party seeks to include or disclose Confidential Information in any pleading, transcript or other document to be filed with the Court, the document shall be filed under seal.

5.6    Where the Receiving Party seeks to include or disclose Attorneys'-Eyes-Only Information in any pleading, transcript or other document to be filed with the Court, the document shall be filed under seal.

5.7    Subject to applicable rules of procedure and evidence, and any orders of the Court, where the Receiving Party proposes to use Confidential or Attorneys'-Eyes-Only Information at trial, it shall give reasonable notice of its intention to the Designating Party sufficiently in advance of using such information to permit the Designating Party a reasonable opportunity to seek limitations or protections concerning such use via an appropriate motion.

## 6.    Subpoena by Other Courts or Agencies

6.1    If any court or an administrative agency subpoenas or orders disclosure of Confidential or Attorneys'-Eyes-Only Information that a Party has obtained under the terms of this agreement, the Receiving Party shall promptly notify the Designating Party of such subpoena or order. The Designating Party shall bear the burden of defending against such subpoena or disclosure order. The Receiving Party shall be entitled to comply with such subpoena or disclosure order after providing prompt notice and reasonable opportunity for the Designating Party to move to quash or modify such subpoena or order, but shall not so comply while the Designating Party has a motion pending to quash or modify such subpoena or order.

**7.     Responsibilities of Attorneys**

    7.1    The attorneys of record are responsible for employing reasonable measures to control and keep records of duplication of, access to, and distribution of Confidential or Attorneys'-Eyes-Only Information. Any original or copy of a pleading, transcript or other document containing Confidential or Attorneys'-Eyes-Only Information that is provided to any person as permitted hereunder shall be returned to counsel of record upon completion of the purpose for which such document was provided.

**8.     Survival of Obligations**

    8.1    The provisions of this agreement shall not terminate at the conclusion of the Lawsuit. Within 90 days after final conclusion of all aspects of the Lawsuit, all Stamped Confidential Documents and documents containing Attorneys'-Eyes-Only Information (other than exhibits of record) shall be returned to the Designating Party or, at his option, shall be destroyed. All counsel of record shall make written certification of compliance herewith to counsel for the Designating Party not more than 120 days after final termination of the Lawsuit.


_____

VISIBLE SYSTEMS CORPORATION

_____

By (Name and Title)


_____

Date:



_____

UNISYS CORPORATION

_____

By (Name and Title)


_____

Date: