**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

VISIBLE SYSTEMS CORPORATION,

               Plaintiff

v.                                       C.A. No. 04-CV-11610-RGS

UNISYS CORPORATION,

               Defendant

## MOTION TO COMPEL COMPLIANCE WITH 30(b)(6) DEPOSITION NOTICE

Plaintiff Visible Systems Corporation ("Visible") hereby moves the Court for an order:

(a) compelling Defendant Unisys Corporation ("Unisys") to designate one or more witnesses to testify as to matters set forth in Visible's Notice of Deposition Pursuant to Rule 30(b)(6) of March 6, 2006 ("the Notice"), a copy of which is attached hereto as Exhibit A;

(b) striking the document "Preliminary Objections and Responses by Defendant Unisys Corporation to Plaintiff's Rule 30(b)(6) Deposition Notice" ("the Preliminary Objections," a copy of which is attached hereto as Exhibit B), served upon Visible by Unisys on March 16, 2006, and overruling the objections to the Notice contained therein;

(c) requiring Unisys to pay Visible's costs and attorneys fees related to the filing of this motion; and

(d) granting Visible any other relief the Court deems appropriate.

Visible's March 6, 2006 Notice asks Unisys to designate one or more persons to testify with regard to multiple carefully delineated topics, with a return date of March 22, 2006. Aware of Unisys' repeated objections to alleged vagueness, ambiguity, overbreadth, etc., in Visible's

previously served interrogatories and document requests, Visible took great care to draft the

topics in ample detail to enable Unisys to designate and prepare appropriate persons for

deposition. Each of the topics was directly relevant to the disputed issues in this trademark

action.[1]

---

[1] The topics were as follows (the full topics include subsections intended to avoid Unisys'

previous objections as to ambiguity, vagueness and overbreadth):

1) Unisys' decision to use "3D Visible Enterprise" as a trademark;
2) Unisys' development of the phrase "3D Visible Enterprise";
3) Unisys' marketing, promotional, advertising and sales activities employing "3D Visible Enterprise";
4) Unisys' marketing, promotional, advertising and sales activities employing the term "Visible";
5) Unisys' development of the phrase "Business Blueprinting";
6) Unisys' marketing, promotional, advertising and sales activities employing "Business Blueprinting";
7) description of Unisys' products and services denominated or referred to by either of the two phrases "3D Visible Enterprise" or "Business Blueprinting";
8) Unisys' purpose(s) in employing the phrase "3D Visible Enterprise";
9) Unisys' knowledge of and review of the document entitled "Local Rule 16.1 Joint Statement";
10) Unisys' agreements with persons listed as its "partners" or as having a "partner relationship" or "alliance" with it on a particular page of Unisys' website;
11) Unisys' filing of trademark and/or service mark applications for "3D Visible Enterprise" and "Business Blueprinting";
12) the facts supporting Unisys' contention in its interrogatory answers that the word "Visible" is a "descriptive" term;
13) the facts supporting Unisys' contention that one or more of Visible's state law claims are pre-empted by federal law;
14) the facts supporting Unisys' assertion of the affirmative defense of fair use;
15) the facts supporting Unisys' assertion of the affirmative defense of estoppel;
16) the facts supporting Unisys' assertion of the affirmative defense of unclean hands;
17) any use of the phrase "3D Visible Enterprise" by any of Unisys' corporate parents or affiliates prior to July 2004;
18) Unisys' marketing, promotional or advertising activities which concern, use, refer to or make mention of the phrase "3D Visible Enterprise";
19) Unisys' knowledge of Visible, its trademarks, service marks, products and services, on or before July 1, 2004;
20) Unisys' advertisments in print publications on or before July 1, 2004;
21) Unisys' involvement in academic scholarships, courses, programs or competitions;
22) trade shows attended by Unisys between July 1, 1997 and July 1, 2004;
23) the definition of the market within which Unisys used the phrase "3D Visible Enterprise";
24) persons who provided information included in Unisys' Interrogatory Answers;

On March 16, 2006, Unisys served upon Visible its Preliminary Objections.  In this document, reserving to itself "the right … to assert any and all additional objections and responses up to, during and after the Rule 30(b)(6) deposition," Unisys makes seven sweeping general objections, plus specific objections to each of the 27 topics.[2]

Unisys objects to 18 of the topics as "vague and ambiguous"; to 17 as "overbroad"; to 17 as "unduly burdensome"; to 20 as "irrelevant"; to 19 as "not reasonably calculated to lead to the discovery of admissible evidence"; to 26 as "duplicative" of Visible's previous discovery requests; to eight as "beyond the scope" of permissible discovery under Rule 30(b)(6); to five as impinging upon the attorney-client privilege and work-product rule; and to one as calling for "otherwise accessible" public records. Unisys makes each of its "responses" subject to both its interlocking particular and general objections, with the ultimate effect of making it impossible for Visible to determine what is left of its original topic.

Moreover, Unisys "declines" to designate any witness to testify on Visible's topics nos. 3(c), 3(d), 4(c), 4(d), 7(a), 7(b), 8(b), 8(c), 9, 12, 13, 14, 15, 16, 17, 21, 22, 24, and 25. Unisys effectively refuses to designate any witness to testify on topics nos. 5, 6, 7, 8, 10, 11, 19, 20, 23, 26 and 27 by restating, altering and limiting their original language, as if Rule 30(b)(6) empowered the deponent corporation to edit the deposing party's topics and then assent to its own edited version of them.[3]

---

    25) persons who provided information or documents included in Unisys' Document
        Production;
    26) Unisys' document retention policies;
    27)  the involvement and knowledge of "3D Visible Enterprise" of current and
        former Unisys officers, executives, employees, and consultants.

[2] Visible, by the following discussion, does not admit that Unisys had any right to serve "objections" or "responses" to a Rule 30(b)(6) notice. If Unisys regarded any of the topics as improper, its only proper recourse was to move for a protective order.

[3] Unisys' attitude toward its obligation to designate witnesses on each of the topics specified by the Rule 30(b)(6) notice is exemplified by its response to topic no. 17. "Unisys states that to its knowledge no "corporate parents or affiliates" of Unisys used the 3D VISIBLE ENTERPRISE trademark prior to July 2004. Therefore, Unisys will not produce a witness to testify as to this item." Unisys has no right to evade its obligation to make this negative assertion under oath in a

Unisys' seven "general objections," and Visible's position as each, are:

1) to testifying about information subject to the attorney-client privilege, the work-product immunity doctrine, or other such privilege or immunity;

 Visible's position:  None of the topics calls for any such privileged material.

2) to testifying about confidential business information of Unisys, including information protected by the trade-secrets privilege or other such privilege or immunity, "except pursuant to the Protective Order entered by the Court…";.

 Visible's position:  This objection is superfluous because the Protective Order in this action provides a solution ready at hand.

3) to testifying about marketing or sales by Unisys of any product or service, or any other Unisys business activity, outside the United States, claiming that "such activities" are irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence;

 Visible's position:  Although Visible's registered marks are US marks, the international nature of Unisys' operations and those of its clients means that much of Unisys' activity outside the US will be relevant to the US trademark litigation, and likely to lead to admissible evidence.  For example, Unisys markets "3D Visible Enterprise" to many multinational corporations with US operations that could well be involved in any enterprise modeling activity.  Unisys advertises in foreign publications that could well have circulation in the US, whether at Harvard Square's Out-of-Town News or other such urban distribution points.  Unisys touts its modeling engagements for foreign government agencies in advertising that reaches the US. And any material on a foreign website of Unisys is accessible from the US .  Visible agrees that foreign language content on Unisys websites need not be produced in discovery in this action.

4) to testifying about Unisys' business activities, including revenues or profits derived therefrom, in which the 3D VISIBLE ENTERPRISE trademark may have been used

---

form binding upon the corporation. See *Overseas Exchange Corp v Inwood Motors, Inc.*, 20 F.R.D. 228, 229 (S.D.N.Y., 1956) (party seeking discovery is entitled to test the truth of statements of complete lack of factual knowledge so as to be in a position to bar an attempt by the representative to testify concerning such facts at trial.)

or referenced in some way, claiming that "[s]uch inquiries" are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence;

Visible's position: To the extent Unisys uses the "Visible" family of names to apply broadly to Unisys' goods and services, Unisys defines the relevant scope of discovery, and cannot seek to impose artificial limitations without demonstrating any particular, concrete and undue burden.

5) to testifying about "information concerning clients or potential clients of Unisys, without any showing that any such client was also an actual or potential customer of Visible Systems," claiming that "[s]uch inquiries" are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence;

Visible's position: Visible's modeling tools and services can be sold to any type of enterprise, and in fact have been provided to clients as disparate as government agencies and business corporations in wide-ranging fields of endeavor. Any potential client of Unisys' "3D Visible Enterprise" modeling offering is a potential client of Visible's modeling offerings.

6) that the notice improperly seeks to compel Unisys to produce one or more witnesses for deposition in Massachusetts;

Visible's position: Unisys has offices in Massachusetts, and one of the two witnesses whom Unisys' counsel has said Unisys intends to designate is in Massachusetts.

