UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>     Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>     Defendant | Civil Action No. 04-CV-11610-RGS |

**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF MOTIONS TO COMPEL**

  Defendant Unisys Corporation's (Unisys') Opposition to Plaintiff Visible Systems Corporation's (Visible's) two motions to compel, lacking legal and factual support for Unisys' extensive objections, relies on lengthy complaints about Visible's conduct during discovery, along with protestations of Unisys' consistent cooperation.

  The true extent of Unisys' cooperation can be measured by a simple fact: Unisys has produced a grand total of 218 documents, in a major trademark litigation, involving Unisys' use of "Visible" in a massive company-defining branding campaign.

  While Unisys protests that it has produced documents concerning its choice of the "Visible" name, and concerning involvement of key Unisys persons in the "3D Visible Enterprise" launch (Opp. at 12-13), Unisys cites no such documents, and no such documents have been produced. The earliest of the 56 emails Unisys produced dates from mid-December 2003 and reveals that the mark had already been selected. Unisys represents that an advertising agency selected the mark. For a mark of overriding corporate significance, it is inconceivable that Unisys executives, as well as Unisys

persons centrally involved in the enterprise modeling initiative, were not intimately involved in reviewing and deciding upon the mark.

Unisys' paltry production is the direct result of Unisys' massive array of unwarranted objections. Unisys' obstruction of the discovery process, moreover, should not be allowed to hide behind a wall of accusations, as those accusations are completely groundless.

Visible has dealt forthrightly with Unisys throughout. Complaining immediately upon receiving Unisys' discovery responses in February, Visible provided detailed comments in the format of a draft motion to compel on March 6, 2006. Visible negotiated with Unisys for three weeks after that date. By March 23, 2006, Unisys clearly identified those areas where it would supplement, and those requests and interrogatories as to which it would not move. On that date, counsel for Unisys and Visible also discussed Unisys' position on all 30(b)(6) topics; Unisys stuck to all its objections and refusals to designate. On March 27, 2006, Unisys made a supplemental production that brought its documents produced to a total of 218, demonstrating that Unisys would only be responsive if compelled. All possible issues had been narrowed by the last week of March; all other issues were at full impasse.

Visible's undersigned counsel nevertheless asked Unisys on March 27 for a telephone conference on the 29th – to receive an update about when Unisys would supplement answers as agreed and provide information about its electronic document system – which Visible had requested three weeks earlier. Unisys' counsel was not available for the 29th, so Visible suggested the 30th or 31st. Unisys gave no response. On April 5, 2006, eight days after requesting this final conference, Visible filed the motions to compel.

As to the 30(b)(6) deposition, Visible gave Unisys no reason to avoid Unisys' obligation to file for a protective order.  Visible informed Unisys prior to the return date that Visible rejected Unisys' objections.  Visible counsel attempted to negotiate as to each subject matter – without success – and *after* the return date has passed.  The impasse between the parties is irresolvable short of a motion to compel.

Now that Unisys has given some information about its email system (Opp. at 10-11) – just enough to claim that electronic searches are impossibly burdensome – Visible submits that it will accept the following as responsive to its electronic search request: search of the Unisys intranet/extranet sectors devoted to Business Blueprinting for the word "visible"; searches of any Unisys HR Department databases containing employee resumes for the word "Visible"; and search of up to 50 individual Unisys email accounts, of persons identified by Visible during upcoming discovery, for the word "Visible."

Finally, since Unisys complains about Visible's discovery response, it is relevant to note that Visible has produced more than 20,000 emails, in easily searchable format, and has offered every relevant category of its files for inspection and copying, ever since late November 2005 when Visible served its responses.  One party has literally opened the company files to its adversary.  The other has produced extraordinarily little.

Unisys apparently seeks to justify its cavalier treatment of discovery by belittling Visible's claims in light of other companies named "Visible Systems" (Opp. at 4 & n.1).  Suffice it to say, at this stage of the litigation, that only two companies are persisting in using the name "Visible" in the field of enterprise modeling goods and services:  Unisys and Visible.  This is a significant case that requires substantial discovery.

        Plaintiff, VISIBLE SYSTEMS CORPORATION

        By its attorneys:

        _____/s/ Stephen H. Galebach_____
        Stephen H. Galebach, BBO # 653006 (galebach@galebachlaw.com)
        Joseph E. Rendini, BBO # 542746 (rendini@galebachlaw.com)
        GALEBACH LAW
        One Knollcrest Drive
        Andover, MA 01810
        978-258-5300

        and

        Lawrence M. Kraus, BBO # 564561 (lkraus@foley.com)
        Carrie J. Fletcher, BBO # 642369
        FOLEY & LARDNER LLP
        111 Huntington Avenue
        Boston, MA 02199
        617-342-4000

Dated: April 21, 2006

## Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electonic Filing (NEF).

        _____/s/__ Stephen H. Galebach_____
        Stephen H. Galebach