UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION, | |
| Plaintiff | |
| v. | Civil Action No. 04-CV-11610-RGS |
| UNISYS CORPORATION, | |
| Defendant | |

## MOTION OF DEFENDANT UNISYS CORPORATION
## TO AMEND PRE-TRIAL SCHEDULE

The defendant, Unisys Corporation, hereby moves for an order amending the remaining portions of the pretrial schedule in this matter, as set forth in the Clerk's Notes of the initial scheduling conference held on September 26, 2005, as follows:

| Phase | Current Completion Deadline | Proposed Completion Deadline |
|---|---|---|
| Fact Discovery | None stated[1] | October 31, 2006 |
| Supplemental/Rebuttal Expert Disclosures | July 14, 2006 | November 15, 2006 |
| Dispositive Motions | August 1, 2006 | November 30, 2006 |
| Oppositions to Dispositive Motions | September 1, 2006 | December 31, 2006 |
| Reply Memos re: Dispositive Motions | September 21, 2006 | January 21, 2007 |

---

[1] In their Joint Statement filed with the Court in anticipation of the scheduling conference, the parties proposed a deadline of June 23, 2006.

| Expert Depositions | September 21, 2006 | January 21, 2007 |

As grounds for this motion, Unisys states as follows:

1.      This is a trademark dispute in which the plaintiff, Visible Systems Corporation, challenges the use by the defendant, Unisys, of the trademark 3D VISIBLE ENTERPRISE. Visible Systems contends that Unisys is infringing its trademarks VISIBLE SYSTEMS CORPORATION and VISIBLE SYSTEMS, and its registered mark VISIBLE.  Visible Systems asserts claims for trademark infringement and dilution, and unfair competition, under federal law and under Massachusetts law.  It also contests the right of Unisys right to register 3D VISIBLE ENTERPRISE as a United States trademark.  Unisys denies all of Visible Systems' claims.  It has also asserted a counterclaim in which it contends that the term VISIBLE, as used in Visible Systems' registered trademarks, is a merely descriptive or functional term, and has not become distinctive of Visible Systems' goods or services in commerce, within the meaning of 15 U.S.C. §§ 1051 *et seq.*  Under these circumstances, certain of plaintiff's marks incorporating the term VISIBLE, including those marks using the term VISIBLE alone, are not properly subject to federal registration and, where not granted "incontestable" status under applicable law, are subject to cancellation.  Accordingly, Unisys seeks to have this Court order the cancellation of the registrations.

2.      While a substantial portion of the fact discovery in this case has already been completed, the discovery has proceeded somewhat more slowly than the parties anticipated at the time of the initial scheduling conference in September 2005.  Among the reasons for this are the following:

        a.   In late 2005 and early 2006, the undersigned lawyer principally responsible for

2

coordinating Unisys's responses to discovery requests was involved in preparing for and participating in the jury trial of a complex matter before Magistrate Judge Collings in this district court, a trial that took place between January 9 and February 2, 2006.[2]  Preparation for and trial of that matter occupied substantially all of counsel's time between mid-December and early February.  During this period, by agreement of counsel, commencement of the exchange of requested documents by both parties was deferred.  The parties commenced this process on February 22, 2006.

b.    A number of disagreements have arisen between the parties about their respective responses to the other's discovery requests.  These disagreements have been the subject of extensive discussions between counsel over the past three months.  On April 5, 2006, Visible Systems filed a motion to compel further discovery from Unisys.  Unisys opposed the motion, and it is currently awaiting a hearing by the Court.  Unisys's objections to Visible Systems' discovery responses are the subject of active ongoing discussions between counsel (see the memorandum of issues attached hereto as Exhibit A).  To the extent these issues cannot be resolved by agreement, however, a motion by Unisys may be necessary.

c.    Both parties are still engaged in the process of identifying, obtaining and producing documents and information responsive to the other party's requests.  In Unisys's case, its outside and in-house lawyers and staff have been working diligently and on a near-daily basis on this process—which has been

---

[2]  The case was *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, et al.*, Civil Action No. 01-10327-RBC.

complicated by, for example, the fact that certain documents and information may implicate confidentiality agreements or understandings Unisys has with its clients, and with "strategic partners" about whom Visible Systems has inquired. Thus, even given the Protective Order entered by the Court in this case with respect to the *parties'* confidential business information, Unisys has had to take steps to ensure that the potential rights and interests of such *non-parties* are appropriately protected or otherwise addressed. Such concerns, combined with the sheer technical complexity of the subject matter of much of the information being reviewed, has necessarily resulted in delays in the production process, despite the best efforts of those involved.

    d.    Visible Systems has to date produced business records including over 10,000 pages of scanned documents, database entries for more than 35,000 customers and potential customers, and more than 40,000 e-mails and attachments. Review by Unisys's counsel of these documents has been active and ongoing, but assuming that the discussions with Visible Systems' counsel do not result in a substantial narrowing of this production, the review will continue to be time-consuming.

    3.    Because of the delays in completion of "paper" discovery, no depositions have yet been scheduled by either party.

    4.    Unisys believes that a 120-day extension of the remaining deadlines in the pre-trial schedule is reasonably necessary to accomplish the remaining tasks.

**Defendant,**
**UNISYS CORPORATION,**
By Its Attorneys,




_____/s/ William L. Boesch_____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030


Dated: May 25, 2006


Certificate of Compliance with Local Rules

     I hereby certify that the requirements of Local Rule 7.1, as they apply to this motion, have been met.


_____/s/ William L. Boesch_____ _____


377752.1

5