## William L. Boesch

| | |
|---|---|
| **From:** | Stephen Galebach [galebach@comcast.net] |
| **Sent:** | Tuesday, May 16, 2006 2:46 PM |
| **To:** | William L. Boesch |
| **Subject:** | Re: Visible Systems/Unisys |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

William,

See my responses interspersed below.

Steve

> ----- Original Message -----
> **From:** William L. Boesch
> **To:** Stephen Galebach
> **Sent:** Tuesday, May 16, 2006 8:37 AM
> **Subject:** Visible Systems/Unisys
>
> Steve:
>
> This will provide a summary of our telephone conference on Friday about the various issues arising from Visible Systems' discovery responses, and other discovery matters.  Naturally, please let me know if I have misunderstood any part of the discussion.
>
> 1.  We discussed reasonable measures, as contemplated by paragraph 3.2.1 of the protective order in this case, for protecting against unauthorized disclosure of protected information shared with in-house counsel.  I proposed that on this side of the case, access would initially be given to three individuals within the Unisys Office of General Counsel who have been principally involved in work on this case.  (The three are a lawyer and a paralegal at Unisys's location in Reston, Virginia, and a lawyer in Blue Bell, Pennsylvania.  I indicated that there might be reason in the future to give access to additional personnel within the Office of General Counsel, but that we would let you know before this occurred.)  I said that we plan to give remote access (password protected) to a computer server hosting a static version of our Summation database, and you agreed this was acceptable.  I also proposed that the users should have the ability to print or obtain hard copies of documents to the extent they deem it necessary to conduct their work.  These copies would be kept in segregated and clearly marked confidential files within the Office of General Counsel, and/or within the personal possession of the professionals involved, and no access to the files by anyone outside the Office or any other unauthorized person would be permitted.  You agreed to consider this proposal and to provide a response this week.
>
> SHG:  Proposal is accepted.
>
> 2.  We discussed the current discovery deadline and the need to schedule depositions.  I asked you to provide available deposition dates for several Visible Systems witnesses (Mr. Cagliuso, Mr. Cesino, John Nash), and gave you the most recent available dates for Ralph Welborn.  You said that you wanted to reflect further on whether depositions should be scheduled now, in view of the pending discovery motion, and to get back to me on that question, and the matter of specific dates, this week.
>
> SHG:  Need more time to consider, and will discuss further later this week.
>
> 3.  We discussed the issues raised by my letter of May 8.

    (a)    Items (1) and (2) of my letter had been addressed by your representations in an e-mail prior to our conference.

    (b)    As to Item (3) of my letter, you agreed that Visible Systems will prepare and produce financial reports from its accounting system for the period 2001 to present similar to those produced in paper form for the previous years.  These should be in a form sufficient to respond to any interrogatory as to which Visible Systems responded by refering Unisys to information in the accounting system--for example, Interrogatories No. 2(e), 4(e), 7, discussed in Item (8) of my letter.

SHG: 2001-05 income statements are being generated today.  I will need some time to review them and produce them.  Sales revenue by year and product/service category is being prepared; it is a lengthier process and I expect to be able to produce it within the next two weeks.

    (c)    We agreed that Items (4), (6), (7) and (10) of my letter are to be addressed further between the paralegals and technical people in our respective offices.  The contacts here are Joseph Thomas (thomas@srbc.com) and Laura Phair (phair@srbc.com).

    (d)    We discussed the fact that Visible Systems has produced tens of thousands of pages of business records that in many cases have not been sorted for potential relevance to any issue in this case. (See Items (8), (10), and (11) of my letter.)  I have proposed that where an interrogatory response refers to a particular record or set of records, Visible Systems should specify in its answer the Bates number or range for the documents.  This was the position you took with respect to Unisys's interrogatory answers, and as you know Unisys agreed to provide such further specificity in many instances, and has done so (see Unisys's supplemental answers to interrogatories).  Likewise, I suggested that to the extent Visible Systems knows there are particular records within the tens of thousands on which it relies in support of its claims, it should identify those documents now.  As I understand your position, however, Visible Systems is not willing to provide any additional information in this regard.  If this is incorrect, please clarify your position.

SHG: Will discuss further in light of the reports being generated by Visible.

    (e)    You have represented that information sufficient to clearly answer Unisys's Interrogatories No. 2(e), 4(e) and 7 (see Item (8) of my letter) can be found in the annual financial reports produced by Visible Systems for the years through 2000, and in the further reports for later years that are to be produced shortly (see 3(b) above).

SHG: Such reports are being generated by Visible, and I will discuss further as soon as they are available for my review.

    (f)    You have indicated that the missing document referenced in Item (9) of my letter will be produced shortly.

SHG: Lehman Bros report will be produced this week along with a rescanned image and two inadvertently omitted documents from Visible's production.

    (g)    With respect to Item (11) of my letter, you confirmed that Visible Systems' method of identifying and producing electronic documents from its e-mail system was to select three of its executives, and to produce all or substantially all of the e-mail boxes of each.  No efforts have been made, as I understand, to conduct searches of other employees' electronic documents on the e-mail system.  I urged you to reconsider this approach.

SHG: Visible identified the four Visible employees/officers whose email files substantially reflect sales and related activities of products/services bearing the Visible family of marks, after appropirate inquiry among Visible's employees and officer.  Visible produced the email files relevant to Unisys' document requests.  The files are in .pst format suitable for import into Microsoft Outlook, fully searchable electronically.  As I mentioned

in our telcon of 5/12/06, if you have an authority contrary to this assertion, please let me know what it is.

4.   We discussed Visible Systems' inadequate response to Unisys's Interrogatory No. 9, concerning the history of its website.  You indicated that notwithstanding Visible Systems' statement in its answers that it would produce "backup copies of its website on disc," in fact no such copies exist.  Would you please provide an explanation as to why this is so, and why Visible Systems gave the answer it did.  I also asked that you provide further information about which of the 16 outside vendors identified by Visible Systems is most likely to have discoverable information about the website, and you agreed to inquire on this subject.

SHG:  I am inquiring with the client and expect further information this week.

5.   We discussed Visible Systems' inadequate response to Unisys's Interrogatory No. 20, concerning alleged damages.  You agreed to supplement this response.

SHG:  After you raised this issue in our conversation, I reviewed Visible answers, and they appear adequate.  Your further questions are appropriate for deposition, but do not require a further response.  You stated today that you are asking for a further explanation of how the calculation was done.  You say you are entitled to explanation of where the projected sales figures come from, what products and services they related to, and how they were calculated.  Also, you ask if there is any basis for the failure to meet sales expectations corresponding in time to actions by Unisys, and is there any effort to explain causal factors.  I will look further into this and be prepared to talk later this week.

I look forward to talking with you again today as scheduled.

SHG:  We agreed in our telcon today to speak again at 2:30pm Friday May 19th.

William

William L. Boesch
boesch@srbc.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114
tel: 617.227.3030
fax: 617.523.4001
www.srbc.com

This message is intended only for the designated recipient(s).
It may contain confidential and/or proprietary information and
may be subject to the attorney-client privilege or other confidentiality
protections. If you are not a designated recipient, you may not
review, copy or distribute this message. If you received this
transmission in error, please notify the sender by telephone
(617.227.3030) or by reply e-mail and delete this message.