UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Visible Systems CORPORATION,<br><br>                Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>                Defendant | Civil Action No. 04-CV-11610-RGS |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER CONCERNING PROPOSED DEPOSITION OF JOSEPH W. MCGRATH

In this trademark case, the plaintiff has issued a notice seeking the oral deposition of Joseph W. McGrath, the President and Chief Executive Officer of the defendant, Unisys Corporation. Pursuant to Fed. R. Civ. P. 26(b)(2) and (c), Unisys hereby moves that this Court enter a protective order requiring that plaintiff first conduct any deposition of Mr. McGrath on written questions, as provided in Fed. R. Civ. P. 31.

As set forth in more detail in the accompanying memorandum, based on the evidence developed in discovery to date, the proposed oral deposition of Mr. McGrath fails to satisfy the standards set forth in Fed. R. Civ. P. 26(b)(2) with respect to the necessity, reasonably expected benefits, and burdens of such an extraordinary discovery request.[1] While Unisys maintains that no deposition of Mr. McGrath is warranted in this case, in the interest of compromise it has suggested to plaintiff that it first follow the written-questions procedure set forth in Rule 31, after

---

[1] This Motion has the following Exhibits, filed electronically herewith: A. Dun & Bradstreet Report (Visible Systems Companies); B. Dun & Bradstreet Report (Plaintiff Visible Systems); C. Visible Systems Trademark Registration; D. USPTO Listing of VISIBLE Trademarks; E. Rule 30(b)(6) Deposition of Unisys (Ralph Welborn) (excerpt); F. Deposition of Ellyn Raftery (excerpt); G. Rule 30(b)(6) Deposition of Unisys (David Wright) (excerpt).

2

which the parties (and, if necessary, the Court) can evaluate, based on a properly developed record, whether despite all appearances from the evidence to date, the proposed oral deposition of Mr. McGrath is indeed justified under the circumstances of this case because of his unique knowledge about one or more material issues. This procedure will not result in any unfair prejudice to the plaintiff, or, if expeditiously accomplished, any undue interference with the orderly disposition of this case.

Unisys therefore respectfully requests that the Court issue an order precluding plaintiff from taking the proposed oral deposition of Mr. McGrath, without prejudice to plaintiff's seeking a further order permitting the deposition, based on a showing that a deposition on written questions has revealed areas of unique personal knowledge.

<u>Request For Oral Argument</u>

Pursuant to Local Rule 7.1, Unisys respectfully requests a hearing on thisMotion.

**Defendant,**
**UNISYS CORPORATION**,
By Its Attorneys,

__/s/ William L. Boesch_____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030

Dated: September 19, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

__/s/ William L. Boesch_____

LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I hereby certify that counsel for Unisys Corporation has consulted with opposing counsel on various occasions prior to filing this Motion in an effort to resolve or limit the issues involved. As Unisys's counsel understands plaintiff's counsel's position, he is unwilling to conduct a deposition on written questions, insists on his right to conduct an oral deposition of Mr. McGrath in the first instance, and therefore opposes this motion.

__/s/ William L. Boesch_____

381771.1