UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VISIBLE SYSTEMS CORPORATION,** a Massachusetts Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**UNISYS CORPORATION,** a Delaware Corporation,<br><br>**Defendant.** | C.A. No. 04-CV-11610-RGS |

**PLAINTIFF'S MOTION FOR LEAVE
TO SUPPLEMENT EXPERT DISCLOSURE
AND TAKE DEPOSITION OUT OF TIME**

Plaintiff Visible Systems Corporation ("Visible") hereby moves for leave to supplement the disclosure of Visible's testifying expert Dr. Malcolm G. Lane and to take the deposition out of time of Unisys's employee Louise Till. As explained in Visible's Memorandum in Opposition to Defendant's Motion for Summary Judgment[1] and as set forth herein, Visible needs the expert supplementation and the deposition of Ms. Till in order to present at trial important aspects of Visible's case that arise from Unisys's thirteenth-hour production of vital documents with respect to Unisys's 3D Visible Enterprise engagement with the Police Information Technology Organization ("PITO") of the United Kingdom (the "PITO Documents").

The PITO Documents have taken on particular importance in this case because they are the only substantial output documents that Unisys has produced from any of its 3D Visible Enterprise client engagements.

---

[1] See Opposition at 11-13 & n.28.

Visible's present Motion is made necessary by Unisys's delayed production of the PITO Documents. Visible sought to obtain such documents from Unisys early in discovery. Visible's First Requests for Production, served on November 23, 2005, included the request that Unisys produce:

> One typical "3D Visible Enterprise" output document for each of the following markets in which Unisys has provided services related to "3D Visible Enterprise": (a) banking/financial; (b) justice/court system; (c) state government agency other than justice/court system; (d) federal government agency other than justice/court system; (e) telecommunications; (f) transportation; (g) electric or other utility; (h) insurance; (i) integrated circuits or other electronics; (j) any large business enterprise; (k) any small business enterprise.

Request for Production No. 26. Unisys objected to this request and produced no responsive documents. The PITO Documents were also responsive to Visible's Request for Production No. 20, requesting, "All emails and all other electronic documents containing the word 'visible' or 'Visible' or 'VISIBLE.'"

At a hearing before Magistrate Judge Bowler on July 18, 2006 on Visible's motions to compel, Unisys was instructed to produce what it could, given limitations including client confidentiality concerns, in response to Request No. 26. With regard to Request No. 20, the parties were instructed to confer and Unisys was instructed to produce responsive emails from a limited number of relevant email accounts to be agreed between the parties.

Counsel conferred during the ensuing two months, as Unisys searched for and reviewed responsive documents. On September 22, 2006, the cut-off date for fact discovery, Unisys was still identifying and reviewing responsive documents. On that day, counsel for Unisys agreed to produce certain further documents, and counsel for Visible agreed accordingly not to file a further motion to compel at that time. Counsel conferred through October as to Unisys's process of reviewing documents for production. On November 6, 2006 Unisys provided the PITO

2

Documents to Visible in a production of documents numbered Unisys 6612 through 8500. Visible promptly inspected the PITO Documents on November 7 and 8, 2006 and held an initial telephone conference with Unisys's counsel, at which the parties were not able to agree as to the significance of the PITO Documents or the need for further discovery related to them.

Not wanting a major delay in the summary judgment briefing schedule or the subsequent trial, Visible proceeded to oppose Unisys's Motion for Summary Judgment that was filed on November 10, 2006, without seeking reopening of discovery or a delay under Rule 56(f). Visible chose this course because (1) Visible seeks a trial at the earliest possible time; (2) Visible was able by affidavit to submit facts sufficient to justify denial of summary judgment; and (3) Visible is willing, in the context of the summary judgment motion, to rely *inter alia* upon the PITO documents on their face, supplemented by reasonable inferences drawn in favor of Visible as the nonmoving party, and the affidavit of Dr. Malcolm G. Lane of December 18, 2006, which was filed as Exhibit 4 to Visible's Memorandum in Opposition to Summary Judgment.[2]

Visible files this Motion now so that Visible will have full and proper ability to present key aspects of its case at trial. The supplementation of Dr. Lane's expert disclosure is necessary because the PITO Documents provide Dr. Lane with the ability to systematically establish the point-by-point similarity between Unisys's 3D Visible Enterprise toolset and methodology, and the toolset and methodology of Visible, in a more precise and comprehensive manner than Dr. Lane was able to do in the absence of the PITO Document production. *See* Lane Affidavit, Ex. A hereto, ¶¶ 7-8, 11.

The deposition of Louise Till is necessary in order to establish matters of authenticity, meaning, and context as to the PITO Documents. Ms. Till is the Unisys employee who was the project manager for Unisys's 3D Visible Enterprise engagement with PITO. It is apparent from

---

[2] An additional copy of the Lane Affidavit is filed herewith as Exhibit A to this Motion.

3

the PITO Documents on their face that Ms. Till was centrally involved with respect to a large number of such documents. While other depositions -- of PITO personnel and of Unisys' project partner Adaptive Corporation -- could be justified under the circumstances, for reasons of time and economy Visible seeks only to depose Ms. Till as the most centrally important witness.

Visible respectfully submits that the requested supplementation of Dr. Lane's disclosure can be done expeditiously and with no need to delay the trial of this case. It is also reasonable to expect that Unisys can make its employee Louise Till available for deposition promptly at Unisys's principal offices in Blue Bell, Pennsylvania or such place as counsel mutually agree, again with no need for delay of trial.

Unisys will not be prejudiced by the relief that Visible seeks, as the relief is the most economical and efficient way possible to allow Visible to present and explain at trial the highly relevant documents that Unisys produced after the close of fact and expert discovery. Moreover, it is well established that the Court possesses broad authority and discretion to manage pretrial matters and discovery. *See Fusco v. General Motors Corp.*, 11 F.3d 259, 265-67 (1st Cir. 1993).

## Conclusion

Accordingly, Visible requests the Court to allow supplementation of Dr. Lane's expert disclosure and to take the deposition of Louise Till, in order to make it possible for Visible to prepare a crucial part of Plaintiff's case for trial.

Plaintiff,

VISIBLE SYSTEMS CORPORATION,

By its attorneys,

_____/s/Stephen H. Galebach_____
Stephen H. Galebach, BBO #653006
GALEBACHLAW
9-11 Touro Avenue
Medford, MA 02155
781-874-2239

and

Lawrence M. Kraus, BBO # 564561
Carrie J. Fletcher, BBO # 642369
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000

January 12, 2007

### STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.1

Counsel for Plaintiff Visible Systems Corporation conferred by telephone with Counsel for Defendant on January 2, 2007 concerning the substance of this motion, pursuant to Local Rule 37.1. Counsel were unable to reach agreement.

### Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_____/s/Stephen H. Galebach_____          Date: January 12, 2007
Stephen H. Galebach