UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

**UNOPPOSED MOTION OF DEFENDANT UNISYS CORPORATION
FOR LEAVE TO FILE REPLY MEMORANDUM IN EXCESS
OF TWENTY PAGES**

Pursuant to Local Rule 7.1(B)(4), the defendant, Unisys Corporation ("Unisys"), hereby moves for leave to file a Reply Memorandum of 33 pages in support of its Motion for Summary Judgment in this matter. The plaintiff, Visible Systems Corporation ("VSC"), has indicated that does not oppose this request. As grounds for this motion, Unisys states as follows:

This is a trademark infringement case involving the right of Unisys to use the phrase 3D VISIBLE ENTERPRISE in connection with its information technology-based consulting services. VSC, a Lexington, Massachusetts software company, uses the word VISIBLE in the name of its company and a number of its software products.

VSC asserts in its complaint claims of trademark infringement under 15 U.S.C. § 1114 and Massachusetts common law, and unfair competition under 15 U.S.C. § 1125(a) and Mass. Gen. L. ch. 93A. VSC also makes a claim of trademark dilution under 15 U.S.C. § 1125(c) and Mass. Gen. L. ch. 110B, § 12. VSC seeks injunctive and other equitable relief barring Unisys from using 3D VISIBLE ENTERPRISE as a trademark. It also seeks damages in the form of alleged lost sales, and seeks to have Unisys "account for and pay over... all gains, profits and

advantages derived" from the alleged infringement. Finally, VSC asserts a separate claim seeking a declaration that Unisys's 3D VISIBLE ENTERPRISE mark may not be registered as a federal trademark.

Granting a previous assented-to motion under Rule 7.1(B)(4), the Court gave Unisys leave to submit a memorandum of up to 35 pages in support of its Motion for Summary Judgment in this matter, and granted VSC leave to file an opposition memorandum of the same length.

In its opposition, VSC focuses on a theory of likely "reverse confusion" in this case, a theory markedly different from the ordinary claim of likely consumer confusion typically made by the plaintiff in a trademark infringement case. In order to address all of the various factors considered by the courts with respect to the likelihood of reverse confusion, and to adequately respond to the arguments made by the plaintiff in its opposition, Unisys's counsel have prepared a memorandum of 33 pages, which counsel believe is a length reasonably necessary under the circumstances.

WHEREFORE, Unisys respectfully requests that this Court grant it leave to file a Reply Memorandum in support of its Motion for Summary Judgment of 33 pages. As noted, VSC has indicated that it does not oppose this request.

Dated: January 15, 2007

        Defendant,
        UNISYS CORPORATION,
        By Its Attorneys,

        _____/s/ William L. Boesch_____
        Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
        William L. Boesch, BBO No. 558742 (boesch@srbc.com)
        Matthew C. Welnicki, BBO No. 647104 (Welnicki@srbc.com)
        SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
        101 Merrimac Street
        Boston, MA 02114
        617-227-3030

### CERTIFICATE AS TO CONFERENCE OF COUNSEL

    I hereby certify that counsel have conferred with respect to the relief sought in this motion. As noted above, VSC's counsel have indicated that VSC does not oppose the motion.

        _____/s/ William L. Boesch_____

### CERTIFICATE OF SERVICE

    I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

        _____/s/ William L. Boesch_____

386617.2