UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

**MOTION OF UNISYS CORPORATION TO STRIKE SUMMARY
JUDGMENT EXHIBITS SUBMITTED BY PLAINTIFF**

In opposing the Motion for Summary Judgment filed by defendant Unisys Corporation in this matter, plaintiff Visible Systems Corporation ("VSC") belatedly and improperly seeks to supplement its previous inadequate expert disclosures in three different ways. First, it submits new affidavits from its two disclosed experts, Clement Cote and Malcolm Lane,[1] addressing matters that were not set forth in their Rule 26 reports. Second, it submits new expert testimony in an affidavit from Clive Finkelstein,[2] who was not identified as an expert witness or properly disclosed as a fact witness. And third, it submits an article from the *Journal of Marketing Research* discussing consumers' evaluations of advertised products.[3] As set forth further below, all of this proposed evidence should have been disclosed in discovery, and since it was not, the exhibits should be stricken and disregarded by the Court in ruling on Unisys's Motion for Summary Judgment.

---

[1] VSC's Summary Judgment Exhibits. 3, 4.
[2] VSC's SJ Exh. 6.
[3] VSC's SJ Exh. 50.

### I.    The Cote and Lane Affidavits Should Be Stricken

The mandate of the Rules of Civil Procedure is clear: a party must make certain disclosures during discovery or face later exclusion of that evidence.  Referring to the portions of Rule 26 dealing with automatic disclosures and the duty to supplement disclosures and discovery responses, Rule 37 says,

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed."[4]

As the First Circuit has summarized, "the required sanction in the ordinary case" of nondisclosure "is mandatory preclusion."[5]

VSC was required, by a deadline established in this case, to identify any expert witnesses on which it planned to rely and to provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(B).  VSC identified two proposed experts, Malcolm Lane and Clement Cote, and provided Unisys with a brief report for each.[6]  Fact discovery in the case closed on September 22, 2006, the deadline for supplemental expert reports was September 26, 2006, and the period for expert depositions closed on October 24, 2006.  VSC sought no extension of these deadlines (indeed, it opposed a motion by Unisys that would have extended them) and never suggested that anything prevented Mr. Lane or Mr. Cote from providing timely and adequate disclosures of their proposed testimony.

In its Motion for Summary Judgment, filed on November 13, 2006, Unisys argued that, to whatever limited extent the Lane or Cote reports bore upon the issues raised by the Motion, the reports failed to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B),

---

[4] Fed. R. Civ. P. 37(c)(1).
[5] *See Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998).
[6] *See* Reports, Exhibits A and B hereto.

could not properly be relied upon by the plaintiff in opposing the Motion, and should be disregarded by the Court.[7]

In its opposition, filed on December 22, 2006, VSC submitted new affidavits from Mr. Lane and Mr. Cote, addressing various subjects not covered in their reports, and offering new testimony on the subjects they did address.[8] In a footnote in its memorandum, VSC suggested that it intended to seek leave of the Court to have Mr. Lane (not Mr. Cote) supplement his report with the new affidavit, based on some purportedly new evidence obtained by VSC in early November 2006.[9] Last Friday, January 12, 2007, VSC filed such a motion.

As Unisys will explain in detail in its opposition to that motion, VSC mischaracterizes both the documents on which it relies to justify the proposed belated supplementation of Mr. Lane's report, and the circumstances under which VSC obtained the documents. Furthermore, VSC has provided no adequate justification for waiting to seek leave for this supplementation until two months after Unisys filed its motion for summary judgment.

Leaving this aside for the moment, however, VSC's motion deals only with Mr. Lane; VSC has not sought similar leave as to the new affidavit from Mr. Cote, which is entirely focused on other matters. Mr. Cote, a Canadian instructor in information technology training programs, discusses various applications for computer "modeling" tools and techniques, apparently in aid of VSC's attempt to blur the distinctions between, on the one hand, the software products it sells and supports, and, on the other, the high-

---

[7] *See, e.g.,* Unisys's Principal Summary Judgment Memorandum at 26 n.108; Unisys's Statement of Facts, ¶¶ 33, 65.
[8] VSC SJ Exh. 3, 4.
[9] *See* VSC's Opposition Memorandum at 11 n.28.

level consulting work done by Unisys.[10] Mr. Cote also discusses uses for VSC's modeling software and comparable products.[11] He describes what he perceives to be the common usage of the term "visible" in his field.[12] And he seeks to bolster the relevance of his teaching activities by discussing them in more detail.[13]

VSC's late submission of new proposed expert testimony from Mr. Lane and Mr. Cote is clearly improper. VSC has failed to offer any "substantial justification" for the late disclosures, nor is there any reason to suppose that its long delay—until months after the deadlines for rebuttal expert disclosures and for expert depositions, and in the middle of summary judgment briefing—is "harmless." The affidavits (VSC's Summary Judgment Exhibits 3 and 4) should be stricken and disregarded.[14]

