### *Galebach Law*
**One Knollcrest Drive**
**Andover, MA 01810**
**978-258-5300**

September 22, 2006

**By Hand**

William Boesch, Esq.
Sugarman, Rogers, Barshak & Cohen, PC
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737

   Re: Visible Systems Corp. v. Unisys Corp., CA No. 04-CV-11610 (RGS)

Dear William:

 This letter will serve to confirm our conversations of yesterday and today about outstanding discovery matters, by reciting your representations and my understanding in relation thereto:

 1. Unisys has agreed to search Dominick Cavuoto's email account for emails that include the word "visible" (a non-case-sensitive search). Accordingly, Visible will hold off from filing a motion to compel a response to our request for production no. 20, in light of Mr. Cavuoto's admission at his deposition yesterday that his emails have not been searched in the manner requested. Visible reserves its right to reconvene Mr. Cavuoto's deposition in the event that the content of this further production so warrants.

 2. Unisys has provided to you emails from Louise Till's email account and the accounts of other Unisys persons, which you have not been able to review because of the press of depositions these last two days of the fact discovery period, and you will review these emails for privilege and make a prompt supplemental production. Again, Visible

accordingly refrains from moving to compel, and reserves its rights with regard to this further supplemental production.

3. You have represented that the email accounts of David Wright and Joseph McGrath have been searched for emails that include the word "visible" in accordance with Visible's request for production #20, and that you have produced all non-privileged responsive emails. As we have discussed, I am concerned that very few emails were produced for these persons. I also note that that the privilege log that you have provided in the past does not reflect the Wright emails you mentioned to me, and I therefore ask that you supplement your log immediately. Visible reserves its rights to challenge your designations.

4. Unisys will provide the identification of customers to whom Unisys has sold or marketed, in the United States, products or services in connection with the name "3D Visible Enterprise" or other name including the word "Visible" -- with the exception of three United States customers in 2nd Quarter 2006, and with the exception of shipping companies that are the customers of Unisys customers in the secure global commerce offering that you described today. Unisys' identification of customers will include the production of a revised version of Exhibit 250 from Ralph Welborn's 30(b)(6) deposition today, with no customer information rows sorted, deleted or hidden on the basis of "type." This supplemental production by Unisys will satisfy Visible's request for a responsive answer to Visible's interrogatory no. 6.

5. Unisys will restore the redacted portions of Unisys production documents that were redacted on the basis of confidential customer-related information as to customers with a substantial presence in the United States. Redactions will remain as to customer-

confidential information as to non-US customers, as well as the three US customers, and the customers of customers, referenced in paragraph 4 above.

      6.      I am in receipt of the further production of documents made by Unisys today, bates numbered as Unisys 5052 – 6611, which I have not yet had the opportunity to review. I note that this production is being made on the final day of discovery, although the document requests were served on November 23, 2005.

      In addition, I acknowledge receipt today of Unisys' third request for production of documents and things. Unisys previously served a second request for production of documents and things, five weeks before today's cut-off date for fact discovery, and Visible is complying with that request today as agreed. However, Unisys has not sought or received leave of court to file more than two sets of requests for production; thus Unisys is limited to two sets of requests by Local Rule 26.1(C) and the Court's Scheduling Order of September 26, 2005. Moreover, Unisys' production requests made fewer than 30 days before the close of fact discovery are untimely. Therefore, Visible does not believe it is under an obligation to respond to the requests contained in Unisys' third request for production.

      Visible reserves any and all other rights available to it.

      Please contact me immediately if you disagree with any of the statements set forth herein.

Sincerely,

/s/ Stephen H. Galebach
Stephen H. Galebach