UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>               Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>               Defendant | Civil Action No. 04-CV-11610-RGS |

**PLAINTIFF'S PROPOSED REPLY MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL PRODUCTION AND
FOR *IN CAMERA* INSPECTION AND RELATED RELIEF**

Defendant Unisys Corporation's Opposition to the instant motion discloses that David A. Wright is "a former Unisys employee," "no longer employed by Unisys." *Id.* at 2 & n.2.

These statements are the first notice Plaintiff has received that Mr. Wright, a 20-year employee of Unisys who had long held the position of Director of Corporate Identity and Web Program as of September 8, 2006, when Plaintiff deposed him as one of Unisys' two 30(b)(6) witnesses, is no longer in Unisys' employ.

Unisys' failure to inform Visible of Mr. Wright's departure until this last moment has severely prejudiced Visible's ability to call him, as planned, as a live witness at trial whose appearance could be compelled by process upon Unisys. Mr. Wright's home address that he gave at deposition is in Pennsylvania, outside the subpoena range of this Court. The prejudice to Visible can be cured by allowing the requested supplemental deposition of Mr. Wright to proceed (a) in his capacity as an individual rather than a Unisys employee; (b) in videotaped format in his home jurisdiction for use at trial; and

(c) without the subject matter limitations that would otherwise apply to a supplemental deposition of a Rule 30(b)(6) witness.

Unisys had an obligation to supplement its interrogatory answers to furnish current contact information for Mr. Wright when he left Unisys. Unisys identified Mr. Wright as a Unisys employee with relevant knowledge in answer to Visible's Interrogatory No. 1. When Mr. Wright ceased his employment with Unisys, a duty to supplement arose under Fed. R. Civ. P. 26(e). This duty became all the more urgent when Unisys learned on May 23, 2007, in Visible's comments on the Court's trial time limit order, that Visible intended to call Mr. Wright at trial.

Had Mr. Wright only left Unisys last week, this might be a different matter. But when undersigned counsel asked Unisys' counsel, upon receiving Unisys' Opposition, at what point in time Mr. Wright left Unisys, he simply replied that he does not know.

Plaintiff, VISIBLE SYSTEMS CORPORATION,

By its attorneys,

_____
Stephen H. Galebach, BBO # 653006
GALEBACH LAW OFFICE
9-11 Touro Avenue
Medford, MA  02155
781-874-2239
galebach@galebachlaw.com

and

Lawrence M. Kraus, BBO # 564561
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
617-342-4000

2

**Certificate of Service**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_____               Date: