UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S "EMERGENCY MOTION TO ENFORCE DISCOVERY ORDER" AND DEFENDANT'S CROSS-MOTION FOR SANCTIONS

With the trial of this case scheduled to begin in less than two weeks, on July 23, 2007, the deadline for motions *in limine* and other pre-trial filings set for July 13, and this Court already reviewing *in camera* a series of documents that were the subject of a prior motion to compel by plaintiff Visible Systems Corporation, plaintiff has submitted an "emergency" discovery motion consisting of ten pages of highly charged factual allegations of discovery misconduct and a 16-paragraph request for extreme and onerous relief and sanctions.

Stripped of its numerous factual misstatements and wild speculations, plaintiff's motion presents the Court with nothing of substance that is new, and nothing remotely warranting the relief sought. Instead, this is yet another transparently tactical maneuver by a plaintiff evidently concerned about the approach of trial. The defendant, Unisys Corporation, (1) opposes VSC's motion, and (2) cross-moves for sanctions against plaintiff's continued effort to divert Unisys from its trial preparation.

I.  **The inadvertent and now-corrected omission by counsel of four documents from a privilege log has not prejudiced the plaintiff, and does not warrant any relief**

VSC's assertion that the affidavit its counsel procured from former Unisys employee David Wright "raises new matter" concerning VSC's pending motion to compel is a vast exaggeration. The only new development relating to that motion is the discovery by Unisys's litigation counsel William Boesch, *which he promptly voluntarily reported to VSC's litigation counsel*, Stephen Galebach, that Mr. Boesch had inadvertently omitted four documents from Unisys's privilege log.[1] Specifically, in response to a telephone call from Mr. Galebach on July 5, 2007 regarding the affidavit of Mr. Wright and his recollection of the number of e-mail messages that existed on the subject already before the Court *in camera*, Mr. Boesch reviewed and re-verified Unisys's document production and privilege log, and, the very next morning, July 6, 2007, reported to Mr. Galebach various details about that review, including the fact that Mr. Boesch had discovered his inadvertent omission from Unisys' privilege log of four e-mail documents that fit exactly the pattern of the messages he had already submitted to the Court for *in camera* inspection.[2] Mr. Boesch offered to submit the four omitted documents to the Court forthwith, with a request that they be added to the group of thirteen already under *in camera* review. The submission was, in fact, promptly made, and the Court is, therefore, in the position to decide whether to sustain or deny Unisys's claim of privilege with respect to these four documents along with the previously submitted thirteen.

The inadvertent omission by counsel of a few documents from a privilege log of

---

[1] *See* the attached Affidavit of William L. Boesch, ¶ 6, and the e-mail messages attached as Exhibits 1 and 6 to plaintiff's motion.
[2] *Id.*

hundreds of entries, in a complex case in which Unisys has produced nearly 9,000 pages of documents, is unfortunate, but hardly a remarkable occurrence. Given that any potential prejudice to VSC has been averted by Mr. Boesch's prompt voluntary action, the omission does not warrant any sanction. VSC's assertion that Mr. Boesch's explanation "strains credulity" is utterly unsupported and, indeed, gratuitously scurrilous; as such, it should be stricken and certainly given no weight.[3]

Likewise, there is no legal basis for VSC's demand that the omission of the four documents from the privilege log be deemed a waiver of privilege. The exchange of privilege logs in this case was a matter of voluntary agreement between the parties. Even if this had been a case of a party's complete failure to identify documents on a privilege log required by court order, the mere suggestion by the opposing party that the failure must have been intentional would not overcome the omitting party's explanation that it was due to an inadvertent error. Under the circumstances, waiver of privilege is, as matter of law, beyond the "proportionality" limit on the courts' discretion with respect to discovery sanctions.[4]

That the privilege at issue—for attorney-client communications—is one of the oldest known to our legal system, and one that plays a "vital role… in the administration of justice," counsels particular sensitivity on the part of a court when asked to override the privilege as a sanction.[5] Instead, the very procedure already underway before this

---

[3] If the attack on Mr. Boesch's credibility is unsupported, the insinuation in footnote 3 of VSC's motion that Mr. Boesch withheld Mr. Wright's contact information from Mr. Galebach is an outright untruth. *See* Boesch Affidavit, ¶ 4.

[4] *See Banks v. Office of the Senate Sargent-At-Arms*, 241 F.R.D. 376, 384-85 (D.D.C. 2007) (citing *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C.Cir. 1996)).

[5] *Trading Technologies, International, Inc. v. Espeed, Inc.*, 2007 WL 844558 (N.D. IL 2007) (citing *Swidler & Berlin v. United States*, 524 US 399, 403 (1998) and

Court—*in camera* review—has been recognized as "a relatively costless and eminently worthwhile method" to strike a proper balance between claims of attorney-client privilege and other competing interests.[6] Thus, rather than distracting the Court from its review, and Unisys from its trial preparation, adding to the *in camera* review the few documents omitted from its privilege log is all that is warranted here.

**II.    Unisys's method of cataloging e-mail documents in its privilege log—about which plaintiff has known and never before objected—was proper, and is not the basis for any relief**

Throughout this case, Unisys's counsel has identified e-mail documents, including e-mails in which the sender attaches one or more prior messages, according to a single, consistent method, both in counsel's internal document-management system and in all privilege logs provided to the plaintiff: the documents are identified by the date, author and recipient(s) of the last message in the chain.[7] This is evidently the same procedure as VSC has followed in generating its privilege logs. Unisys has consistently used this method in the successive iterations of its privilege log since April 2006. Plaintiff's counsel never expressed any interest in what method Unisys was using, and by no later than May 7, 2007 had express written notice of it, since the supplemental logs Unisys's counsel provided to facilitate discussions specifically referred to certain documents as "e-mail chains." Likewise, counsel have had numerous discussions about Unisys's privilege logs in which the cataloging method was made clear, without any

---

*American National Bank and Trust Company of Chicago v. Equitable Life Assurance Society of US*, 406 F.3d 867, 878 (7th Cir. 2005)).

