UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

                Plaintiff

v.                                                Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

                Defendant

## AFFIDAVIT OF WILLIAM L. BOESCH

I, William L. Boesch, state as follows under oath:

1. I am an attorney, a member of the bar of this Court, and a shareholder and director with Sugarman, Rogers, Barshak & Cohen, P.C., counsel for the defendant, Unisys Corporation, in this case. I have been the attorney principally responsible for handling document production and other discovery on behalf of Unisys in this matter, and for dealings with plaintiff's counsel on discovery matters. I submit this affidavit in response to plaintiff's July 9, 2007 "Motion to Enforce Discovery Order" and for other relief.

2. In the motion, plaintiff's counsel refers to the July 18, 2006 hearing before this Court on a motion to compel filed by the plaintiff on a host of discovery issues, including Unisys's objection to plaintiff's request that it search the e-mail and other electronic documents of tens of thousands of employees for every use of the term "visible." The Court denied plaintiff's motion on that request without prejudice, and suggested that counsel confer and agree on a more limited search. This counsel did, and the results of the agreed-upon search were timely produced. I made expressly clear to plaintiff's counsel, in at least two conversations beginning no later than September 2006, that the results of the word searches of the agreed-upon

employees were being delivered to my office, and that I was then conducting a review of the results to determine which of the search results were discoverable and not covered by any applicable privilege, and then producing those documents. Plaintiff's counsel never once objected to this procedure, or suggested, as he does now for the first time, that he was entitled to have Unisys produce documents containing the word "visible" regardless of whether they contained any discoverable information.

      3.      Plaintiff's motion refers to the manner in which Unisys's privilege logs identify "e-mail chain" documents. Throughout this case, we have identified e-mail documents, including e-mails in which the sender attaches one or more prior messages, according to a single, consistent method, both our internal document-management system and in all privilege logs provided to the plaintiff: the documents are identified by the date, author and recipient(s) of the last message in the chain. (In some cases where a Unisys employee forwarded the original messages during document-collection in this litigation, the last contemporaneous substantive message is used for cataloging purposes.) Plaintiff's counsel has known that this was the procedure we followed in creating the privilege logs at least since May 7, 2007, when I provided counsel with a supplemental privilege log setting forth additional information about certain documents about which he had raised concerns. That supplemental log, and a further similar log provided on May 14, 2007, expressly identified each "e-mail chain" as such. Indeed, from my reading and understanding of the privilege logs produced by the plaintiff in this case, this is precisely the procedure plaintiff has followed. Plaintiff's counsel has never before now suggested that he was entitled to a different form of privilege log—for example, he nowhere raised this issue in the motion to compel he filed with this Court on May 30, 2007, which addressed precisely the documents now at issue.

4. Plaintiff's motion refers to the chronology of events after plaintiff's counsel learned, on June 14, 2007, that Unisys Rule 30(b)(6) witness David Wright was no longer employed by the company. Plaintiff's counsel asked me to request from Unisys a last-known address for Mr. Wright, and I agreed and promptly conveyed the request. On Monday, June 18, 2007, I received the address (in Hendersonville, North Carolina) from Unisys and transmitted it by e-mail to plaintiff's counsel. Unisys did not provide me with a telephone number, and I conducted an internet search to try to obtain one—a search that was complicated by the apparent existence of several persons with the same name in the same area. On June 28, 2007, the parties appeared before the Court for a hearing on plaintiff's May 30 motion. At the hearing, plaintiff's counsel told the Court that he had hired an investigator to find Mr. Wright, and had confirmed that the Hendersonville address appeared to be current. When the Court inquired whether Unisys had any objection to Mr. Wright being deposed again, I responded that on the understanding the deposition would be to obtain his testimony for trial, Unisys did not object. After the hearing, I told plaintiff's counsel that I had found a telephone number for Mr. Wright through my internet search, counsel asked whether I would provide the number, and I said I would. The next day, before I could do so, plaintiff's counsel informed me that his investigator had found Mr. Wright, and served him with a deposition subpoena.

5. Plaintiff's motion refers to the fact that, in order to avoid unnecessarily cluttering the discovery record in this case and transforming it into a "document dump," I set aside duplicate documents and omitted them from productions and privilege logs. Counsel's suggestion that I may not understand the difference between a true duplicate and a merely similar document is wholly without basis and flatly wrong.

6. Finally, plaintiff's motion refers to the affidavit plaintiff's counsel procured

from Mr. Wright on July 3, 2007, and to the question of whether Mr. Wright's recollection of the number of e-mail messages on the subject of approval or non-approval of uses of the term "visible" during this lawsuit matches the number of messages produced, or identified on privilege logs, by Unisys.  As I have explained to plaintiff's counsel, after he raised this issue with my partner Anthony Doniger on July 5, 2007, I reviewed each of the more than 300 documents in our electronic document-management system identified as having come from Mr. Wright, to ensure that nothing that should have been produced had been inadvertently overlooked.  In doing so, I found four documents that should have been listed on Unisys's February 2007 privilege log, but were not.  Creation of the log from our electronic document-management system involved a two-step process: first, I reviewed documents to determine whether they were discoverable, and whether any privilege applied.  I also identified some documents that were obvious duplicates.  Second, to produce the privilege log and avoid duplication of entries on multiple logs, I made a separate designation of documents to be included in the log.  In the case of the four documents in question, they were clearly identified and marked in the system as attorney-client privileged, but I simply overlooked them when "tagging" documents for the February 2007 privilege log.  As soon as I discovered this, I alerted plaintiff's counsel.  Since the privilege issue that applied to the four documents was exactly the same as with the 13 documents submitted to the Court for *in camera* review, which was then still ongoing, I also sought to avoid any possible prejudice to plaintiff's counsel by promptly submitting the four documents as well for *in camera* review, on July 6, 2007.

Signed under oath, this 11th day of July 2007.

_/s/ William L. Boesch_____

CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

__/s/ William L. Boesch_____

393619.1