```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


VISIBLE SYSTEMS CORPORATION,
     Plaintiff,



     v.                                       CIVIL ACTION NO.
                                              04-11610-RGS


UNISYS CORPORATION,
     Defendant.
```

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF NONPRIVILEGED**
**DOCUMENTS FOR IN CAMERA INSPECTION AND RELATED RELIEF**
**(DOCKET ENTRY # 77); PLAINTIFF'S EMERGENCY MOTION TO**
**ENFORCE DISCOVERY ORDER, IMPOSE SANCTIONS, AND SHORTEN**
**DEFENDANT'S TIME TO RESPOND**
<u>**(DOCKET ENTRY # 79)**</u>

**July 12, 2007**

**BOWLER, U.S.M.J.**

Pending before this court are two discovery motions filed by plaintiff Visible Systems Corporation ("Visible" or "plaintiff") involving the alleged failure of defendant Unisys Corporation ("Unisys" or "defendant") to produce computer generated electronic messages ("emails") with the term "Visible" in purported violation of this court's July 18, 2006 Order. (Docket Entry ## 77 & 79). Plaintiff additionally complains that defendant failed to properly and timely log the emails on a privilege log.

This court heard argument on the first motion (Docket Entry

# 77), which involved the failure to produce and properly log 13 emails, on June 28, 2007. This court held a hearing on the second motion (Docket Entry # 79) on July 12, 2007. At the close of each hearing, this court took the motions (Docket Entry ## 77 & 79) as they related to the non-production of documents under advisement. This court also took the documents at issue in camera for review. Familiarity with the record, including the circumstances regarding the termination of former Unisys employee David Wright ("Wright") shortly after he testified at a Rule 30(b)(6) deposition, is presumed.

## DISCUSSION

Plaintiff seeks a host of sanctions as a result of the violation of the July 18, 2006 Order including making forensic copies of the hard drives of the computers of 46 former or current Unisys employees in order to search for the term "Visible." Defendant, however, correctly argues that there was no violation of the July 18, 2006 Order.

In April 2006, plaintiff filed a motion to compel a number of responses to interrogatories and requests for production propounded to defendant. Plaintiff contends that defendant violated this court's Order issued in open court on July 18, 2006, with respect to request for production 20 ("RFP 20").

RFP 20 asked for all emails containing the words "visible,"

"Visible" and "VISIBLE."  Defendant objected to production on a number of grounds including overbreadth and undue burden. Defendant pointed out that a search of all emails using the term "visible" would involve an estimated 21,000 mailboxes.  When the subject of RFP 20 came up at the July 18, 2006 hearing, counsel discussed limiting the scope of the email search to the computers of a specified number of key individuals.  The following exchange took place during which this court issued an order for the parties to confer and narrow the request:

> Unisys' counsel:  ". . . If he provides me with the list of people, I don't think 50 is likely to be an agreeable number.  If we can agree on a core group of people . . . we can run individual searches . . .."
>
> This court:  "See if you can confer on this one to narrow it, because in its present form it seems a little broad."

In order to obtain relief for the violation of a court order under Rule 37(b), Fed. R. Civ. P. ("Rule 37(b)")), there must be a court order that the offending party violated.  The language of Rule 37(b)(2) "requires two things as conditions precedent to engaging the rule's sanction machinery:  a court order must be in effect and then must be violated."  <u>R.W. International Corporation v. Welch Foods, Inc.</u>, 937 F.2d 11, 15 (1st Cir. 1991).  Rule 37(b)(2)(B) therefore "contemplate[s] a threshold determination by the court that the offending party has failed to comply with a court order issued under Rule 37(a)."  <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo</u>, 248 F.3d 29, 33 (1st Cir.

2001).

In the case at bar, the July 18, 2006 Order only required counsel to meet and confer. It did not require counsel to produce a privilege log of each email as opposed to each email chain. It did not require counsel to produce duplicate emails. It also did not require counsel to produce emails with all of the generic uses of the term "visible."

