UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

Plaintiff

v.                                          Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

Defendant

## DEFENDANT'S MOTION IN LIMINE TO
## PRECLUDE OR LIMIT EXPERT TESTIMONY

Plaintiff Visible Systems seeks to offer at trial the testimony of two declared

expert witnesses, and one or more other witnesses who likewise claim to have knowledge

concerning the technical field in which VSC's software products and related services are

purchased and used.  The Court should rule in limine that the testimony of these

witnesses should be precluded or limited, for the following reasons:

**First**, the witnesses should be precluded from testifying about the state of mind of

any potentially relevant consumer or group of consumers.  This includes, for example,

testimony about what consumers typically think of when they see the term VISIBLE, the

reputation of plaintiff's mark(s) among relevant consumers, how relevant consumers

make purchasing decisions, what they are likely to think of when they see the mark 3D

VISIBLE ENTERPRISE, or whether they are likely to be confused by Unisys's mark.[1]

---

[1] *See, e.g.*, VSC's expert disclosure for Clement Cote at 1 ("An advertisement by
Unisys Corporation dealing with products or services offered in the enterprise
architecture or modeling fields and using or displaying the phrase "3D Visible
Enterprise" would probably make people who work in those fields and who have been
trained in the courses in which I demonstrate Visible Analyst believe that Unisys

To begin with, no witness, including an expert, is competent to testify about what another person thinks, believes, understands or perceives.[2]  In a trademark case, an expert may present competent survey evidence concerning, for example, whether a relevant group of consumers associate a name at issue with a particular source of goods or services.[3]  But no such survey was conducted in this case.  And the fact that one or more of VSC's witnesses may be experienced in technical fields where VSC's software is used does not qualify the witness to testify as an expert with respect to the associations of the word VISIBLE in the minds of relevant consumers, the reputation of plaintiff's mark, the likelihood of confusion, or any other state-of-mind issue.[4]  Nor is any such proposed testimony in this case based on any reliable expert methodology—a further reason why the testimony is inadmissible.[5]

**Second**, the witnesses should be precluded from testifying as to the identity and definition of the commercial markets in which Unisys and VSC conduct business, and whether the companies should be regarded as "competitors" despite the absence of any evidence of actual competition in this case.[6]  The proposed testimony is not based on any

---

Corporation had acquired Visible Systems Corporation"); VSC's expert disclosure for Malcolm Lane at 3-4 ("When a person familiar with Visible Systems' products and services encounters the phrase '3D Visible Enterprise' in association with Unisys, this association is likely to give the impression that Unisys has acquired Visible Systems or has a licensing type of business relationship with Visible Systems.")

[2]  *See, e.g., Buckmaster v. Wyman*, No. 05-C-0166, 2006 WL 1785845, at *3 (E.D. Wis. June 23, 2006).

[3]  *See, e.g.,* 6 J.T. McCarthy, *McCarthy on Trademarks & Unfair Competition* § 32:158 at 32-289 (2007).

[4]  *See, e.g., Colt Defense LLC v. Bushmaster Firearms, Inc.*, No. Civ.04-240-P-S, 2005 WL 2293909, at *3-4 (D. Me. Sept. 20, 2005) (plaintiff's expert not qualified to testify about association or reputation of plaintiff's mark).

[5]  *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[6]  *See, e.g.,* VSC's expert disclosure for Malcolm Lane at 3 ("Unisys's '3D

demonstrated expertise in business market analysis, or any reliable methodology.[7]

**Third**, to the extent the witnesses may testify about technical aspects of the goods or services offered by the parties, and supposed similarities between them, the witnesses should not be permitted to rely on or characterize materials that are not in evidence, and not admissible in evidence.  For example, VSC's expert Malcolm Lane devoted a substantial portion of his belated "supplemental expert report" in this case to a review of documents produced by Unisys concerning a project sponsored by a long-time client of Unisys in the United Kingdom, the Police Information Technology Organization ("PITO").[8]  Unisys provided certain services to PITO in collaboration with a third party, Adaptive, Inc., and many of the documents referenced by Mr. Lane concerned goods and services provided by Adaptive, not Unisys.  Plaintiff's proposed list of trial exhibits in this case does not include any of the PITO documents discussed by Mr. Lane, and the evidence is inadmissible for a host of reasons, including that it concerns business activities outside the United States market that is jurisdictionally relevant for this case,[9]

---

Visible Enterprise' offering directly competes with Visible's products and services in the market space of CASE and Enterprise Architecture information engineering for the modeling of the software and systems used by enterprises.").

