UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VISIBLE SYSTEMS CORPORATION,** a Massachusetts Corporation, <br><br> **Plaintiff,** <br><br> v. <br><br> **UNISYS CORPORATION,** a Delaware Corporation, <br><br> **Defendant.** | C.A. No. 04-CV-11610-RGS |

# PLAINTIFF'S MOTIONS IN LIMINE

Pursuant to the Court's March 30, 2007 Order Setting Civil Case for Jury Trial, Plaintiff Visible Systems Corporation files the following nine (9) motions in limine:

### 1. Motion in Limine re: Testimony of Nancy McCarthy

In "Defendant's Tentative Trial Witness List" dated June 29, 2007, Defendant Unisys Corporation for the first time identified Nancy McCarthy, whom it therein identified as a Unisys employee, as a witness it intends to call at trial.

Plaintiff moves this Court for an order denying the admission into evidence of any testimony of Ms. McCarthy.

Plaintiff's Interrogatory No. 17, served upon Defendant on or about November 23, 2005, requested Defendant to identify each person likely to have discoverable information in this matter. Defendant did not identify Ms. McCarthy in response to this interrogatory either in its "Response of Defendant Unisys Corporation to First

Interrogatories by Plaintiff," served in February 2006, nor in its "Supplemental Response of Defendant Unisys Corporation to First Interrogatories by Plaintiff," served in April 2006.

Defendant was required to respond fully to Plaintiff's original interrogatory, Fed.R.Civ.P., Rule 33(b)(1), and to seasonably amend its response if additional or corrective material became known to it. Fed.R.Civ.P., Rule 26(e)(2). Plaintiff has been prejudiced by Defendant's failure to do so in that it has not had any opportunity to investigate Ms. McCarthy's knowledge of the facts and circumstances at issue.

### 2. Motion in Limine re: Defendant's Reliance on Advice of Counsel

Plaintiff Visible Systems Corporation moves this Court for an order denying the admission into evidence of any evidence of Defendant Unisys Corporation's reliance on the advice of counsel in determining whether to use "3D Visible Enterprise" as a trademark or service mark or to use the word "Visible" as part of any mark, trade name or advertising or marketing slogan.

As grounds for this motion, Plaintiff states that Defendant specifically waived its right to introduce such evidence before Magistrate Judge Bowler at the hearing held in connection with this action on June 28, 2007.

### 3. Motion in Limine re: Fair Use Defense

Plaintiff Visible Systems Corporation moves this Court for an order denying the admission into evidence of and any reference by counsel for the parties within the hearing of the jury to any evidence establishing the defense of fair use of the word "Visible" by Defendant Unisys Corporation in connection with its mark "3D Visible Enterprise" or any other trademark or service mark.

2

As grounds for this motion, Plaintiff asserts that the Fair Use defense of 15 U.S.C. sec. 1115(b)(4) is unavailable if the term is used as a trade or service mark. *Venentianaire Corp. of America v. A&P Import Co.*, 429 F.2d 1079, 1082 (2d Cir. 1970).

### 4. Motion in Limine re:
### Describing Plaintiff's Registered Marks as Descriptive

Plaintiff Visible Systems Corporation moves this Court for an order prohibiting Defendant Unisys Corporation from arguing within the hearing of the jury that Plaintiff's registered trademark and service mark, "Visible," is descriptive without having previously laid the prerequisite factual foundation.

As grounds for this motion, Plaintiff states that Defendant has the burden of proof on this issue. To shift the burden of proof back to the plaintiff trademark owner, the defendant may not simply allege descriptiveness; it must prove descriptiveness by a preponderance of the evidence.[1] The defendant's burden is not simply to show that the mark describes a feature of the trademark holder's product; rather, it must show that consumers regard the mark as merely descriptive of that product.[2]

---

[1] *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 118 (1st Cir. 2006); *Keebler Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 373 (1st Cir.1980).

[2] *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 119 (1st Cir. 2006) (putative infringer's argument that a registered mark which meant "tasty" or "rich" should be considered descriptive because it described a desirable characteristic of a cookie or cracker held insufficient to overcome the presumption.); *Equine Technologies, Inc. v. Equitechnology, Incorporated*, 68 F.3d 542, 545 (1st Cir. 1995); *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 27 (1st Cir. 1989) (when a party challenges the validity of a registered mark, it must show that the primary significance of the mark to the consuming public is to merely describe a particular product).

