UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT ON ALLEGED BAD FAITH

Despite the Court's ruling at summary judgment that the "there is no evidence offered that the defendant, Unisys, adopted [its 3D VISIBLE ENTERPRISE] mark in bad faith or with any intent to actually do harm to the plaintiff,"[1] plaintiff VSC apparently seeks to revisit this issue at the trial of this case. The Court should rule in limine that VSC is precluded from doing so.

There is no evidence in this case of any of the sort of conduct courts have found indicative of bad faith.[2] Rather, it is beyond real dispute that Unisys adopted its 3D

---

[1] *See* Transcript of 03/29/07 Summary Judgment Hearing at 42.

[2] *Cf., e.g., Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.,* 282 F.3d 23, 37-38 (citing evidence of willfulness and intent to divert plaintiff's customers and trade on its goodwill, in combination with direct competition and actual confusion, as justification for accounting); *id.* at 33 (citing in another context twelve examples of willful conduct by defendant, including instruction to advertising agency not to conduct trademark search, consideration of other competitors' names, and violation of preliminary injunction); *AB Electrolux v. Armatron Int'l.,* 999 F.2d 1, 6 (1st Cir. 1993) ("As the district court found, [defendant] chose [its mark] as a natural extension of its previous mark,... not to take advantage of [plaintiff's] reputation and good will in the market. Indeed, [defendant] did so only after its attorney conducted a search to determine [the mark's] status, and concluded that [the mark] was available for use. Thus, while [defendant] may have been aware of a challenge, [it] did not act in bad faith in using a

VISIBLE ENTERPRISE mark in complete good faith, did not copy VSC's mark or seek to take advantage of whatever goodwill it may have gained, and had no reason to believe either that VSC was a competitor, or that the proposed mark would create confusion or have any adverse effect on VSC's business.  Likewise, there is no evidence of the kind of intent relevant in a reverse-confusion case: the intent to flood the marketplace with advertising and thereby drive out the "senior" user—here, VSC.

At summary judgment, seeking to create a dispute on this point, VSC cited two documents.  First, it offered a series of three e-mails from May and June 2003, more than a year before the launch of the 3D VISIBLE ENTERPRISE mark, on which Unisys chief technology officer Fred Dillman is listed as one of many "cc's".  The e-mail exchange made reference to materials Unisys received from a client or prospective client, Manatron, utilizing two software applications: Visio, a product of Microsoft, and VSC's Visible Analyst product.  The Court rightly found this evidence insufficient as a matter of law to permit an inference of bad faith.  Because the risk of confusion or prejudice caused by such evidence outweighs any probative value it may have, plaintiff should not be permitted to offer such evidence at trial.

Similarly, VSC offered a list compiled for this litigation from its "customer contact databases" going back to 1989, allegedly showing every instance in which a present or former Unisys employee at any level, anywhere in the world, contacted VSC or visited its website even for the limited purpose of "download[ing] information" about the company or its products.  Here again, the Court correctly found that this evidence did not permit a rational inference of bad faith, and for the reasons given above, the evidence

---

mark that it believed available.").

should be excluded.

VSC should also be barred from offering evidence with respect to Unisys's conduct after June 2004, when it launched the 3D VISIBLE ENTERPRISE mark and VSC responded by immediately filing this lawsuit accusing it of infringement. The fact that Unisys has not simply capitulated to VSC's demands that it stop using the term VISIBLE is no evidence of bad faith. Nor should plaintiff be permitted to offer evidence concerning Unisys's legal strategy in response to this litigation with respect to trademark and non-trademark uses of the word "Visible" in advertising and other promotional materials. To the extent Unisys and its counsel made strategic litigation judgments about whether or not to use "Visible" beyond the 3D VISIBLE ENTERPRISE mark that was the subject of the ongoing lawsuit brought by VSC, this has no bearing on any material issue in this case. Likewise, to the extent Unisys may have from time to time made use of the English word "Visible" in non-trademark contexts—as a word in a sentence, for example—this too has no relevance to the dispute over whether Unisys may, under trademark law, use the mark 3D VISIBLE ENTERPRISE. Diverting the jury's attention to such immaterial collateral issues can only serve to foster confusion (of the kind Fed. R. Evid. 403 is designed to prevent), and would be unfairly prejudicial.

Dated: July 13, 2007

                               UNISYS CORPORATION,
                               By Its Attorneys,

                               /s/ William L. Boesch
                               Anthony M. Doniger, BBO No. 129420
                               William L. Boesch, BBO No. 558742
                               SUGARMAN, ROGERS, BARSHAK
                                 & COHEN, P.C.
                               101 Merrimac Street
                               Boston, MA 02114
                               617-227-3030

CERTIFICATE OF SERVICE

      I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

                         /s/ William L. Boesch

393540.1