UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**VISIBLE SYSTEMS CORPORATION,**
a Massachusetts Corporation,

**Plaintiff,**

v.                                            C.A. No. 04-CV-11610-RGS

**UNISYS CORPORATION,**
a Delaware Corporation,

**Defendant.**

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE OR LIMIT EXPERT TESTIMONY

On July 13, 2007, only six days before the Final Pre-Trial Conference in the captioned matter, Defendant Unisys Corporation served upon Plaintiff Visible Systems Corporation "Defendant's Motion *in Limine* to Preclude or Limit Expert Testimony." The motion raises six objections attempting to preclude Defendant's expert testimony:

1. that no expert be allowed to testify about what relevant consumers may think when they see the word "Visible";

2. that no expert be allowed to testify about the identity and definition of the relevant markets or whether the Plaintiff and Defendant are competitors;

3. that no expert, in testifying about the technical aspects, i.e., the similarities of, the goods and services in issue, be allowed to rely on or characterize materials not in evidence;[1]

---

[1] Defendant's Motion, pp. 3-4 and n. 9, chiefly complains about Plaintiff's expert's prospective use of the PITO documents (see below), arguing that, since Defendant's PITO transaction took place in Great Britain, any commercial confusion there could not be relevant to ascertaining whether or not confusion is likely within this Court's jurisdiction. Without admitting Defendant's contention, it mischaracterizes Plaintiff's intent with regard to the information in the PITO documents, which is to use it as evidence of the type of goods and services which Defendant sells, establishing that the parties compete directly and that their goods and services are similar.

4. that the experts' testimony should be limited to their original expert disclosures and thus, while Defendant does not explicitly so state, the supplemental report of Defendant's expert Malcolm Lane, explicitly authorized by Magistrate Judge Bowler's order of February 18, 2007, should be disallowed; and

5. that the experts should not be allowed to testify about the similarities between the software products sold by Plaintiff and third-parties, including, while Defendant does not explicitly so state, third-parties Defendant has publicy identified as its "partners" whose software products form part of the goods and services offered by Defendant under the infringing name "3D Visible Enterprise."

Each of the objections above goes to the scope of the experts' testimony, the qualifications of the experts, the methodologies used by the experts, and the factual foundations used by the experts to support their opinions. In short, Defendant's motion is a motion pursuant to *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) to have the court act as the gatekeeper of expert testimony, testing the reliability of expert evidence. In the current procedural posture of the instant case, Defendant's motion is inappropriate.

Moreover, Defendant's motion is an attempt to profit from its own late production of crucially important documents that had a profound impact on the expert opinions, and particularly methodology, of Plaintiff's expert Dr. Malcolm G. Lane. Magistrate Judge Bowler heard the precise issue of whether Unisys' six-weeks' late production of 1900 pages of documents, after the close of expert discovery, warranted an opportunity for Dr. Lane to supplement his report. With leave of Court, Dr. Lane submitted a detailed, extensive expert report, based upon and flowing from his examination of the "PITO Documents" – the late production concerning the work Unisys did after winning a bid against Visible Systems Corporation, for the Police IT Organization of the UK.[2]

---

[2] The PITO documents, as well as documents concerning Unisys "Right Time Visible Bank" and related Visible-name marks, all from the November 6, 2006 late Unisys production, will be

**ARGUMENT**

Specifically with respect to Defendant's fourth objection, the so-called PITO documents, which evidence a "3D Visible Enterprise" engagement between Defendant and the Police IT Organization of Great Britain (PITO), were among a substantial late-production of documents by Defendant at the very end of discovery in September 2006. It took Plaintiff's counsel three months to identify and realize the significance of the documents. Plaintiff filed its motion to supplement the expert disclosure of Malcom Lane, Ph.D., on January 12, 2007. Defendant filed its Opposition on January 26, 2007. The motion was heard before Magistrate Judge Bowler on February 13, 2007, who allowed the supplementation by her order of the same date. The issues as to whether the supplementation was necessary and appropriate were fully briefed and argued before the Magistrate. Defendant by the instant motion is attempting to re-argue issues already decided by the Magistrate. Plaintiff has reasonably relied upon the expert supplementation permitted by the Magistrate in its trial preparation and would suffer irreparable prejudice should this Court in effect reverse the Magistrate's decision at this late date.

