UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>                 Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>                 Defendant | Civil Action No. 04-CV-11610-RGS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE OR ARGUMENT ON ACCOUNTING OR DAMAGES**

    Defendant's *in limine* motion on damages and accounting attempts to relitigate summary judgment issues on which the Court did not grant summary judgment on March 29, 2007, and should not now.

**A. Damages Are an Issue for the Jury**

    Defendant's factual argument as to damages runs afoul of the plain facts of record. The financial records of Plaintiff Visible Systems Corporation ("Visible") present a totally different picture from the "steadily declining since 2001" picture that Defendant tries to paint. Specifically, an examination of Visible's quarterly financial results compiled from Visible's financial statements (Trial Ex. 62: Ex. 18 to Defendant's summary judgment motion), shows:

    1. The second half of 2003 shows a *revenue increase* from first half 2003, indicating that Visible had recovered from the industry-wide downturn of 2001 by this time.

    2. First half 2004 also shows a *revenue increase* compared to quarterly results for first half 2003, so the recovery and stabilization was well established by June 17, 2004 when Unisys launched "3D Visible Enterprise." Visible's highest quarterly revenue in over two years occurred in April-May-June 2004.

1

3. Then, suddenly, for no other reason that has been advanced in this case, Visible's monthly revenue dropped sharply *immediately following the launch of 3D Visible Enterprise.* As shown in Exhibit 1 hereto, the drop was from an average monthly revenue of $151,344 during the period January 2003 through June 2004, to an average monthly revenue of $122,978 during the four months following Unisys' launch of 3D Visible Enterprise.

4. Testimony at trial will show that Visible retained Stewart Nash as a consultant to improve sales during the 4th quarter of 2004, and revenue increased during that quarter. Nash continued as an employee from 2005 and will testify at trial.

5. It will be for the jury to decide whether Visible's revenue drop in July-August-September-October 2004 resulted from the impact of Unisys' Internet advertising of the Visible name starting in the second half of June 2004, impinging upon and partially drowning out Plaintiff Visible's predominantly Internet-based advertising strategy, or whether it resulted from some other factor not yet identified or proposed by Defendant. Just as it was at the summary judgment hearing, this is a disputed issue of material fact.

6. The jury is entitled to infer, if they find infringement, that Visible was harmed (a) in suffering an immediate sustained drop in revenue which was temporarily cured by hiring Stewart Nash as VP of Sales in fall 2004, (b) in its goodwill and reputation, (c) in its control of its mark in an Internet-based advertising strategy, and (d) in the impression that Visible had been acquired by Unisys just as Rational by IBM as communicated by the name "IBM Rational" and Visio by Microsoft.

Visible is easily able to show that lost revenues caused lost profits. The cost of sales plus Sales and Marketing expenses, in every year, was substantially less than Visible's revenue, leaving a significant measure of lost profits.

The quarterly data compiled from Visible's financials are presented in Exhibit 1 hereto.

### B. Accounting of Unisys' Profits Is an Issue for the Jury

Direct competition is a sharply disputed fact issue. Visible's expert Dr. Malcolm G. Lane explains in detail, with extensive support from documents Unisys withheld until after discovery, *that Plaintiff and Defendant compete in the same market of enterprise architecture modeling.* He shows how Unisys uses "3D Visible Enterprise" and other Visible-name marks in connection with toolsets, methodologies and services that are precisely in Plaintiff Visible's long-occupied field of enterprise architecture modeling tools, methodologies and services.

Despite Unisys' protestations that it is not a tool company and does not sell tools, Visible will present evidence at trial from Unisys' website advertising and describing tools in the modeling field that are associated by Unisys with its Visible-name marketing.

As to enterprise architecture modeling services, the Arizona Supreme Court's Information Systems Chief Architect, William Earl, explained in his affidavit, Exhibit 1 to Visible's summary judgment opposition papers, that Visible's model-based development tools, combined with Visible's consulting and support services on an as-needed basis, "*accomplished the same result as outsourcing the entire system development task to a consulting firm*" [such as Unisys] (emphasis added). Mr. Earl will testify to the same effect at trial.

Willful infringement is also a contested fact issue. While undersigned counsel did not focus his limited time on this issue at the summary judgment hearing, there is ample evidence for the jury to find willful infringement. Some of this evidence is contained in emails produced by Defendant less than a week ago, under order from Magistrate Judge Bowler. These emails, which Plaintiff will have at the pretrial conference, show that Unisys proceeded to deploy increasingly confusing Visible-name marks heedless of warnings from the cognizant Unisys persons who were responsible for controlling use of brand names, including preventing the infringement of trademarks of third parties.

In addition, Visible will present the 300 entries in its customer database showing Unisys persons downloading or requesting software and product or service information from Visible (Ex. 34 to Visible's opposition to summary judgment). One of these persons sent two emails *to the Chief Technology Officer* of Unisys about using Plaintiff's Visible Analyst modeling tool. (Ex. 87 to Visible's opp. to s.j.) The 300 entries, including several from marketing personnel, and three from Unisys vice presidents, are understandable in light of Unisys' long-time involvement in the enterprise architecture modeling market. The jury could well infer that Unisys was keeping apprised of a competitor.

In sum, the issue of accounting of Defendant's profits, as well as the issue of damage suffered by Plaintiff, are disputed fact issues for the jury.

        Plaintiff,

        VISIBLE SYSTEMS CORPORATION,
        By its attorneys,


        ____*/s/Stephen H. Galebach*_____
        Stephen H. Galebach, BBO # 653006
        GALEBACH LAW OFFICE
        9-11 Touro Avenue
        Medford, MA  02155
        781-874-2239
        galebach@galebachlaw.com

        and

        Lawrence M. Kraus, BBO # 564561
        Carrie J. Fletcher, BBO # 642369
        FOLEY & LARDNER LLP
        111 Huntington Avenue
        Boston, MA 02199
        617-342-4000

July 19, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

July 19, 2007                                 _____/s/ *Stephen H. Galebach*_____
                                                             Stephen H. Galebach