Filed 7/27/07

Rec'd and reviewed. R.D. Stearns DJ 7-27-07

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

   Plaintiff

v.               Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

   Defendant

## MOTION OF UNISYS CORPORATION FOR
## JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50 and 52, the defendant, Unisys Corporation, hereby moves for judgment in its favor as a matter of law on all remaining counts of the plaintiff's First Amended Complaint and on all issues and requests for relief raised therein.[1] The plaintiff, Visible Systems Corporation ("VSC"), has been fully heard on its claims, and there is no legally sufficient evidentiary basis on which a reasonable jury or this Court could find in favor VSC. In particular:

The evidence is insufficient as a matter of law to support a finding that VSC has a valid and protectable right to the exclusive use of the trademark VISIBLE for any purpose material to this case. The word "visible" as used to express the idea that something hidden or difficult to

---

[1] The First Amended Complaint asserts claims of trademark infringement under 15 U.S.C. § 1114 and Massachusetts common law (Counts I, VI), and unfair competition under 15 U.S.C. § 1125(a) and Mass. Gen. L. ch. 93A, § 11 (Counts II, IV). VSC also makes a claim of trademark dilution under 15 U.S.C. § 1125(c) and Mass. Gen. L. ch. 110B, § 12 (Counts III, V). At the pretrial conference on July 19, 2007, VSC agreed to withdraw the state-law claims in Counts II, V and VI. The complaint seeks injunctive and other equitable relief barring Unisys from using 3D VISIBLE ENTERPRISE as a trademark. It also seeks damages in the form of alleged lost sales, and seeks to have Unisys "account for and pay over... all gains, profits and advantages derived" from the alleged infringement. Finally, VSC asserts a separate claim seeking a declaration that Unisys's 3D VISIBLE ENTERPRISE mark may not be registered as a federal trademark (Count VII).

understand becomes perceptible and clear is inherently descriptive, not distinctive. Nor is there any rational basis for concluding that the term has acquired secondary meaning such that relevant consumers seeing or hearing the name perceive it as identifying VSC as a source of goods or services, and not in the word's descriptive sense.

Furthermore, while the evidence shows that VSC holds incontestable federal registrations for the composite trademarks VISIBLE SYSTEMS and VISIBLE SYSTEMS CORPORATION for the sale of "computer programs recorded on magnetic disks," and a contestable registration for VISIBLE as a trademark applied to such goods, these have no bearing on plaintiff's trademark rights for the purposes material to this case. Likewise, while VSC holds a contestable registration for VISIBLE as a service mark applied to "training" services, and to what the certificate ambiguously describes as "consulting services, namely providing advice in the field of information technology," the procedural rights arising from this registration should be understood as limited to the categories of services which the evidence shows VSC has in fact provided. Therefore, even taking into account the registration evidence, VSC has not offered the jury a sufficient basis on which it could rationally find that VSC has exclusive trademark rights of the broad scope that it claims in this case.

The evidence is also insufficient as a matter of law to support a finding that Unisys's use of its trademark 3D VISIBLE ENTERPRISE has created a likelihood of confusion among relevant consumers of the parties' respective products or services. In this reverse confusion case, the evidence fails to show that VSC's potential customers are likely to be exposed to the 3D VISIBLE ENTERPRISE mark and to mistakenly believe that the mark suggests that Unisys is the source or sponsor of VSC's products or services. In particular, the clear evidence as to the sophistication of relevant consumers, the absence of even a single instance of actual confusion in

more than three years of co-existence, and the Court's ruling that there is no evidence Unisys adopted its mark in bad faith, fatally undermine any rational contention that confusion is likely.

VSC's claim for trademark dilution also fails as a matter of law. Specifically, the evidence is insufficient as a matter of law to support a finding that any of VSC's trademarks are "famous" within the meaning of dilution law. Nor is there any sufficient evidence to support a finding that Unisys's use of its trademark 3D VISIBLE ENTERPRISE diluted any of VSC's trademarks. There is no proof that Unisys has either blurred or tarnished VSC's trademark.

VSC's Chapter 93A claim must also fail as a matter of law. The evidence is insufficient as a matter of law to support a finding that Unisys engaged in any unfair or deceptive act or practice by using its 3D VISIBLE ENTERPRISE trademark or otherwise. Furthermore, the evidence establishes as a matter of undisputed fact that the actions of Unisys about which VSC complains did not occur "primarily and substantially" within the Commonwealth of Massachusetts.

Finally, the evidence is insufficient as a matter of law to support an award to VSC of monetary relief by way of damages or an accounting. The absence of evidence of actual confusion is fatal as a matter of law to any damages claim. Further, the evidence offered by VSC concerning the timing of certain trends in its revenues does not provide a rational basis on which the jury could conclude that plaintiff suffered lost profits caused by Unisys's use of the 3D VISIBLE ENTERPRISE mark, much less any rational basis on which the jury could ascertain an amount of such putative harm.

Likewise, the evidence is insufficient to support an accounting remedy. There is no evidence that VSC and Unisys "directly compete," such that it is fair to conclude that Unisys's "sales" of consulting services under the 3D VISIBLE ENTERPRISE mark would have gone to

VSC absent the alleged infringement. Indeed, the testimony of plaintiff's own expert—that Unisys and VSC "could" hypothetically compete, for certain specific types of business, under certain possible and as-yet-unrealized conditions—precludes any rational finding of actual, direct competition. Nor, again, has plaintiff provided any basis for a rational conclusion that it has been harmed by the alleged infringement. Finally, again, this Court has already ruled that Unisys did not act in bad faith.

## Conclusion

For all of the above reasons, this Court should enter judgment for Unisys on all counts of VSC's First Amended Complaint and resolve all issues and requests for relief therein in favor of Unisys.

Defendant,
UNISYS CORPORATION,
By Its Attorneys,

_____
Anthony M. Doniger, BBO No. 129420 (doniger@srbc.com)
William L. Boesch, BBO No. 558742 (boesch@srbc.com)
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030

Dated: July 27, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document was served on opposing counsel of record in open court on the above date.

_____
William L. Boesch