7) that the notice provides insufficient time for a witness or witnesses reasonably to be able to comply with the requirements of Rule 30(b)(6) with respect to the extensive and detailed subjects on which questioning is sought.

Visible's position: Visible has been willing to accommodate schedules of witnesses and counsel. On February 23, 2006, 11 days before serving the deposition notice, Visible asked Unisys about availability of counsel and witnesses for a 30(b)(6) deposition. Receiving no answer, Visible served its deposition notice on March 6, 2006.

Visible reviewed the Preliminary Objections and informed Unisys that it did not accept the objections. Unisys allowed the March 22, 2006 deposition date to pass without filing for a protective order.

On March 23, 2006, Visible's counsel conferred with Unisys' counsel by telephone for approximately one hour about Unisys' objections and refusals to designate. The conference covered much the same ground as previous conferences as to Unisys' objections and nonresponses to Visible's interrogatories and requests for production and failed to resolve the disputed issues. Unisys made no significant departure from its Preliminary Objections. Unisys did represent that it would designate two witnesses who would be available during parts of May 2006. Given Unisys' multiple refusals to designate, however, combined with Unisys' severe narrowing of many other designated matters, Visible's only choice was to file this motion or to proceed with an exercise in futility as the discovery clock continued to wind down.

Visible therefore brings the instant motion together with a companion motion to compel Unisys' answers to interrogatories and responses to requests for production.[4] Visible submits that Unisys radically misconstrues both its procedural and substantive obligations under Rule 30(b)(6). A review of the scope of Unisys' obligation to respond to a Rule 30(b)(6) notice will illuminate the scope of Visible's right to inquire of Unisys under said rule.

**Obligations of a Corporate Deponent Under Rule 30(b)(6)**

The intent of Rule 30(b)(6) is to enable the deposing party to inquire into the corporate deponent's position on the noticed topics through the testimony of a corporate designee who can testify so as to bind the corporation. *See* Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Company, Inc., 201 F.R.D. 33, 37-38 (D. Mass. 2001), *citing* United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C., 1996), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996). The designee's testimony

---

[4] The companion motion is being filed separately, with a major portion under seal, because Unisys classified its answers and responses as confidential under the protective order in force in this case.

represents the knowledge of the corporation, not of the individual designee. Taylor, supra, 166 F.R.D. at 361-62. Thus, "[a] deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. . . . [The designated witness] is responsible for providing all the relevant information known or reasonably available to the entity." Twentieth Century Fox Film Corporation v. Marvel Enterprise, 2002 U.S. Dist. LEXIS 14682, at *6 (S.D.N.Y., Aug. 8, 2002), quoting Sabre v. First Dominion Capital, LLC, 2001 U.S. Dist. LEXIS 20637, 2001 WL 1590544 at *1 (S.D.N.Y., Dec. 12, 2001).

Upon service of a Rule 30(b)(6) notice, the corporate deponent must investigate and identify and if necessary prepare a designee for each listed subject area and produce that designee as noticed. Calzaturficio, supra, 201 F.R.D. at 36, citing Poole, ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 504 (D. Md. 2000). The corporate deponent's duty under Rule 30(b)(6) goes beyond producing a designee to testify to matters personally known to the designee or in which the designee was personally involved; if the designees do not possess personal knowledge of the noticed matters, the corporation must prepare them so that they may give knowledgeable and binding answers for the corporation. Calzaturficio, supra, 201 F.R.D. at 36, citing Dravo Corp. v. Liberty Mut Ins. Co., 164 F.R.D. 70, 75 (D. Neb., 1995); Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.. 1989); Buycks-Roberson v. Citibank Fed. Savings Bank, 162 F.R.D. 338, 342-343 (N.D. Ill. 1995).

Proper preparation is wide-ranging: Rule 30(b)(6)'s implicit requirement that the designees review all matters known or reasonably available to the corporate deponent, see Taylor, supra, 166 F.R.D. at 362, imposes on them the obligation to review all corporate documentation, prior fact witness deposition testimony, deposition exhibits, and information from past employees or other sources which are "reasonably available" to the corporation. Calzaturficio, supra, 201 F.R.D. at 37, citing Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 639 (D. Minn. 2000) and Bank of New York v. Meridien BIAO Bank Tanzania, Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997). The designee must not only testify about facts within the corporate deponent's

knowledge, but also about its subjective beliefs and opinions and its interpretation of documents and events.  Calzaturficio, *supra, citing* Taylor, *supra*, 166 F.R.D. at 361.  The corporate deponent's preparation of its designees must enable them to answer questions about the noticed topics fully, completely, and unevasively.  Calzaturficio, *supra*, 201 F.R.D. at 36-37, *citing* Securities and Exchange Commission v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) *and* Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, 67 (D.P.R. 1981).

**Unisys' Procedural Improprieties**

The foregoing discussion indicates that service of a Rule 30(b)(6) deposition notice typically imposes a substantial and fairly wide-ranging burden on a corporate deponent to respond fully, completely and unevasively by searching for all responsive information reasonably available to it and preparing one or more designated witnesses to testify as to same. Such is the normal course of litigation under the Federal Rules.  Rather than shouldering said obligation, Unisys has elected to serve upon Visible its long, wrangling and thoroughly evasive "Preliminary Objections," described above.

Once served with a Rule 30(b)(6) notice, a corporation is obligated to comply, and it may be ordered to designate witnesses if it fails to do so.  Taylor, *supra*, 166 F.R.D. at 360, *citing* 8A C. Wright, A. Miller and R. Marcus, Federal Practice and Procedure § 2031 at 33 (2d ed., 1994). A corporate deponent has no right to refuse to designate a witness; if it believes that some of the 30(b)(6) topics are objectionable, its recourse is to move for a protective order.  E.E.O.C. v Thurston Motor Lines, Inc., 124 F.R.D. 110, 114 (M.D.N.C. 1989); *see* Calzaturficio, *supra*, 201 F.R.D. at 38 n.7.  A corporate deponent may not unilaterally attempt to limit the scope of the noticing party's Rule 30(b)(6) notice.  *See* Paparelli v. Prudential Insurance Company of America, 108 F.R.D. 727, 731 (D. Mass. 1985) ("Only the Court, not counsel, can order that a deposition be limited or that certain questions not be answered"); Atchison Casting Corporation v. Marsh, Inc., 216 F.R.D. 225, 227 (D. Mass. 2003) (one party may not decide what is relevant

for the other's purposes); <u>In re Vitamins Antitrust Litigation</u>, 217 F.R.D. 229, 233 (D.D.C. 2002) (a corporate deponent cannot respond as it sees fit rather than as requested by the deposing party). "The Federal Rules do not countenance self-selecting discovery by either party."  <u>Buycks-Roberson</u>, *supra,* 162 F.R.D. at 343 (corporate deponent does not satisfy its obligation under Rule 30(b)(6) by producing a witness with only selected information, just as it may not offer a "sample" of documents in response to a Rule 34 request or answer interrogatories by selecting what it considers to be relevant material.)

Absent a protective order, a corporate deponent's failure to designate a witness who can testify on the noticed topics may result in court-imposed sanctions under Rule 37(d).  *See* <u>Mitsui & Co. (USA)</u>, *supra,* 93 F.R.D. at 67 (Fed. R. Civ. P. 37(d), dealing with failure to appear for taking of deposition, applies to failure to designate person under Fed. R. Civ. P. 30(b)(6)); <u>Bregman v. District of Columbia</u>, 182 F.R.D. 352, 355 n.3 (D.D.C. 1998) (while failure to "designate" official may not technically fall within Rule 37(d), failure to designate nevertheless falls within spirit of Rule 37(d), thus providing authority for sanctions.)  A corporate deponent does not fulfill its Rule 30(b)(6) obligations by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available. <u>Calzaturficio</u>, *supra,* 201 F.R.D. at 36, citing <u>Taylo</u>*r, supra,* 166 F.R.D. at 362.

As set forth above, Unisys' Preliminary Objections runs afoul of virtually all of the aforementioned standards: it unilaterally refuses to designate witnesses; it fails to seek a protective order (thus shifting the burden of making the instant motion to Visible); it takes it upon itself to limit the scope of Visible's inquiry, rewriting Visible's noticed topics to fit its own ideas of relevance; and it flatly states that it has no knowledge of certain topics, seemingly expecting that it can thereby terminate Visible's inquiries.  These procedural improprieties alone are enough to raise the suspicion that Unisys is intent on obstructing rather than facilitating discovery in this action.  But they become even more suspicious in light of the substantive baselessness of Unisys' objections.

**The Substantive Baselessness of Unisys' Objections**

As recounted above, Unisys has objected to almost all of Visible's 30(b)(6) topics on the grounds that they are either vague and ambiguous[5], overbroad[6], unduly burdensome[7], irrelevant[8], not reasonably calculated to lead to the discovery of admissible evidence[9] or duplicative of previous discovery requests.[10] Unisys has also objected to a substantial number of the topics on the grounds that they are beyond the scope of discovery permitted under Rule 30(b)(6)[11] or that they impinge upon the attorney-client privilege or the work-product rule.[12] However, a review of the applicable law reveals that such objections are generally without substantive merit in the context of discovery pursuant to Rule 30(b)(6).