## II.    The Finkelstein Affidavit Should Be Stricken

VSC also offers affidavits on various technical matters from several individuals not previously identified as experts, including Clive Finkelstein. Mr. Finkelstein, who lives in Australia, attests that he operates two companies, one of which acts as a local distributor of VSC's software products. He owns a small number of shares in VSC, and holds a "courtesy title" with the company for which he receives no compensation.[15]

---

[10] *See* VSC SJ Exh. 3, ¶ 4.
[11] *Id.*, ¶ 8.
[12] *Id.*, ¶¶ 7, 9-10.
[13] *Id.*, ¶¶ 3, 5, 6.
[14] *See Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir 2004); *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). By arguing that the original reports fail to meet the requirements of Rule 26 and that the supplemental affidavits are untimely, Unisys naturally does not concede that the proposed expert testimony is sufficiently reliable, relevant, or likely to be helpful to the jury to be admissible at any trial of this matter.
[15] *See* VSC SJ Exh. 6, ¶¶ 1, 3.

There is no question that Mr. Finkelstein's affidavit testimony is based upon a claim of expertise within the meaning of Fed. R. Evid. 702.[16] Mr. Finkelstein devotes much of his affidavit to describing his 45 years of experience in the Information Technology field; his experience in software development; his work in the fields of "information engineering" and "enterprise architecture"; his development of teaching workshops; his familiarity with "CASE" tools and other kinds of modeling software; and his knowledge of technical matters such as the "Zachman Framework."[17] The purpose of this testimony is clearly to establish that he is "qualified as an expert by knowledge, skill, experience, training, or education," within the meaning of Rule 702, to testify about the technical matters addressed in the remainder of his affidavit.

Likewise, while Unisys does not accept that Mr. Finkelstein's substantive testimony is reliable or credible, the testimony is plainly concerned with matters of "scientific, technical, or other specialized knowledge" within the meaning of Rule 702. For example, Mr. Finkelstein offers his views and opinions about the use of particular terminology in the IT profession; about what he claims is "accepted procedure in the IT industry when companies are acquired or merged"; about what he perceives to be the status of certain companies in the modeling/CASE tools fields; about the "Zachman Framework for Enterprise Architecture"; about who within a business entity or government agency Mr. Finkelstein thinks is likely to make purchasing decisions for modeling and enterprise architecture tools; and about purported technical similarities

---

[16] Rule 702, of course, governs the admissibility of testimony about "scientific, technical, or other specialized knowledge" by a witness who is "qualified as an expert by knowledge, skill, experience, training, or education," where other requirements are also met. *See id.*

[17] *See* VSC SJ Exh. 6, ¶¶ 1-20.

5

between Unisys's consulting work and VSC's "business-driven information engineering methodology and modeling tools."[18]

Mr. Finkelstein was not identified by VSC as a potential expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A), which requires a party to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."[19] Likewise, VSC failed to provide any timely and adequate disclosure of the subjects on which Mr. Finkelstein now claims knowledge. VSC provided no expert report from Mr. Finkelstein, as required under Fed. R. Civ. P. 26(a)(2)(B) where an expert is retained or specially employed to provide such testimony.[20]

Nor did VSC's disclosures of expected factual evidence in this case give appropriate notice of the matters set forth in the Finkelstein affidavit. In its Initial Disclosures, served on October 14, 2005, VSC identified Mr. Finkelstein as one of 21 persons likely to have discoverable factual information that VSC might use to support its claims.[21] In a subsequent interrogatory, Unisys requested that for this and other potential witnesses VSC "state in detail... the subject matter(s) on which he or she is likely to have knowledge."[22] In its response, VSC disclosed only that Mr. Finkelstein was one of a large number of individuals who were likely to have discoverable information regarding

---

[18] *See* VSC SJ Exh. 6, ¶¶ 7, 9, 15-16, 18-23.
[19] *See* Fed. R. Civ. P. 26(a)(2)(B).
[20] Mr. Finkelstein's affidavit does not disclose whether or how he has been compensated for providing it, and/or would be compensated for offering such testimony at a trial in this matter.
[21] *See* VSC's Automatic Disclosures, Unisys's SJ Exh. 58, at 3.
[22] *See* VSC's Answers to Interrogatories, Unisys's SJ Exh. 22, at No. 22, p. 42.