[6] *American National Bank, id.*, 406 F.3d at 880 (citing *Kerr v. US District Court for Northern District of California*, 426 U.S. 394, 405 (1976)).

[7] *See* Boesch Affidavit, ¶ 3. In some cases where a Unisys employee forwarded the original messages during document-collection in this litigation, the last contemporaneous substantive message is used for cataloging purposes. *Id.*

4

objection whatsoever before now from VSC's counsel. The issue is entirely absent, likewise, from the motion to compel filed by VSC on May 30, 2007. Under these circumstances, VSC must be deemed to have waived any new-found objection to Unisys's manner of identifying e-mail messages—and should certainly be estopped from raising the issue on the eve of trial.[8]

Even if the issue had been timely raised, there would have been ample room for good-faith disagreement as to the efficacy and burdensomeness of various logging methods, as courts and commentators confronting this subject have recognized.[9] Such honest disagreements, however resolved, are not an occasion for sanctions.[10]

### III. Mr. Wright's responsibilities and actions with respect to use of the term "visible" during this litigation were covered at length in his September 2006 deposition, and his affidavit says nothing new or remarkable on the subject

A fair comparison of Mr. Wright's affidavit with even the selective portions of his deposition testimony presented in VSC's motion shows that there is nothing significantly new with regard to either the scope of his authority or his actions *vis a vis* the use of the word "visible" during and in response to this lawsuit. In neither the affidavit nor the

---

[8] Similarly, plaintiff's counsel has known for some ten months exactly what procedure Unisys's counsel followed in reviewing and producing the results of e-mail searches for the word "visible," and until now voiced not a whisper of objection. *See* Boesch Affidavit, ¶ 2.

[9] *See, e.g., Vaughan v. Celanese Americas Corporation*, 2006 WL 3592538, *3-4 (W.D.N.C. 2006) (holding the following description in a privilege log sufficient: "Email string containing confidential communications with outside counsel and in-house counsel regarding…."). *See generally* Jennifer M. Moore and Gregory S. Kaufman, "Discovery Can Get Tangled Up In 'Strings'," The National Law Journal, December 4, 2006 at p. 19 ("… attorneys naturally consider a string of e-mails to be a single document."); *American National Bank*, 406 F.3d at 878 ("a good faith difference of opinion is not sanctionable conduct").

[10] Likewise, there is no basis for plaintiff's complaint about counsel's practice of avoiding producing multiple duplicate documents. *See* Boesch Affidavit, ¶ 5.

5

deposition does Mr. Wright suggest (nor has Unisys ever contended) that his responsibilities and authority included making *legal judgments* about trademark issues, or providing his own legal advice or instructions to other Unisys employees.  Rather, in both the affidavit and deposition Mr. Wright makes clear that he sought legal counsel concerning trademark issues, while enforcing on his own the consistent presentation of the company's brand names and corporate-identity messages.  Nothing about his testimony in either the affidavit or deposition is inconsistent with Unisys's position that decisions about when and how to use the term "visible" while this dispute and litigation was ongoing were legal and strategic decisions made by and in consultation with its lawyers, and that internal communications conveying and implementing this advice are privileged.[11]  Likewise, Mr. Wright's averments in his affidavit concerning actions he took to enforce Unisys's litigation policy on the use of the word "visible" are far from the "revelation" VSC claims them to be, for plaintiff's counsel explored the subject in depth at Mr. Wright's deposition.  Thus, the only relevant issue remains whether Unisys has correctly claimed the attorney-client privilege with respect to the original thirteen, and now seventeen, documents before the Court for *in camera* review.

      Finally, VSC's contention that the termination of Mr. Wright's employment with Unisys—in a layoff that on his own account also included all nine of his subordinates—should be made an issue in this case is preposterous.  VSC's speculation about the reason for this action is not only just that—speculation—but also wildly implausible.  There is no reason to doubt Unisys's explanation of a perfectly commonplace corporate

---

[11]  Mr. Wright is plainly unqualified to opine about whether or not particular communications were covered by the attorney-client privilege, and to the extent his affidavit contains such opinions, they should be disregarded.

reorganization action.[12]  But even if one were to indulge in attributing to Unisys nefarious purposes, it is inconceivable how terminating Mr. Wright would be calculated to serve such purposes.

### IV. Plaintiff should be sanctioned for its wholly unwarranted and plainly tactical interference with defense counsel's trial preparation in this case

Because, as demonstrated above, VSC's emergency motion is without any merit and was so disruptively timed, Unisys submits that the motion was presented for purposes of harassment, and designed to cause unnecessary delay and interference with the trial-preparation activities of Unisys's counsel.  Accordingly, Unisys's asks that in addition to denying the motion, the Court impose upon VSC appropriate sanctions, including reimbursement of Unisys's attorneys fees and costs incurred in opposing VSC's motion.

---

[12] See the explanation voluntarily provided by Unisys's counsel, and the disregarded offer of more information, at page 2 of Exhibit 6 to plaintiff's motion.

**Defendant,
UNISYS CORPORATION**,
By Its Attorneys,


__/s/ William L. Boesch_____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030


Dated: July 11, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.


__/s/ William L. Boesch_____