Counsel complied with the Order by engaging in a meet and confer process with respect to RFP 20. Thus, shortly after the hearing, counsel agreed between themselves to conduct a search of emails of an agreed upon number of individuals including Wright. Further discussions between the parties resulted in additional searches, production of a privilege log and supplemental logs. In lieu of logging and describing every email, counsel for Unisys described each email chain with the name of the last contemporaneous substantive recipient and sender. (Docket Entry # 82, Ex. 1, ¶ 3). Through no fault of Unisys, the parties or counsel misunderstood the substance of the agreement to produce the email chains and the nature of the logs produced.

By May 2007 and with the exception of a few emails, Unisys had produced all emails for the agreed upon individuals including Wright. Counsel for Unisys withheld a certain portion of the emails as non-responsive as well as duplicative of other emails. Counsel for Unisys also repeatedly advised counsel for Visible

that Unisys, although willing to conduct the agreed upon and limited search, would not produce emails containing a generic use of the word "visible."[1]  Any misunderstanding about the scope and nature of the parties' agreed upon email search for the term "visible" is not the fault of Unisys.  Unisys counsel's inadvertent failure to log four Wright emails on a February 2007 log does not rise to the level of sanctionable conduct.

In any event, because there was no violation of a court order, there is no basis to impose sanctions under Rule 37, including a requested further deposition of Wright.  Given the nature of the conduct, this court also declines to impose sanctions against Unisys under this court's inherent power.

Unisys also seeks sanctions resulting from the filing of the recent motion (Docket Entry # 79) due to "plaintiff's continued effort to divert Unisys from its trial preparation."  (Docket Entry # 82).  Although Unisys fails to identify the basis or rule authorizing such sanctions, they are inappropriate under this court's inherent power or otherwise.

Accordingly, this court turns to the remaining issue of whether to compel production of the allegedly privileged 17 email chains.  Referring to the 13 electronic mail chains in

---

[1] Although counsel for Unisys did not use the word generic to describe the emails not produced, Unisys describes the production as not including, for example, emails of a personal nature such as involving a high school reunion that happened to use the word "visible."

5

chronological order (Docket Entry # 77, Ex. A) and having conducted an in camera review and also considered the entirety of the more recent filing (Docket Entry # 79):  (1) the June 17, 2004 email chain, which is a legal communication designated as confidential to in-house counsel, is not subject to production; (2) the August 19, 2004 email chain shall be produced but may be redacted to omit the August 12, 2004, 2:58 p.m. email; (3) the August 20, 2004 email chain shall be produced; (4) the August 24, 2004 email shall be produced; (5) the August 30, 2004 email chain regarding seeking "legal approval" and directing sender to contact in-house legal counsel is not subject to production; (6) the September 23, 2004 email chain, which contains confidential legal advice to and from in-house counsel, is not subject to production; (7) the April 26, 2005 email chain shall be produced; (8) the first October 14, 2005 email chain shall be produced; (9) the second October 14, 2005 email chain, which confidentially communicates and discusses legal communications, is not subject to production; (10) the October 16, 2005 email, which reports and contains confidential advice of in-house counsel, is not subject to production; (11) the December 14, 2005 email chain shall be produced but may be redacted to omit the fourth and fifth paragraphs of the December 14, 2005, 4:57 p.m. email; (12) the first December 15, 2005 email chain shall be produced; and (13) the second December 15, 2005 email chain shall be produced.

Turning to the four withheld email chains submitted for in camera review, all of them shall be produced except for the May 15, 2006 email chain.

## CONCLUSION

Accordingly, in light of the above discussion, the motion to compel (Docket Entry # 77) and the emergency motion (Docket Entry # 79) are **ALLOWED** in part and **DENIED** in part.  Defendant is ordered to produce the aforementioned emails forthwith.  Neither plaintiff nor defendant are entitled to sanctions.

                                             /s/ Marianne B. Bowler
                                         **MARIANNE B. BOWLER**
                                           United States Magistrate Judge