[7] *Cf., e.g., Self v. Equilon Enters., LLC*, No. 400CV1903 TIA, 2007 WL 1880739, at *2 (E.D. Mo. June 29, 2007) (in antitrust case, excluding proposed testimony of expert with experience in business at issue in case, but no expertise in market economics); *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d 530, 537-538 (D. Md. 2002) (same); *Virginia Vermiculite, Ltd. v. W.R. Grace & Co.*, 98 F. Supp. 2d 729, 730-731 (W.D. Va. 2000) (same).

[8] *See, e.g.,* Malcolm Lane Supplemental Report at 65 ("Unisys and Visible were competitors in the PITO engagement, both submitting bids and appearing in the PITO evaluation table provided in the PITO documents thus demonstrating Unisys 3D-VE and Visible methodologies and tools are in the same market.")

[9] *See, e.g.*, *Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305, 320 (S.D.N.Y. 2000) (alleged confusion among persons in United Kingdom "unpersuasive" because "their beliefs have no relevance in ascertaining the confusion of American consumers"); *Double J of Broward Inc. v. Skalony Sportswear, GmbH*, 21 U.S.P.Q. 2d

and that there is no basis for concluding that the 3D VISIBLE ENTERPRISE mark (much less conceivable confusion caused by the mark) played any role in Unisys's work with its long-time client PITO.

VSC should not be permitted to offer the evidence of Unisys's services to PITO by having its witnesses summarize or characterize documents not in evidence. Nor should the witnesses be permitted to render opinions on the basis of the documents. Under Federal Rule of Evidence 703, of course, an expert opinion may be based on inadmissible evidence if it is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." But this exception does not apply to the PITO-engagement documents in question.[10] Accordingly, VSC's witnesses should be precluded from testifying about, or on the basis of, the PITO documents or other similar documents not offered in evidence.

**Fourth**, the expert witnesses, Lane and Cote, should be precluded from offering expert testimony concerning technical aspects of VSC's goods and services to the extent such proposed testimony was not disclosed in the original expert disclosures provided by VSC in this case. While VSC subsequently contended that its experts had insufficient

---

1609 (U.S.P.T.O. 1991) (information concerning applicant's foreign activities is not relevant to issue of likelihood of confusion and not discoverable); *Sunnen Prods. Co. v. Sunex Int'l, Inc.*, 1 U.S.P.Q. 2d 1744, 1748 n.15 (U.S.P.T.O. 1987) ("[s]ince foreign use has no impact on United States purchasers, the evidence of that use and [plaintiff's] position concerning it obviously can have no influence on our determinations").

[10] *See Hot Wax, Inc. v. Warsaw Chem. Co., Inc.*, 45 F. Supp. 2d 635, 639 (N.D. Ill. 1999) (in false advertising case, ruling expert opinion inadmissible under Rule 703 where testimony was premised entirely on out-of-court statements by unnamed employees of party that proffered the expert). *See also Ricciardi v. Children's Hosp. Med. Ctr.*, 811 F.2d 18, 24-25 (1st Cir. 1987) (in medical malpractice case, finding no abuse of discretion to exclude doctor's note as basis for expert's opinion, where the note was not one that medical experts frequently encounter).

information concerning the nature of Unisys's consulting services under the 3D VISIBLE ENTERPRISE mark to provide a detailed analysis and explanation of those services in their original reports, and on this basis sought leave to submit a supplemental report from one of the experts, VSC of course could not make the same argument with respect to the information needed for a technical analysis and explanation of VSC's goods or services. Accordingly, the expert witnesses should be limited to the scope of their original disclosures on this subject.

**Fifth**, and finally, the witnesses should be precluded from testifying about technical comparisons between the software products offered by VSC and similar software offered not by Unisys, but by other third-party companies with whom VSC competes and of whom Unisys is a customer.[11] Far from "assist[ing] the trier of fact to understand the evidence or to determine a fact in issue,"[12] such testimony about goods offered and sold by companies who are not parties to this case can only serve to confuse the jury and cause unfair prejudice.[13]

---

[11] *See, e.g.,* Lane Supplemental Report at 55 ("A look at Proforma's Provision Modeling tool screens... reveals the following modeling capabilities....")

[12] Fed. R. Evid. 702.

[13] *See* Fed. R. Evid. 403; *Brawn v. Fuji Heavy Industries, Ltd.*, 817 F.Supp. 184, 186 (D. Me. 1993) (excluding expert evidence in patent infringement case under Rule 403); *Norfin, Inc. v. International Bus. Mach. Corp.*, 453 F.Supp. 1072, 1078 (D.C. Colo. 1978) (same).

Dated: July 13, 2007

UNISYS CORPORATION,
By Its Attorneys,

 /s/ William L. Boesch
Anthony M. Doniger, BBO No. 129420
William L. Boesch, BBO No. 558742
SUGARMAN, ROGERS, BARSHAK
 & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

__/s/ William L. Boesch_____

393496.1