Where the defendant presents minimal evidence and argument in support of its descriptiveness defense, it cannot overcome the presumption of distinctiveness created by registration.[3]

### 5. Motion in Limine re:
### Describing Plaintiff's Incontestable Marks as Descriptive

Plaintiff Visible Systems Corporation moves this Court for an order prohibiting Defendant Unisys Corporation from arguing within the hearing of the jury that Plaintiff's incontestable trademarks, "Visible Systems Corporation" and "Visible Systems," are descriptive.

As grounds for this motion, Plaintiff states that a defendant putative infringer may not argue that an incontestable mark is not distinctive because it is merely descriptive. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196, 105 S.Ct. 658, 662-63, 83 L.Ed.2d 582 (1985); *Keds Corp. v. Renee Intern. Trading Corp.*, 888 F.2d 215, 220-221 (1st Cir. 1989); *Re v. Smith*, 2005 WL 1140769, *3, 2005 U.S. Dist. LEXIS 8985, 77 U.S.P.Q.2d (BNA) 1858 (D.Mass., Slip Opn., May 11, 2005).

### 6. Motion in Limine re:
### Affidavit of George Cagliuso

In its preliminary trial exhibit list emailed to Plaintiff Visible Systems Corporation on June 29, 2007, Defendant Unisys Corporation for the first time identified as a document which it intends to admit into evidence an affidavit described as "No. 16, Public Record, Affidavit of George Cagliuso in Vosburgh Enterprises v. VSC, 05/05/2003." Mr. Cagliuso is Plaintiff's president and CEO.

---

[3] *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 118 (1st Cir. 2006) (where putative infringer conducted no survey or adduced any comparable evidence to support its contention that owner's registered mark was merely descriptive, proof was insufficient to overcome the presumption).

4

On or about November 23, 2005, Plaintiff served Defendant with a document production request which contained the following requests:

> 22. All documents on which you rely to support, or which otherwise concern, your contention that Unisys has not infringed any trademark or service mark of Visible Systems.
>
> 23. All documents on which you rely to support, or which otherwise concern, your contention that any mark of Visible Systems is not distinctive.
>
> 24. All other documents on which you rely to support, or which otherwise concern, any affirmative action or defense in your answer.

It is virtually impossible for the subject affidavit to be relevant to any issue in the instant action and not be responsive to at least one of the document requests quoted above. Yet, Defendant has not produced said affidavit until now, on the eve of trial.

Defendant was required to produce or allow inspection of the affidavit in response to Plaintiff's original request, Fed.R.Civ.P., Rule 34(b)), and to seasonably amend its response if additional or corrective material became known to it. Fed.R.Civ.P., Rule 26(e)(2). Plaintiff has been prejudiced by Defendant's failure to do so.

Therefore, Plaintiff moves that this Court order that said affidavit not be admitted into evidence at trial and that Defendant not be allowed to use it to examine or cross-examine Mr. Cagliuso.

### 7. Motion in Limine re: Speculation About Other Causes of Plaintiff's Downturn in Revenue and Internet Traffic

The evidence will show that, in July 2004, the month following the launch of Defendant Unisys Corporation's "3D Visible Enterprise" advertising and marketing campaign. Plaintiff Visible Systems Corporation experienced an unexpected and substantial downturn in its revenues and website traffic. Plaintiff's employee, Stewart Nash, testified at deposition that he was aware of no other cause for the downturn other

5

than Defendant's actions and that other possible causes (e.g., competition from Plaintiff's traditional competitors) had shown no change in activity over the months leading up to and after the downturn.

Defendant Unisys Corporation, through its counsel, has repeatedly speculated that other causes may have precipitated the downturn, but no evidence of such other causes has actually be adduced.

Therefore, Plaintiff moves this Court for an order prohibiting Defendant from speculating about such other causes within the hearing of the jury without its having previously laid the requisite factual foundation by introducing evidence that such other potential causes actually occurred.

### 8. Motion in Limine re:  Evidence for Affirmative Defenses of Estoppel and Unclean Hands

Plaintiff Visible Systems Corporation moves this Court for an order denying the admission into evidence by Defendant Unisys Corporation of any evidence establishing its affirmative defenses of estoppel and unclean hands.