More generally, in response to a *Daubert* motion, plaintiff is entitled to a *Daubert* hearing.[3] This is not a simple case: the expert testimony is based both upon expertise and the application of a particular methodology as well as the experts' technical and other

---

offered by Plaintiff as exhibits at trial. Several exhibits inadvertently left off the exhibit lists submitted are included in a supplemental exhibit list that Plaintiff conferenced with Defendant's counsel on July 16, 2007 and is submitted via a motion for leave filed July 18, 2007.

[3] See *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3rd Cir. 1999) (stressing the importance of *in limine* hearings under Fed.R.Evid.,Rule 104(a) in making the reliability determination required under Rule 702, which codifies *Daubert*).

specialized knowledge, as in *Kumho, supra*. Under these circumstances, the Court must determine which of the *Daubert* factors, if any, apply. *Id*., at 140, 149-51, and a hearing is appropriate.[4] However, the timing of Defendant's motion does not even allow Plaintiff the 14 days for a response specified in Local Rule 7.1(B)(2) to seek a hearing or prepare a response, even though the expert's supplementation has been in Defendant's hands since March 30, 2007. Waiting until the last minute before the Final Pre-Trial Conference to file the instant motion was Defendant's choice.

Under these circumstances, Defendant's motion is untimely. The court has the power to exclude evidence *in limine* only when the evidence is clearly inadmissible on all potential grounds; unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.[5] This is especially true when the *in limine* motion is, in fact, a request for a *Daubert* hearing dealing with complicated facts and issues which the motion puts before the Court only in a summary fashion in the final days before trial:

> Mindful of the important role the Court has as gatekeeper to keep unreliable and irrelevant information from the jury, a pretrial request for a Daubert hearing must be made in a timely fashion or the objection is waived. A pretrial request for a Daubert hearing should be made within a reasonable time after the close of discovery if the grounds for the objection can be reasonably anticipated. . . . Certainly, a pretrial request for a Daubert hearing should be made well in advance of the first time a case appears on the trial calendar.[6]

## **CONCLUSION**

---

[4] See also, *Kerrigan v. Maxon Industries, Inc.*, 223 F.Supp.2d 626, 663 (E.D.Pa. 2002) (*in limine* motion hearing required on *Daubert* issues where the record did not clearly explicate the basis of the proferred opinion); *Oddi v. Ford Motor Company*, 234 F.3d 136, 155 (3rd Cir. 2000) (*Daubert* hearing a "necessary predicate" for determining reliability of methodology used by expert where court could not determine the methodology used).

[5] *Knotts v. Black & Decker, Inc.*, 204 F.Supp.2d 1029, 1034 n.4 (N.D. Ohio 2002).

[6] *Webster v. Fulton County, Georgia*, 85 F.Supp.2d 1375, 1377 (N.D. Ga. 2000).

For all of the reasons stated above, the Court should find that Defendant has waived its right to mount a *Daubert* challenge, deny Defendant's Motion in Limine and rule on any evidentiary objections to which it refers at trial.

> PLAINTIFF VISIBLE SYSTEMS CORPORATION
> By its attorneys:
>
> ___/s/Stephen H. Galebach_____
> Stephen H. Galebach, BBO # 653006
> GALEBACH LAW
> 9-11 Touro Avenue
> Medford, MA  02155
> 781-874-2239
> galebach@galebachlaw
>
> and
>
> Lawrence M. Kraus, BBO # 564561
> Carrie J. Fletcher, BBO # 642369
> FOLEY & LARDNER LLP
> 111 Huntington Avenue
> Boston, MA 02199
> 617-342-4000
> lkraus@foley.com

Dated:  July 18, 2007

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

July 18, 2007                                ____/s/ *Stephen H. Galebach*_____
                                             Stephen H. Galebach

5