Vague & Ambiguous/Overbreadth

It is difficult to understand Unisys's objections on the grounds of vagueness, ambiguity and overbreadth. Even as set forth in paraphrased form, *supra* note 1, all of the topics are clear, easy to understand and fairly well-defined. As set forth in the original notice, *see* Exhibit A, the topics are actually rather detailed and precise, virtually constituting an outline of the planned deposition.

The difficulty is in understanding what Unisys believes to be the standard for determining how well-defined 30(b)(6) topics must be. The rule requires only that they be set forth with

---

[5] The 18 topics to which Unisys objects as vague and ambiguous are nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 17, 18, 19, 20, 21, 22, 23, and 27.

[6] The 17 topics to which Unisys objects as overbroad are nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 18, 19, 20, 21, 22, 23, and 27.

[7] The 17 topics to which Unisys objects as unduly burdensome are nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 18, 19, 20, 21, 22, 23, and 27.

[8] The 20 topics to which Unisys objects as irrelevant are nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 17, 18, 19, 20, 21, 22, 23, 26 and 27.

[9] The 19 topics to which Unisys objects as not reasonably calculated to lead to the discovery of admissible evidence are nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 17, 18, 19, 20, 21, 22, 23, and 27.

[10] The 26 topics to which Unisys objects as duplicative of previous discovery requests are nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27.

[11] The 8 topics to which Unisys objects as being beyond the scope of discovery permitted by Rule 30(b)(6) are nos. 9, 12, 13, 14, 15, 16, 24, and 25.

[12] The 5 topics to which Unisys objects on the grounds of attorney-client privilege or attorney work-products are nos. 12, 13, 14, 15, and 16.

"reasonable particularity." Fed. R. Civ. P. 30(b)(6). In practice, "reasonable particularity" means that the notice must enable the corporate deponent to identify the outer limits of the area of inquiry noticed in order that it may make an appropriate designation. Reed v. Nellcor Puritan Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000); *see also* Scovill Manufacturing Co. v. Sunbeam Corp., 61 F.R.D. 598, 603-604 (D. Dela. 1973) (degree of particularity required for description of subject matter about which testimony is sought must be such that organization can determine identity and number of persons whose presence will be necessary to provide adequate response to potential questions); *Marker, supra,* 125 F.R.D. at 126 ("reasonable particularity" requirement satisfied where request was "specific and understandable," such that corporate deponent knew "scope and nature" of deposing party's interest.)

Every one of the topics to which Unisys on the basis of vagueness, ambiguity and overbreadth is sufficiently clear and well-defined to enable Unisys to determine which and how many designees it must produce and how to prepare them. All of its objections on these grounds are without any substantive merit.

Beyond the Scope of Discovery Permitted under Rule 30(b)(6)

Unisys has objected to a number of Visible's noticed 30(b)(6) topics as being "beyond the scope of discovery permitted under Rule 30(b)(6)," seemingly implying that Rule 30(b)(6) defines some distinctive "scope" limiting discovery pursuant to its terms. This is not so.

By its terms, the rule explicitly requires a corporate deponent to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. Calzaturficio, *supra,* 201 F.R.D. at 36, *citing* Taylor, *supra*, 166 F.R.D. at 362. In the context of Rule 30(b)(6), "reasonably available" means information within the corporate deponent's "control." *See* Calzaturficio, *supra,* 201 F.R.D. at 38-39 (analogizing the scope of a corporate deponent's obligation to review documents in preparation for a Rule 30(b)(6)

deposition to that of a party's obligation to produce documents in the "similar context" of Rule 34).[13] Other courts have observed that the scope of discovery permitted under Rule 30(b)(6) is the same as that under Rule 33 (interrogatories) or Rule 34 (requests for production of documents). *See* Twentieth Century Fox Film Corporation, *supra,* 2002 U.S. Dist. LEXIS 14682, at *5-*6 (S.D.N.Y. 2002) ("[T]he scope of an entity's obligation in responding to a 30(b)(6) notice is identical to its scope in responding to interrogatories served pursuant to Rule 33 or a document request served pursuant to Rule 34."); Wilson v. Lakner, 228 F.R.D. 524, 528-29 (D. Md. 2005) (corporation's designee is required to make good faith effort to find out relevant facts just as corporate party is expected to do in answer to interrogatories); In re Analytical Systems Inc., 71 B.R. 408, 412 (U.S.B.C., N.D. Ga. 1987) (obligation of a corporate deponent under Rule 30(b)(6) to designate prepared witnesses is analogous to the duty to answer interrogatories directly and without evasion).

Thus, the scope of a party's responsibility to respond to a Rule 30(b)(6) deposition notice is the same as that under Rule 33 or 34: the responding party is obligated to produce all information under its control. *Cf.* Twentieth Century Fox Film Corporation, *supra,* 2002 U.S. Dist. LEXIS 14682, at *13 ("There is no logical reason why the sources researched by a party in responding to a discovery request should be dependent on the particular discovery vehicle used ….") Unisys' objections based upon any supposed limits to discovery peculiar to Rule 30(b)(6) are therefore without substantive merit.

---

[13]Referring to Rule 34, the court in Calzaturficio held that "control" does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action. Calzaturficio, *supra,* 201 F.R.D. at 38-39, *citing* Prokosch, *supra,* 193 F.R.D. at 636. The court's reasoning suggests that its interpretation of "control" should extend to all types of information, whether in documentary form or not.

Relevancy

Unisys has made repeated objections to the relevancy of Visible's noticed Rule 30(b)(6) topics. Without tediously arguing the relevancy of each noticed topic separately, Visible points out to the Court that:

- its topics nos. 1-3, 8, 11, 17 and 18 all address Unisys' development and use of its allegedley infringing mark "3D Visible Enterprise";

- topic no. 4 inquires into Unisys' use of the term "Visible," which is a registered trademark of Visible's;

- topics nos. 5-7 inquire into the development, use, attempted registration and eventual abandonment by Unisys of the mark "Business Blueprinting," which Visible believes may well have been a predecessor to Unisys' "3D Visible Enterprise" mark and which may demonstrate that Unisys could have chosen a mark that did not employ the term "Visible," which in turn would contribute to a showing that "Visible" is a suggestive rather than a descriptive term, as claimed by Unisys in its interrrogatory answers;

- topic no. 9 inquires into the identity of any Unisys personnel who may have reviewed the parties' Joint Statement submitted to the Court at the Scheduling Conference, a document which, the Court may recall, contained what Unisys' counsel described as a "typo" which confused the terms "Visible Enterprise" and "Visible Systems." If qualified Unisys personnel reviewed the document prior to its submission to the Court, their failure to notice said "typo" in itself may constitute an instance of "actual confusion" by sophisticated members of the relevant market.

- topic no. 10 inquires into Unisys' relationship with its so-called "partners," several of which Visible can demonstrate to be its direct competitors, and is obviously relevant to the issues of the parties' direct competition and of relevant market definition.

- topic no. 12 inquires into the facts supporting Unisys' interrogatory answer asserting that "Visible" is a descriptive term.

- topics nos. 13-16 all inquire into the factual bases of contentions made and affirmative defenses asserted by Unisys in its answer;

- topic no. 19 inquires into Unisys' knowledge of the plaintiff corporation, its trademarks and activities, all of which are relevant to the issues of Unisys' intent and wilfulness in infringing plaintiff's trademark;

- topics nos. 20, 21, and 22 (respectively dealing with Unisys' advertising, its activities in the academic community which trains the future class of prospective purchasers in what Visible regards as the relevant market, and its attendance at trade shows) all pertain to advertising, channels of trade and class of prospective purchasers, three of the eight factors which must be analyzed in determining the likelihood of confusion in the First Circuit;

- topic no. 23 inquires directly into the issue of market definition;

- topics no. 24 and 25 seek to identify the persons who, respectively, provided the information contained in Unisys' interrogatory answers and provided the documents in its document production;

- topic no. 26 inquires into Unisys' document retention policy; and

- topic no. 27 inquires into the knowledge of Unisys' officers and employees of its use of "3D Visible Enterprise."

All of the foregoing topics are facially relevant to the issues in the instant trademark infringement action. They all fall well within the boundaries of relevance applicable to the discovery stage of litigation under the Federal Rules. *Cf.* United States v. Massachusetts Industrial Finance Agency, 162 F.R.D. 410, 414 (D. Mass. 1995) ("As a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action. . . . relevant information includes any matter that is or may become an issue in the litigation."), *citing* Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) *and* Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 n. 2 (D. Mass. 1991). *See also* Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001); Atchison Casting, *supra*, 216 F.R.D. at 227.