6

the alleged "distinctiveness" of VSC's trademarks.[23] In their depositions, VSC's officers referred to Mr. Finkelstein as one of a group of outside consultants who occasionally advise the company on technical matters.[24]

A litigant cannot, of course, sidestep the reliability and other requirements of Rule 702—or the expert-disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B)—by cloaking an expert witness as a fact witness.[25] Thus, courts in this district and elsewhere have consistently precluded testimony by undisclosed experts:

- In opposition to a motion for summary judgment in *Bransford & Petz, P.C. v. Bank of America Commercial Finance Corp.*, the plaintiff, a collections firm, offered testimony of an employee with experience in collection matters. A magistrate judge of this district court struck all portions of the affidavit beyond a description of the particular collection action at issue, including testimony purporting to describe customs and practices in the collections industry.[26]

- In *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, another district judge struck portions of a witness's deposition testimony on the ground that the witness was applying specialized knowledge in a way that was "several degrees

---

[23] *See id.* at No. 22, p. 42, and at No. 7, p. 31 (identifying the persons with such knowledge as all "customers identified in Visible Systems [customer] databases," four VSC officers, "the authors of the textbooks and publishers' employees" identified elsewhere in the responses, and a list of nine individuals including Mr. Finkelstein). *And see* VSC's Supplemental Answers to Interrogatories, Exhibit C hereto, No. 22 at p. 4.

[24] *See* VSC Rule 30(b)(6) Deposition, Exhibit D hereto, at 1:77; Deposition of John Nash, Exhibit E hereto, at 24-25.

[25] *See* Fed. R. Evid. 701, 2000 Advisory Committee Notes, ¶ 1.

[26] 2005 WL 1668224 at *8-9 (June 13, 2005) (Gertner, J., adopting Report and Recommendation of Collins, M.J.)

7

removed from [the witness's] actual experience" and thus "the classic type of expert testimony contemplated by Rule 702."[27]

- In *Bank of China v. NBM LLC*, the Second Circuit held that a bank investigator's testimony should have been limited to the facts of his investigation, and should not have extended to matters based on his general experience in the banking industry—for example, "explanations regarding typical international banking transactions or definitions of banking terms, and any conclusions that he made that were not a result of his investigation."[28]

- In reviewing a motion for summary judgment in *Victor G. Reiling Associates v. Fisher-Price, Inc.*, a district judge limited the testimony of plaintiff's principal to his own personal dealings with Fisher-Price, while disregarding all testimony in which the witness opined as to custom and practice and "what is typical or standard" in the toy industry.[29]

In this case, as noted, Mr. Finkelstein's testimony is based on what he claims is his specialized experience and knowledge about a highly technical field, rather than his involvement in any transaction or event at issue in this case. The focus of his testimony is on matters such as usage of terminology in the IT industry, what he claims is "accepted procedure" in the industry, the status of various companies, and various technical aspects of modeling tools and methods. To the extent it is conceivably relevant to this case, this is Rule 702 expert testimony. Mr. Finkelstein should have been timely disclosed as an

---

[27] 369 F. Supp. 2d 155, 157 (D. Mass. 2005) (Harrington, J.).
[28] 359 F.3d 171, 182 (2nd Cir. 2004).
[29] 406 F. Supp. 2d 171, 174-75 (D. Conn. 2005)

8

expert. Here again, VSC has offered no substantial justification for the late disclosure, and a delay until the summary judgment phase of the case is plainly far from harmless. Mr. Finkelstein's affidavit (VSC's Summary Judgment Exhibit 6) should be stricken and disregarded.

### III.    Exhibit 50 is Inadmissible Hearsay, and Should Be Stricken

Another of VSC's summary judgment exhibits is an article entitled "Between Two Brands: A Global Fluency Account of Brand Evaluation" taken from the August 2006 issue of the *Journal of Marketing Research*.[30] Without addressing what possible relevance the article could have in this case, it is obviously hearsay. VSC has offered no justification for its admission under any exception to the hearsay rule, and thus the article (Exhibit 50) should likewise be stricken and disregarded.

WHEREFORE, Unisys respectfully requests that the Court strike Exhibits 3, 4, 6 and 50 submitted with VSC's opposition to Unisys's Motion for Summary Judgment.

---

[30] VSC SJ Exh. 50.

Defendant,
UNISYS CORPORATION,
By Its Attorneys,


    /s/ William L. Boesch_____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
Matthew C. Welnicki, BBO No. 647104 (welnicki@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030


Dated: January 19, 2007


### CERTIFICATE AS TO CONFERENCE OF COUNSEL

    I hereby certify that counsel have conferred with respect to the relief sought in this motion.  As Unisys's counsel understands, VSC opposes this motion.


    /s/ William L. Boesch_____


### CERTIFICATE OF SERVICE

    I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.


    /s/ William L. Boesch_____

## EXHIBITS

A.  Report of Malcolm Lane

B.  Report of Clement Cote

C.  VSC's Supplemental Answers to Interrogatories

D.  VSC Rule 30(b)(6) Deposition Excerpt

E.  John Nash Deposition Excerpt