Plaintiff's Interrogatory No. 15, served upon Defendant on or about November 23, 2005, requested Defendant to state the basis for its contention that one or more of Visible Systems' claims is barred by estoppel or unclean hands. Under Local Rule 26.5(C)(8)(a)-(d), when a party is requested to "state the basis" of an allegation, it must, *inter alia*, identify specifically documents, communications, and the acts and omissions of specific persons which support is allegation. In its response to Interrogatory No. 15 in its "Response of Defendant Unisys Corporation to First Interrogatories by Plaintiff," served in February 2006, Defendant stated only that:

6

> Since the time it became aware of the adoption and use by Unisys if the 3D VISIBLE ENTERPRISE mark, Visible Systems has engaged in activities apparently designed to increase the possibility of consumer confusion concerning its trademarks and the 3D VISIBLE ENTERPRISE mark. These activities have included modifications to the use of the mark VISIBLE on plaintiff's website.

In its "Supplemental Response of Defendant Unisys Corporation to First Interrogatories by Plaintiff," served in April 2006, Defendant merely repeated its original response verbatim.

Defendant's original response did not conform to the requirements of Local Rule 26.5(C)(8)(a)-(d). Defendant was required to respond fully to Plaintiff's original interrogatory, Fed.R.Civ.P., Rule 33(b)(1), and to seasonably amend its response if additional or corrective material became known to it. Fed.R.Civ.P., Rule 26(e)(2). Plaintiff has been prejudiced by Defendant's failure to do so in that it has not had any opportunity to investigate any of the facts which may support Defendant's affirmative defenses of estoppel and unclean hands.

### 9. Motion in Limine re: Evidence of the Use of the Word "Visible" by Third Parties

Plaintiff Visible Systems Corporation moves this Court for an order denying the admission into evidence by Defendant Unisys Corporation of any evidence of third-party use of the word "Visible" in trademarks, service marks, or advertising or marketing literature or speech in order to prove that such word is descriptive and not distinctive. As grounds for this motion, Plaintiff states that, where the goods and services which are the subject of third-party registrations are not closely related to the plaintiff trademark owner's goods and services, evidence of the third-party registrations have no probative value in determining whether the owner's mark is distinctive. *See Conde Nast*

7

*Publications, Inc. v. American Greetings Corp.*, 329 F.2d 1012, 1014-1015 (C.C.P.A. 1964) (48 third party registrations not persuasive of defendant's claim that plaintiff's mark was unworthy of trademark protection where the goods subject to the registrations were not "closely related" to the goods under consideration.); see also *Morningside Group Limited v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 139 (2nd Cir. 1999) (use of a like mark in a different market for different products or services need not undermine the mark's strength in its own market.); *Scarves by Vera, Inc. v. Todo Imps. Ltd. (Inc.)*, 544 F.2d 1167, 1173-74 (2d Cir. 1976); see *Playboy Enterprises, Inc. v. Netscape Communications Corporation*, 354 F.3d 1020, 1027, n. 33 (9th Cir. 2004); *Nat'l Lead Co. v. Wolfe,* 223 F.2d 195, 204 (9th Cir. 1955) (considering, and rejecting, evidence of third-party use because use within the relevant market, for paint, was *de minimis*); *see also Century 21 Real Estate Corp. v. Century Life of Am.*, 970 F.2d 874, 877-78 (Fed. Cir. 1992).

                Plaintiff, VISIBLE SYSTEMS CORPORATION
                By its attorneys:


                _____/s/Stephen H. Galebach_____
                Stephen H. Galebach, BBO #653006
                GALEBACH LAW OFFICE
                9-11 Touro Avenue
                Medford, MA 02155
                (781) 874-2239
                galebach@galebachlaw

                and

                Lawrence M. Kraus, BBO #564561
                Carrie J. Fletcher, BBO #642369
                FOLEY & LARDNER LLP
                111 Huntington Avenue
                Boston, MA  02199
                (617) 342-4000

lkraus@foley.com

Dated:  July 13, 2007

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


July 13, 2007                                          ____/s/ *Stephen H. Galebach*_____
                                                                     Stephen H. Galebach