Indeed, "the deposition-discovery rules are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *see also* SEC v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000) (quoting Hickman, *supra*); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001). The broad scope of the discovery rules reflects a policy that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation," Hickman, *supra*,, *cited in* Atchison Casting, *supra*, 216 F.R.D. at 227, and furthers the purpose of discovery – "[to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983

(1958). But it is hard to see how Unisys' relevancy objections constitute anything other than dodges in a game.

<u>Undue Burden</u>

Unisys objects, without any substantiating evidence, that responding to certain of Visible's 30(b)(6) topics would be unduly burdensome. But Rule 30(b)(6) contemplates some measure of burden will appropriately be imposed upon a corporate deponent. <u>Calzaturficio</u>, *supra,* 201 F.R.D. at 36 ("[P]reparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business…." ), *quoting* <u>Taylor</u>, *supra*, 166 F.R.D. at 362. Even if the documents at issue are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed. <u>Calzaturficio</u>, *supra,* 201 F.R.D. at 37, *citing* <u>Prokosch</u>, *supra,* 193 F.R.D. at 638. *See* <u>Briddell v. Saint Gobain Abrasives, Inc</u>., 233 F.R.D. 57, 61 (D. Mass. 2005) (no undue burden in requiring corporate deponent to undertake 175-200 hour review of employment records of 700-800 employees, especially where deponent's own complex, inefficient record keeping policies contributed significantly to the burden.) Further, unsupported allegations that a Rule 30(b)(6) topic imposes an "undue burden" upon the corporate deponent are without merit. <u>Berwind Property Group Inc., et al v. Environmental Management Group, Inc.</u>, 233 F.R.D. 62, 66 (D. Mass. 2005) (where corporate deponent complained that it would need "to review thousands of files, located in archives nationwide, going back 6 to 9 years" to prepare to respond to the 30(b)(6) notice in issue, the court held its claim of "undue burden" to be "unsupported and therefore unpersuasive," given that deponent had not moved to quash or modify and had submitted no affidavits or other evidence of undue expense or burden.)

Thus, without an evidentiary showing that the burdens imposed upon Unisys are truly "undue" and not merely those in the nature of responding to a Rule 30(b)(6) notice in a trademark litigation, Unisys' objections of undue burden are without merit.

<u>Duplicative</u>

Unisys objects to all but one of Visible's noticed topics as duplicative of previous discovery requests made by Visible. But Visible has the right to employ all of the discovery vehicles made available to it under the Rules and need not choose between them. For example, a corporate deponent may not avoid its obligation under the rule to designate an "educate[d] 30(b)(6) witness" on the grounds that it has previously produced documents bearing upon the topic at issue. <u>In re Vitamins Antitrust Litigation</u>, s*upra*, 217 F.R.D. at 233 (labeling such an argument "the substitution theory of discovery," the court stated that it "has no merit.") Neither may a corporate deponent argue that it has already produced relevant documents and that any designee would have no more knowledge about such records and their subject matter other than could be learned from reading them. <u>Calzaturficio</u>, *supra*, 201 F.R.D. at 37 ("This argument is disingenuous at best.") As the court stated in <u>Marker</u>, *supra*, 125 F.R.D. at 126:

> Nothing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) notice … and elect to supply the answers in a written response to an interrogatory. An attempt to so limit a Rule 30(b)(6) deposition is not warranted. Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored.

> Given the foregoing, Unisys' "duplicative" objections are substantively groundless.

<u>Information Known to Legal Counsel</u>

Unisys objects to Visible's topics nos. 12-16 on the grounds that they seek information protected by the attorney-client privilege or the attorney work-product rule. But all of said topics inquire into the factual bases for assertions made by Unisys in its interrogatory answers (no. 12) or contentions made or affirmative defenses pled in its answer (nos. 13-16). Such information is

subject to discovery under Rule 30(b)(6).  A corporate deponent must designate a witness to testify about 30(b)(6) topics calling for information about the factual bases of contentions and affirmative defenses set forth in its pleadings.  <u>Amp, Inc. v. Fujitsu Microelectronics, Inc.</u>, 853 F.Supp. 808, 831 (M.D. Pa., 1994), *app. dismissed,* 47 F.3d 1180 (Fed. Cir. 1995) (on the basis of Rule 30(b)(6)'s requirement that a corporation provide a witness to testify to matters "known or reasonably available" to the corporation, corporate deponent ordered to designate witness to testify about noticed topics inquiring into contentions and affirmative defenses set forth in its answer and counterclaim; it was not unreasonable to conclude that someone at the deponent believed there were factual bases for such assertions).

Furthermore, it is immaterial that the information sought comes from the deponent corporation's counsel.  By analogy to Rule 33, see *supra*, preparation of a Rule 30(b)(6) designee must include facts known to the corporate deponent or its counsel.  <u>Massachusetts Industrial Finance Agency</u>, *supra,* 162 F.R.D. at 412-413 (answers to interrogatories are not limited to personal knowledge and must include information known to the answering party's attorney), *citing* <u>Hickman</u>, *supra,* 329 U.S. at 504, 67 S.Ct. at 390; <u>Naismith v. Professional Golfers Assn.</u>, 85 F.R.D. 552, 565 (N.D. Ga.1979). *See also* <u>In re Vitamins Antitrust Litigation</u>, *supra,* 217 F.R.D. at 234-235 (corporate deponent ordered to produce designee prepared to testify even as to facts memorialized in work product protected documents or merely residing in the mind of counsel). Information disclosed to a party's attorney or learned by the attorney in interviews with 3d-party witnesses is not attorney work-product and must be provided with specificity. *See* <u>Massachusetts Industrial Finance Agency</u>, *supra*, 162 F.R.D. at 413.

Thus, because a Rule 30(b)(6) deposition is the deposition of the corporation, not of an individual, Unisys may not draw a distinction between its knowledge and its counsel's.  All such knowledge is Unisys' knowledge.  Unisys' attorney-client and work-product objections are substantively without merit.

## Conclusion

Unisys' Preliminary Objections to Visible's Rule 30(b)(6) deposition notice constitutes an obstructive and evasive response not in accordance with proper procedure under the Federal Rules. Its voluminous and substantively meritless boilerplate objections have caused substantial delay in the preparation of the instant action and imposed substantial and unnecessary costs upon Visible in the making of this motion to compel. Tactics of this sort threaten to bring the litigation process to a standstill.

Visible therefore respectfully requests the Court to grant this motion, overrule Unisys' objections, award Visible the costs of this motion plus attorneys fees, order Unisys forthwith to prepare and produce one or more designees as reasonably necessary to testify fully, completely, and unevasively about the subject matter set forth in Visible's notice, and grant Visible any and all further relief as the Court may deem fit.

### Certificate of Conference of Counsel

Counsel for Visible hereby certifies that he has conferred with counsel for Unisys as to the matters in dispute discussed herein, such conference having occurred on March 23, 2006 as described above, and that the parties have been unable to resolve the matters in dispute.

### Request for Oral Argument

Visible requests oral argument as to the issues presented by this motion.

### Request for Relief

Visible respectfully requests the Court to grant this motion and issue an order:

(i) compelling Unisys to designate one or more witnesses to testify as to matters set forth in Visible's Notice of Deposition Pursuant to Rule 30(b)(6) of March 6, 2006;

(ii) striking the document "Preliminary Objections and Responses" by Defendant Unisys Corporation to Plaintiff's Rule 30(b)(6) Deposition Notice" and overruling the objections to the Notice contained therein;

(iii) requiring Unisys to pay Visible's costs and attorneys fees related to the filing of this

motion; and

(iv) granting Visible any other relief the Court deems appropriate.


Plaintiff, VISIBLE SYSTEMS CORPORATION

By its attorneys:


_____/s/ Stephen H. Galebach_____
Stephen H. Galebach, BBO # 653006 (galebach@galebachlaw.com)
Joseph E. Rendini, BBO # 542746 (rendini@galebachlaw.com)
GALEBACH LAW
One Knollcrest Drive
Andover, MA 01810
978-258-5300

and

Lawrence M. Kraus, BBO # 564561 (lkraus@foley.com)
Carrie J. Fletcher, BBO # 642369
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000



Dated: April 5, 2006


## Certificate of Service

I certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electonic Filing

(NEF).


_____/s/___Stephen H. Galebach_____
Stephen H. Galebach

<u>**Exhibit A to Motion to Compel 30(b)(6) Deposition**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**VISIBLE SYSTEMS CORPORATION,**
**a Massachusetts Corporation,**

                 **Plaintiff,**

     **v.**                                     **C.A. No. 04-CV-11610-RGS**

**UNISYS CORPORATION,**
**a Delaware Corporation,**

                 **Defendant.**

## NOTICE OF DEPOSITION PURSUANT TO
## RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Fed.R.Civ.P., Plaintiff Visible

Systems Corporation ("Visible") will take the deposition of Defendant Unisys

Corporation ("Unisys") before a stenographic reporter on **MARCH 22, 2006** at the

offices of Foley & Lardner, **111 HUNTINGDON AVENUE, BOSTON,**

**MASSACHUSETTS**, on the **26TH FLOOR**, commencing at **9:00 A.M.**, and continuing

until adjournment.

       Pursuant to the provisions of said Rule 30(b)(6), Unisys shall designate one or

more officers, directors or managing agents, or other persons to testify on its behalf and

shall set forth, for each person so designated, the matters on which the person shall

testify.  The person(s) so designated by Unisys shall be prepared to testify on the

following matters to the full extent known or reasonably available to Unisys.

**Definitions**

As used below, the phrase "3D Visible Enterprise" means the phrase "3D Visible Enterprise" used or employed as a trademark, service mark, advertising slogan or motto, or as the name or designation of any product or service, or as the name or designation of any marketing, promotional, advertising or sales activity or strategy, or as the name or designation of any business activity involving or strategy for the design or delivery of any products or services to customers.

As used below, the phrase "Business Blueprinting" means the phrase "Business Blueprinting" used or employed as a trademark, service mark, advertising slogan or motto, or as the name or designation of any product or service, or as the name or designation of any marketing, promotional, advertising or sales activity or strategy, or as the name or designation of any business activity involving or strategy for the design or delivery of any products or services to customers.

As used below, the words "communication(s)," "document(s)," "identify" or its variants (e.g., "identification"), "parties" or a party's full or abbreviated name or a pronoun referring to a party, "person," and "concerning" have the same respective meanings as set forth in Local Rule 26.5(C).

**Designation of matters for testimony**

1. Unisys' decision to use "3D Visible Enterprise," including but not limited to:
    a. the identification of the person ultimately responsible for said decision;
    b. the identification of all persons who participated in the making of said decision;
    c. the identification of all persons who furnished information used in the making of said decision;
    d. all communications which contributed to, informed, led to, mentioned, discussed or reported the making of said decision, including but not limited to meetings, conferences, conversations, electronic or written

2

> correspondence, and the identification of all persons who sent, received, saw or heard any such communications;
>
> e. the identification of all documents which evidence or memorialize any of the information referred to in subparagaraph "c," above, and/or any of the communications referred to in subparagraph "d," above.

2. The development of the phrase "3D Visible Enterprise" for use by Unisys, including but not limited to:

   a. the identification of all Unisys employees who participated in or contributed to said development;

   b. the identification of all persons not Unisys employees who participated or contributed to said development;

   c. all communications which contributed to, informed, led to, mentioned, discussed or reported said development, including but not limited to meetings, conferences, conversations, electronic or written correspondence, and the identification of all persons who sent, received, saw or heard any such communications;

   d. the identification of all documents which evidence or memorialize any of the communications referred to in subparagraph "c," above.

3. All past and current marketing, promotional, advertising and sales activities engaged in by Unisys, or by any third-party on Unisys' behalf or at Unisys' instruction or direction, which have employed or employ the phrase "3D Visible Enterprise," including but not limited to:

   a. the identification and description of all products and services marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "3D Visible Enterprise";

   b. the identification, description and dissemination of all written, printed, photographic or electronic marketing, promotional, advertising and sales literature employing or displaying the phrase "3D Visible Enterprise";

   c. the identification of customers who have purchased products or services from Unisys which were marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "3D Visible Enterprise";

   d. the identification of Unisys' employees responsible for the design, development, sale and delivery of all products and services marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "3D Visible Enterprise".

4. All past and current marketing, promotional, advertising and sales activities engaged in by Unisys, or by any third-party on Unisys' behalf or at Unisys' instruction or direction, which have employed or employ the term "Visible" as part of any trademark, service mark, advertising slogan, or of the name or designation of any product or service, including but not limited to:

   a. the identification and description of all products and services marketed, promoted, advertised or sold under or in connection with such trademarks, service marks, names or designations;

   b. the identification, description and dissemination of all written, printed, photographic or electronic marketing, promotional, advertising and sales literature employing or displaying the term "Visible" as part of any such trademark, service mark, advertising slogan, or of any such name or designation;

    c.  the identification of customers who have purchased products or services from Unisys which were marketed, promoted, advertised or sold under or in connection with any such trademark, service mark, name or designation;

    d.  the identification of Unisys' employees responsible for the design, development, sale and delivery of all products and services marketed, promoted, advertised or sold under or in connection with such the trademark, service mark, name or designation.

5.  The development of the phrase "Business Blueprinting" for use by Unisys, including but not limited to:

    a.  the identification of all Unisys employees who participated in or contributed to said development;

    b.  the identification of all persons not Unisys employees who participated or contributed to said development;

    c.  all communications which contributed to, informed, led to, mentioned, discussed or reported said development, including but not limited to meetings, conferences, conversations, electronic or written correspondence, and the identification of all persons who sent, received, saw or heard any such communications;

    d.  the identification of all documents which evidence or memorialize any of the communications referred to in subparagraph "c," above.

6.  All past and current marketing, promotional, advertising and sales activities engaged in by Unisys, or by any third-party on Unisys' behalf or at Unisys' instruction or direction, which have employed or employ the phrase "Business Blueprinting," including but not limited to:

    a.  the identification and description of all products and services marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "Business Blueprinting";

    b.  the identification, description and dissemination of all written, printed, photographic or electronic marketing, promotional, advertising and sales literature employing or displaying the phrase "Business Blueprinting";

    c.  the identification of customers who have purchased products or services from Unisys which were marketed, promoted, advertised sold or delivered marked, denominated or referred to by the phrase "Business Blueprinting";

    d.  the identification of Unisys' employees responsible for the design, development, sale and delivery of all products and services marked, denominated or referred to by the phrase "Business Blueprinting".

7.  The designs of, functions of, purposes of , methodologies employed by, outputs of and intended uses of all products and services marketed, promoted, advertised, sold or delivered by Unisys marked, denominated or referred to by either of the two phrases "3D Visible Enterprise" or "Business Blueprinting," including but not limited to:

    a.  the identification of all persons employed currently or in the past by Unisys who have knowledge of said designs, functions, purposes, methodologies, outputs and intended uses;

    b.  the identification of all persons employed currently or in the past by Unisys who have made public statements on its behalf about said designs, functions, purposes, methodologies, outputs and intended uses.

4

8. Unisys' purpose(s) in employing the phrase "3D Visible Enterprise," including but not limited to:

    a. the range of products and services encompassed by the use of "3D Visible Enterprise";

    b. the identification of all persons employed currently or in the past by Unisys who have knowledge of said purpose(s);

    c. the identification of all persons employed currently or in the past by Unisys who have made public statements on its behalf about said purpose(s).

9. Unisys' knowledge of and review of the document entitled "Local Rule 16.1 Joint Statement" filed jointly by the parties to this action with the Court at the Discovery Conference held on September 26, 2005, including but not limited to:

    a. Unisys' knowledge and review of the version of said document presented to the Court by counsel at said Conference;

    b. the identification of all persons employed by Unisys who read or reviewed said document prior to said Conference;

    c. the education, training and employment history of all persons described in subparagraph "b," above.

10. The terms and provisions of all agreements, written or unwritten, between Unisys and any person listed as a "partner" of Unisys or as having a "partner relationship" or "alliance" with Unisys as such terms are used on or in connection with Unisys' website page www.unisys.com/about_unisys/partners/alphabetical_listing/index.htm as posted on February 24, 2006, including but not limited to:

    a. The terms and provisions of any such agreements between Unisys and Computer Associates, IBM, Microsoft, Oracle and Proforma, including but not limited to:

        i. whether and to what extent such terms and provisions provide for joint sales, solutions delivery or engineering;

        ii. whether and to what extent such terms and provisions provide for the parties' participation in any marketing, promotional, advertising or sales activities marked, denominated or referred to by the phrase "3D Visible Enterprise";

        iii. whether and to what extent such terms and provisions provide for Unisys' reselling of any goods or services provided by or originating with the other party to the agreement;

        iv. the identification of all persons with knowledge of said terms and provisions;

        v. the extent to which the parties have performed under said terms and provisions and the identification of all persons with knowledge of said performance.

    b. Whether and to what extent the products and services offered for sale by any such person are comparable or competitive with any of the products or services sold by Visible.

11. The filing of trademark and/or service mark applications by Unisys for the purported trademarks or service marks "3D Visible Enterprise" and "Business Blueprinting," the substance of any contentions and responses made by Unisys or any representative of Unisys with respect to same, the substance of any communications between Unisys or any representative of Unisys and the United States Patent & Trademark Office with respect to same, and the result of or the abandonment or withdrawal by

Unisys of any such application, including but not limited to the identification of all persons with knowledge of any of said applications, contentions, responses, communications, abandonments or withdrawals or having possession, custody or control of any documents evidencing or memorializing same.

12. The facts supporting Unisys' contention that the word "Visible" as used in either "3D Visible Enterprise" or in any registered trademark of the plaintiff, Visible, is a "descriptive" term as contended in Unisys' answers to Visible's interrogatories, including but not limited to the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

13. The facts supporting Unisys' contention that one or more of Visible's state law claims are pre-empted by federal law and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

14. The facts supporting Unisys' assertion of the affirmative defense of fair use and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

15. The facts supporting Unisys' assertion of the affirmative defense of estoppel and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

16. The facts supporting Unisys' assertion of the affirmative defense of unclean hands and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

17. Whether, for what purposes and to what extent any of Unisys' corporate parents or affiliates, domestic or foreign, used or employed the phrase "3D Visible Enterprise" prior to July 2004 and the substance of any communications between Unisys and any such parent or affiliate with regard to same, including but not limited to:
   a. the identification of all persons employed by Unisys or by any such parent or affiliate with knowledge of such purposes, uses or employments and of any such communications;
   b. the identification of all persons employed by Unisys or by any such parent or affiliate who have possession, custody or control of any documents evidencing or memorializing such communications.

18. Any and all current or past marketing, promotional or advertising activities undertaken by or on the behalf or pursuant to the instructions of Unisys which concern, use, refer to or make mention of the phrase "3D Visible Enterprise," including but not limited to:
   a. any and all such activities undertaken by Grey Advertising, the identification of all persons who have knowledge of such activities and the identification of all persons who have possession, custody or control of any and all documents

6

which evidence or memorialize any communications about or which mention such activities;

b.  any and all such activities undertaken by OneUpWeb (including but not limited to such activities as are related to Unsys' website and and any other such activities having to do with the placement of online ads or web-links or web-related marketing or advertising) and the identification of all persons who have knowledge of such activities and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize any communications about or which mention such activities.

19. Unisys' knowledge of Visible, its trademarks, service marks, products and services, on or before July 1, 2004, including but not limited to the identification of all Unysis' employees who, on or before said date, had received training in Visible Analyst or in any other software product produced by Visible and the identification of all persons employed by Unisys who have possession, custody or control of any and all documents which evidence or memorialize such training.

20. Unisys' advertisments in print publications (e.g., trade magazine) on or before July 1, 2004, including but not limited to the identification of all such publications, the identification of all advertisements run by Unisys is said publications, the identification of all persons who have knowledge of such advertisements, and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such advertisments.

21. Unisys' provision of software or hardware in support of, participation in or sponsorship of academic scholarships, courses, programs or competitions (collectively, "scholarships), including but not limited to the identification of all such scholarships, the identification of all persons who have knowledge of such scholarships, and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such scholarships.

22. The identification of all trade shows attended by Unisys or by any of its officers or employees between July 1, 1997 and July 1, 2004, including but not limited to the identification of all such persons who attended such shows, and identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such attendance.

23. The definition of the market within which Unisys markets, promotes, advertises, sell or delivers goods or services marked, denominated or referred to by the phrase "3D Visible Enterprise, including but not limited to:

a.  the identification and definition of the channels of trade by which Unisys accesses said market;

b.  the identification and description of the class of prospective purchasers who constitute said market;

c.  the identification of all persons who have knowledge of said market, channels of trade or class of prospective purchasers and the identification of all persons who have possession, custody or control of

24. The identification, by Interrogatory Answer, of each and every person who provided information included in Unisys' Answer to Interrogatories served upon Visible in this

action and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such information.

25. The identification, by Response, of each and every person who provided information or documents included in Unisys' Response to Document Production Request served upon Visible in this action and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such information or documents.

26. Unisys' document retention policies applicable to any of the documents referred to in paragraphs 1-25, above, including but not limited to the identification of all persons employed by Unisys responsible for the enforcement of said policies as applied to said documents or who have in their possession, custody or control documents which evidence or memorialize said policies.

27. The involvement and extent of knowledge with respect to "3D Visible Enterprise" on the part of current and former Unisys officers, executives, employees, and consultants, including without limitation those identified by Unisys in its initial disclosures and answers to interrogatories in this action, and including without limitation Joseph McGrath, Lawrence Weinbach, and Dominic Cavuoto.

Plaintiff

VISIBLE SYSTEMS CORPORATION

By its attorneys:

_____
Stephen H. Galebach, BBO#653006 (galebach@galebachlaw.com)
Joseph E. Rendini, BBO#542746 (rendini@galebachlaw.com)
GALEBACH LAW
One Knollcrest Drive
Andover, MA 01810
978-258-5300

and

Lawrence M. Kraus, BBO # 564561 (lkraus@foley.com)
Carrie J. Fletcher, BBO # 642369
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000

Dated:  March 6, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

Plaintiff

v.                                                    Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

Defendant

## PRELIMINARY OBJECTIONS AND RESPONSES BY DEFENDANT UNISYS CORPORATION TO PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE

The defendant, Unisys Corporation, gives notice of the following objections to the Rule 30(b)(6) deposition notice ("the Notice") served by the plaintiff, Visible Systems Corporation, via mail on March 6, 2006.

## General Objections and Responses

i.      Unisys objects generally to the notice to the extent it seeks information protected by the attorney-client privilege, the work-product immunity doctrine, or other such privilege or immunity. Unisys does not agree to provide information protected thereby.

ii.     Unisys objects generally to the notice to the extent it seeks confidential business information of Unisys, including information protected by the trade-secrets privilege or other such privilege or immunity. Unisys does not agree to provide information protected thereby except pursuant to the Protective Order entered by the Court in this case.

iii.    Unisys objects generally to the notice to the extent it seeks information concerning marketing or sales by Unisys of any product or service, or any other Unisys business activity, outside the United States. Such activities are irrelevant to any material and disputed issue in this case, and to this extent the interrogatories are overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

iv.     Unisys objects generally to the notice to the extent it seeks broad

categories of information concerning Unisys business activities (including revenues or profits derived from such activities) in which the 3D VISIBLE ENTERPRISE trademark may have been used or referenced in some way. Such inquiries are overbroad and unduly burdensome, seek information that is irrelevant to any material and disputed issue in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

v.    Unisys objects generally to the notice to the extent it seeks broad categories of information concerning clients or potential clients of Unisys, without any showing that any such client was also an actual or potential customer of Visible Systems. Such inquiries are overbroad and unduly burdensome, seek information that is irrelevant to any material and disputed issue in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

vi.    Unisys objects generally to the notice on the ground that it improperly seeks to compel Unisys, a corporate defendant based outside Massachusetts, to produce one or more witnesses for deposition in Massachusetts. Unisys objects generally to the notice on the ground that it provides insufficient time for a witness or witnesses reasonably to be able to comply with the requirements of Rule 30(b)(6) with respect to the extensive and detailed subjects on which questioning is sought.

vii.    Subject to and without waiving these objections, Unisys agrees to discuss production of a witness or witnesses at a time and location (or multiple times and/or locations) mutually agreeable to the parties.

The objections and responses set forth herein are made without prejudice to the right of Unisys to assert any and all additional objections and responses up to, during and after the Rule 30(b)(6) deposition.

Unisys incorporates these general objections into each of the specific objections and responses set forth below.

## Specific Objections and Responses

1.    Unisys' decision to use "3D Visible Enterprise," including but not limited to:

    a.    the identification of the person ultimately responsible for said decision;

    b.    the identification of all persons who participated in the making of said decision;

    c.    the identification of all persons who furnished information used in the making of said decision;

    d.      all communications which contributed to, informed, led to, mentioned, discussed or reported the making of said decision, including but not limited to meetings, conferences, conversations, electronic or written correspondence, and the identification of all persons who sent, received, saw or heard any such communications;

    e.      the identification of all documents which evidence or memorialize any of the information referred to in subparagaraph "c," above, and/or any of the communications referred to in subparagraph "d," above.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about the initial decision to adopt and use the 3D VISIBLE ENTERPRISE trademark, including the general topics referenced in subparts (a) through (e) of this item.

2.    The development of the phrase "3D Visible Enterprise" for use by Unisys, including but not limited to:

    a.      the identification of all Unisys employees who participated in or contributed to said development;

    b.      the identification of all persons not Unisys employees who participated or contributed to said development;

    c.      all communications which contributed to, informed, led to, mentioned, discussed or reported said development, including but not limited to meetings, conferences, conversations, electronic or written correspondence, and the identification of all persons who sent, received, saw or heard any such communications;

    d.      the identification of all documents which evidence or memorialize any of the communications referred to in subparagraph "c," above.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

3

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about the initial "development" (as Unisys understands that term) of the 3D VISIBLE ENTERPRISE trademark, including the general topics referenced in subparts (a) through (d) of this item.

3. All past and current marketing, promotional, advertising and sales activities engaged in by Unisys, or by any third-party on Unisys' behalf or at Unisys' instruction or direction, which have employed or employ the phrase "3D Visible Enterprise," including but not limited to:

   a. the identification and description of all products and services marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "3D Visible Enterprise";

   b. the identification, description and dissemination of all written, printed, photographic or electronic marketing, promotional, advertising and sales literature employing or displaying the phrase "3D Visible Enterprise";

   c. the identification of customers who have purchased products or services from Unisys which were marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "3D Visible Enterprise";

   d. the identification of Unisys' employees responsible for the design, development, sale and delivery of all products and services marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "3D Visible Enterprise".

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about marketing, promotional and advertising activities involving the 3D VISIBLE ENTERPRISE trademark, including the general topic referenced in subpart (b) of this item.  Unisys further agrees to designate a witness or witnesses to testify about the services it provides under the 3D VISIBLE ENTERPRISE trademark, including the general topic referenced in subpart (a) of this item.  With respect to subpart (c), please refer to General Objection (v) in the Response of Defendant Unisys Corporation to First Interrogatories by Plaintiff, which is incorporated herein by reference.  With respect to subpart (d), Unisys declines to provide a witness or witnesses to testify on this topic as described.

4.      All past and current marketing, promotional, advertising and sales activities engaged in by Unisys, or by any third-party on Unisys' behalf or at Unisys' instruction or direction, which have employed or employ the term "Visible" as part of any trademark, service mark, advertising slogan, or of the name or designation of any product or service, including but not limited to:

    a.      the identification and description of all products and services marketed, promoted, advertised or sold under or in connection with such trademarks, service marks, names or designations;

    b.      the identification, description and dissemination of all written, printed, photographic or electronic marketing, promotional, advertising and sales literature employing or displaying the term "Visible" as part of any such trademark, service mark, advertising slogan, or of any such name or designation;

    c.      the identification of customers who have purchased products or services from Unisys which were marketed, promoted, advertised or sold under or in connection with any such trademark, service mark, name or designation;

    d.      the identification of Unisys' employees responsible for the design, development, sale and delivery of all products and services marketed, promoted, advertised or sold under or in connection with such the trademark, service mark, name or designation.

**<u>Response:</u>**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  With respect to subpart (c), please refer in particular to General Objection (v) above.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about marketing, promotional and advertising activities involving the 3D VISIBLE ENTERPRISE trademark and any other mark or slogan incorporating the term VISIBLE, including the general topic referenced in subpart (b) of this item.  Unisys further agrees to designate a witness or witnesses to testify about the services it provides under the 3D VISIBLE ENTERPRISE trademark and any other mark or slogan incorporating the term VISIBLE, including the general topic referenced in subpart (a) of this item.  With respect to subpart (c), Unisys agrees that once Visible Systems identifies the class of its customers and potential customers that it claims is relevant for purposes of the present dispute, Unisys will provide a witness or witnesses to testify about which of those persons, if any, is also a client of

5

Unisys for any 3D VISIBLE ENTERPRISE service. Unisys declines to provide a witness or witnesses to testify on the topic described in subpart (d).

5.    The development of the phrase "Business Blueprinting" for use by Unisys, including but not limited to:

    a.    the identification of all Unisys employees who participated in or contributed to said development;

    b.    the identification of all persons not Unisys employees who participated or contributed to said development;

    c.    all communications which contributed to, informed, led to, mentioned, discussed or reported said development, including but not limited to meetings, conferences, conversations, electronic or written correspondence, and the identification of all persons who sent; received, saw or heard any such communications;

    d.    the identification of all documents which evidence or memorialize any of the communications referred to in subparagraph "c," above.

    **Response:** Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

    Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify generally about the adoption and use by Unisys of the BUSINESS BLUEPRINTING trademark, the services provided under that mark, and the relationship between that mark and the 3D VISIBLE ENTERPRISE mark.

6.    All past and current marketing, promotional, advertising and sales activities engaged in by Unisys, or by any third-party on Unisys' behalf or at Unisys' instruction or direction, which have employed or employ the phrase "Business Blueprinting," including but not limited to:

    a.    the identification and description of all products and services marketed, promoted, advertised, sold or delivered marked, denominated or referred to by the phrase "Business Blueprinting";

    b.    the identification, description and dissemination of all written, printed, photographic or electronic marketing, promotional, advertising and sales literature employing or displaying the phrase "Business Blueprinting";

c.     the identification of customers who have purchased products or services from Unisys which were marketed, promoted, advertised sold or delivered marked, denominated or referred to by the phrase "Business Blueprinting";

d.     the identification of Unisys' employees responsible for the design, development, sale and delivery of all products and services marked, denominated or referred to by the phrase "Business Blueprinting".

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify generally about the adoption and use by Unisys of the BUSINESS BLUEPRINTING trademark, the services provided under that mark, and the relationship between that mark and the 3D VISIBLE ENTERPRISE mark.

7.     The designs of, functions of, purposes of, methodologies employed by, outputs of and intended uses of all products and services marketed, promoted, advertised, sold or delivered by Unisys marked, denominated or referred to by either of the two phrases "3D Visible Enterprise" or "Business Blueprinting," including but not limited to:

a.     the identification of all persons employed currently or in the past by Unisys who have knowledge of said designs, functions, purposes, methodologies, outputs and intended uses;

b.     the identification of all persons employed currently or in the past by Unisys who have made public statements on its behalf about said designs, functions, purposes, methodologies, outputs and intended uses.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about the services it provides and has provided under the 3D VISIBLE ENTERPRISE and BUSINESS BLUEPRINTING

trademarks, including the general topics referenced in the main part of this item. Unisys declines to provide a witness or witnesses to testify on the topics described in subparts (a) and (b).

8.    Unisys' purpose(s) in employing the phrase "3D Visible Enterprise," including but not limited to:

    a.    the range of products and services encompassed by the use of "3D Visible Enterprise"

    b.    the identification of all persons employed currently or in the past by Unisys who have knowledge of said purpose(s);

    c.    the identification of all persons employed currently or in the past by Unisys who have made public statements on its behalf about said purpose(s).

**Response:** Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about the decision to adopt and use the 3D VISIBLE ENTERPRISE trademark, including the general topic described in the main part of this item. Unisys further agrees to produce a witness or witnesses to testify about the services provided under the 3D VISIBLE ENTERPRISE mark, including the general topic described in subpart (a) of this item. Unisys declines to provide a witness or witnesses to testify on the topics described in subparts (b) and (c).

9.    Unisys' knowledge of and review of the document entitled "Local Rule 16.1 Joint Statement" filed jointly by the parties to this action with the Court at the Discovery Conference held on September 26, 2005, including but not limited to:

    a.    Unisys' knowledge and review of the version of said document presented to the Court by counsel at said Conference;

    b.    the identification of all persons employed by Unisys who read or reviewed said document prior to said Conference;

    c.    the education, training and employment history of all persons described in subparagraph "b," above.

**Response:** Unisys objects to this item on the grounds that it seeks information

8

that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Unisys further objects to this item on the ground that it is beyond the scope of discovery permitted under Rule 30(b)(6). Unisys declines to provide a witness to testify on the topics described in this item.

10.    The terms and provisions of all agreements, written or unwritten, between Unisys and any person listed as a "partner" of Unisys or as having a "partner relationship" or "alliance" with Unisys as such terms are used on or in connection with Unisys' website page www.unisys.com/about unisys/partners/alphabetical listina/index.htm as posted on February 24, 2006, including but not limited to:

   a.    The terms and provisions of any such agreements between Unisys and Computer Associates, IBM, Microsoft, Oracle and Proforma, including but not limited to:

      i.    whether and to what extent such terms and provisions provide for joint sales, solutions delivery or engineering;

      ii.    whether and to what extent such terms and provisions provide for the parties' participation in any marketing, promotional, advertising or sales activities marked, denominated or referred to by the phrase "3D Visible Enterprise";

      iii.    whether and to what extent such terms and provisions provide for Unisys' reselling of any goods or services provided by or originating with the other party to the agreement;

      iv.    the identification of all persons with knowledge of said terms and provisions;

      v.    the extent to which the parties have performed under said terms and provisions and the identification of all persons with knowledge of said performance.

   b.    Whether and to what extent the products and services offered for sale by any such person are comparable or competitive with any of the products or services sold by Visible.

**Response:** Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys. Please also refer in particular to General Objection (iv) above. Unisys also incorporates herein by

9

reference its previous objections to plaintiff's discovery requests on this topic, the objection to Interrogatory No. 12 in the Response of Defendant Unisys Corporation to First Interrogatories by Plaintiff.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about the general nature of the relationship between Unisys and the other companies listed on the identified website page, including the nature of the goods or services provided between Unisys and each such other company, and how those goods or services relate to the services provided by Unisys to its clients under the 3D VISIBLE ENTERPRISE trademark.

11.    The filing of trademark and/or service mark applications by Unisys for the purported trademarks or service marks "3D Visible Enterprise" and "Business Blueprinting," the substance of any contentions and responses made by Unisys or any representative of Unisys with respect to same, the substance of any communications between Unisys or any representative of Unisys and the United States Patent & Trademark Office with respect to same, and the result of or the abandonment or withdrawal by Unisys of any such application, including but not limited to the identification of all persons with knowledge of any of said applications, contentions, responses, communications, abandonments or withdrawals or having possession, custody or control of any documents evidencing or memorializing same.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys further objects to this item to the extent it seeks information that is a matter of readily accessible public record.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify generally about the adoption and use by Unisys of the 3D VISIBLE ENTERPRISE and BUSINESS BLUEPRINTING trademarks, including the history and status of the company's efforts to obtain federal trademark registration for these marks.

12.    The facts supporting Unisys' contention that the word "Visible" as used in either "3D Visible Enterprise" or in any registered trademark of the plaintiff, Visible, is a "descriptive" term as contended in Unisys' answers to Visible's interrogatories, including but not limited to the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

10

**Response:**  Unisys objects to this item on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine.  Unisys further objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

13.  The facts supporting Unisys' contention that one or more of Visible's state law claims are pre-empted by federal law and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

**Response:**  Unisys objects to this item on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine.  Unisys further objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

14.  The facts supporting Unisys' assertion of the affirmative defense of fair use and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

**Response:**  Unisys objects to this item on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine.  Unisys further objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

15.  The facts supporting Unisys' assertion of the affirmative defense of estoppel and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

**Response:**  Unisys objects to this item on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine.  Unisys further objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery

requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

16.    The facts supporting Unisys' assertion of the affirmative defense of unclean hands and the identification of all persons known to Unisys to have knowledge of said facts or having possession, custody or control of any documents evidencing or memorializing same.

**Response:**  Unisys objects to this item on the grounds that it seeks information protected by the attorney-client privilege and/or the work-product immunity doctrine.  Unisys further objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

17.    Whether, for what purposes and to what extent any of Unisys' corporate parents or affiliates, domestic or foreign, used or employed the phrase "3D Visible Enterprise" prior to July 2004 and the substance of any communications between Unisys and any such parent or affiliate with regard to same, including but not limited to:

a.    the identification of all persons employed by Unisys or by any such parent or affiliate with knowledge of such purposes, uses or employments and of any such communications;

b.    the identification of all persons employed by Unisys or by any such parent or affiliate who have possession, custody or control of any documents evidencing or memorializing such communications.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Please also refer in particular to  General Objection (iii) above, concerning activities outside the United States.

Subject to and without waiving its objections, Unisys states that to its knowledge no "corporate parents or affiliates" of Unisys used the 3D VISIBLE ENTERPRISE trademark prior to July 2004.  Therefore, Unisys will not produce a witness to testify as to this item.

18.    Any and all current or past marketing, promotional or advertising activities undertaken by or on the behalf or pursuant to the instructions of Unisys which

12

concern, use, refer to or make mention of the phrase "3D Visible Enterprise," including but not limited to:

a.   any and all such activities undertaken by Grey Advertising, the identification of all persons who have knowledge of such activities and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize any communications about or which mention such activities;

b.   any and all such activities undertaken by OneUpWeb (including but not limited to such activities as are related to Unisys' website and any other such activities having to do with the placement of online ads or web-links or web-related marketing or advertising) and the identification of all persons who have knowledge of such activities and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize any communications about or which mention such activities.

**Response:** Unisys objects to this item on the ground that it is duplicative of other items set forth herein. Unisys further objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to designate a witness or witnesses to testify about marketing, promotional and advertising activities involving the 3D VISIBLE ENTERPRISE trademark, including the general topics referenced in the main part and subpart (a) of this item, and may also include the topic referenced in subpart (b).

19.   Unisys' knowledge of Visible, its trademarks, service marks, products and services, on or before July 1, 2004, including but not limited to the identification of all Unisys' employees who, on or before said date, had received training in Visible Analyst or in any other software product produced by Visible and the identification of all persons employed by Unisys who have possession, custody or control of any and all documents which evidence or memorialize such training.

**Response:** Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Unisys further objects to this item to the extent it is duplicative of previous written

13

discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to produce a witness or witnesses to testify about whether anyone involved in the decision by Unisys to adopt and use the 3D VISIBLE ENTERPRISE trademark had knowledge, during the period specified, of plaintiff's claimed trademarks.

20.    Unisys' advertisements in print publications (e.g., trade magazine) on or before July 1, 2004, including but not limited to the identification of all such publications, the identification of all advertisements run by Unisys is said publications, the identification of all persons who have knowledge of such advertisements, and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such advertisments.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to produce a witness or witnesses to testify generally about the categories and/or names of print publications utilized by Unisys for advertising as of July 2004.

21.    Unisys' provision of software or hardware in support of, participation in or sponsorship of academic scholarships, courses, programs or competitions (collectively, "scholarships), including but not limited to the identification of all such scholarships, the identification of all persons who have knowledge of such scholarships, and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such scholarships.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Unisys declines to provide a witness to testify about the topics set forth in this item.

22.    The identification of all trade shows attended by Unisys or by any of its officers

14

or employees between July 1, 1997 and July 1, 2004, including but not limited to the identification of all such persons who attended such shows, and identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such attendance.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Unisys declines to provide a witness to testify about the topics set forth in this item.

23.    The definition of the market within which Unisys markets, promotes, advertises, sell or delivers goods or services marked, denominated or referred to by the phrase "3D Visible Enterprise, including but not limited to:

a.    the identification and definition of the channels of trade by which Unisys accesses said market;

b.    the identification and description of the class of prospective purchasers who constitute said market;

c.    the identification of all persons who have knowledge of said market, channels of trade or class of prospective purchasers and the identification of all persons who have possession, custody or control of [*sic*]

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to produce a witness or witnesses to testify about marketing, promotional and advertising activities involving the 3D VISIBLE ENTERPRISE trademark, including the general topics referenced in the main part and subparts (a) through (c) of this item.  Unisys further agrees to designate a witness or witnesses to testify about the services it provides under the 3D VISIBLE ENTERPRISE trademark, including the general topics referenced in the main part and subpart (b) of this item.

15

24.    The identification, by Interrogatory Answer, of each and every person who provided information included in Unisys' Answer to Interrogatories served upon Visible in this action and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such information.

**Response:**  Unisys objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

25.    The identification, by Response, of each and every person who provided information or documents included in Unisys' Response to Document Production Request served upon Visible in this action and the identification of all persons who have possession, custody or control of any and all documents which evidence or memorialize such information or documents.

**Response:**  Unisys objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys declines to provide a witness to testify on the topics described in this item.

26.    Unisys' document retention policies applicable to any of the documents referred to in paragraphs 1-25, above, including but not limited to the identification of all persons employed by Unisys responsible for the enforcement of said policies as applied to said documents or who have in their possession, custody or control documents which evidence or memorialize said policies.

**Response:**  Unisys objects to this item on the grounds that it seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.

Subject to and without waiving its objections, Unisys agrees to produce a copy of the document retention policy or policies applicable during the period since Unisys first received notice of the present trademark dispute.

27.    The involvement and extent of knowledge with respect to "3D Visible

16

Enterprise" on the part of current and former Unisys officers, executives, employees, and consultants, including without limitation those identified by Unisys in its initial disclosures and answers to interrogatories in this action, and including without limitation Joseph McGrath, Lawrence Weinbach, and Dominic Cavuoto.

**Response:**  Unisys objects to this item on the grounds that it is impermissibly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisys further objects to this item to the extent it is duplicative of previous written discovery requests by plaintiff, and/or to the extent it seeks information already disclosed in responses and documents provided by Unisys.  Unisys objects to this item on the ground that it exceeds the scope of permissible deposition discovery under Rule 30(b)(6).

Subject to and without waiving its objections, Unisys agrees to produce a witness or witnesses to testify about the nature of the involvement in the decision to adopt and use the 3D VISIBLE ENTERPRISE trademark by each of the individuals listed in the answer to Interrogatory No. 1 in the Responses of Defendant Unisys Corporation to First Interrogatories by Plaintiff, and by the other individuals identified in this item.

> **Defendant,**
> **UNISYS CORPORATION**,
> By Its Attorneys,
>
>
> /s/ William L. Boesch
> Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
> William L. Boesch, BBO No. 558742 (boesch@srbc.com)
> SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
> 101 Merrimac Street
> Boston, MA 02114
> 617-227-3030

Dated: March 16, 2006

374839.8

17

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION, | |
| Plaintiff | |
| v. | C.A. No. 04-CV-11610-RGS |
| UNISYS CORPORATION, | |
| Defendant | |

## ORDER

IT IS HEREBY ORDERED, in response to Plaintiff Visible Systems Corporation's "Motion to Compel Compliance with 30(b)(6) Deposition Notice" filed with this Court on April 5, 2006, as follows:

1. The objections set forth in Defendant Unisys Corporation's "Preliminary Objections and Responses by Defendant Unisys Corporation to Plaintiff's Rule 30(b)(6) Deposition Notice" are overruled and stricken;

2. Defendant Unisys Corporation shall designate and prepare one or more witnesses to testify fully, completely and unevasively as to each and every matter set forth in Plaintiff's "Notice of Deposition Pursuant to Rule 30(b)(6)" served on March 6, 2006 at a time and place to be agreed upon by the parties within _____ days of the date of this Order; and

3. Defendant Unisys Corporation shall pay Plaintiff's reasonable costs and attorneys fees related to the bringing of the instant motion.

SO ORDERED:

_____
Stearns, J.

DATED: