UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>                      Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>                      Defendant | Civil Action No. 04-CV-11610-RGS |

### RESPONSE OF DEFENDANT UNISYS CORPORATION TO
### FIRST INTERROGATORIES BY PLAINTIFF

The defendant, Unisys Corporation, responds as follows to the first set of interrogatories by the plaintiff. The responses are hereby designated as CONFIDENTIAL under the terms of the Confidentiality Agreement and Protective Order in this case. Certain specific responses are designated as ATTORNEYS' EYES ONLY under that Agreement, as detailed below.

### General Objections and Responses

      i.      Unisys objects generally to these interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product immunity doctrine, or other such privilege or immunity. Unisys does not agree to provide information protected thereby.

      ii.      Unisys objects generally to these interrogatories to the extent they seek confidential business information of Unisys, including information protected by the trade-secrets privilege or other such privilege or immunity. Unisys does not agree to provide information protected thereby except pursuant to the Protective Order entered by the Court in this case.

      iii.      Unisys objects generally to these interrogatories to the extent they seek information concerning marketing or sales by Unisys of any product or service, or any other Unisys business activity, outside the United States. Such activities are irrelevant to any material and disputed issue in this case, and to this extent the interrogatories are overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

      iv.      Unisys objects generally to these interrogatories to the extent they seek broad categories of information concerning Unisys business activities (including revenues or profits derived from such activities) in which the 3D VISIBLE ENTERPRISE trademark may have been used or referenced in some way. Such interrogatories are overbroad and unduly burdensome, seek information that is irrelevant to any material and disputed issue in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

      v.      Unisys objects generally to these interrogatories to the extent they seek broad categories of information concerning clients or potential clients of Unisys, without any showing that any such client was also an actual or potential customer of Visible Systems. Such interrogatories are overbroad and unduly burdensome, seek information that is irrelevant to any material and disputed issue in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

      vi.      To the extent the answer to any interrogatory herein may be derived or ascertained from documents available via the Unisys public Internet website ([www.Unisys.com](www.Unisys.com)), which contains extensive, easily searchable information about the services offered under the 3D VISIBLE ENTERPRISE mark, Unisys incorporates herein and relies upon such information, pursuant to Fed. R. Civ. P. 33(d).

Unisys incorporates these General Objections and Responses by reference into each of its Specific Objections and Responses set forth below.

### Specific Objections and Responses

1.      Please identify each person (*see* Local Rule 26.5(C)(3)) (including officers and employees of Unisys and outside market research firms, advertising agencies, consultants, and attorneys) who participated in, or was consulted concerning, the adoption of, any decision to use, or any marketing, promotion, or other use of the mark 3D VISIBLE ENTERPRISE, or any investigation of marks or owners of marks similar to 3D VISIBLE ENTERPRISE or the term "Visible," including in your answer a detailed description of the role played by each such person, and a statement of the knowledge *vel non* that each such person had of Visible Systems Corporation, Visible Analyst, Visible Analyst Workbench, The Visible Analyst, Visible Advantage, Visible Developer, or Visible Razor as of the time of such participation or consultation by them.

Answer  Unisys objects to this interrogatory on the grounds that it is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Please also refer to General Objection (iv). Unisys further objects to this interrogatory to the extent it seeks information protected by the attorney-client or work-product privilege. Subject to and without waiving its objections, Unisys responds as follows. Please also refer to the business records produced by Unisys in this case.

The persons involved in the initial development, adoption and/or use of the 3D

VISIBLE ENTERPRISE mark included, without limitation, the following:

    a.    Grey Worldwide, 777 Third Avenue, New York, NY 10017. Grey is an advertising firm, and it developed the 3D VISIBLE ENTERPRISE mark for Unisys. Unisys does not know what knowledge, if any, Grey had at any time concerning Visible Systems or its alleged use of the terms or marks identified in this interrogatory, other than the knowledge Grey may have obtained as a result of the clearance search conducted by its law firm, as discussed below. The employees of Grey who, as Unisys understands, were involved in developing and proposing use of the 3D VISIBLE ENTERPRISE mark included, without limitation, the following:

        i.    Jack Aaker, Vice President, Copywriter

        ii.    Carl Argila, Vice President, Management Supervisor

        iii.    Nicole Caplan, Account Supervisor

        iv.    Steve Centrillo, Executive Vice President, Managing Partner

        v.    Kathleen Corrigan

        vi.    David Duncan, Executive Vice President, Managing Partner

        vii.    Paul Jones, Vice President, Art Director

        viii.    Denny Soto, Senior Brand Planner

        ix.    Dave Tutin, Account Supervisor

    b.    Davis Wright Tremaine LLP, 1740 Broadway, New York, NY 10019. DWT is a law firm retained by Grey that conducted a trademark search as part of the development of the 3D VISIBLE ENTERPRISE mark, and provided a search opinion to Grey (which was subsequently forwarded to Unisys). The individuals at DWT who, as Unisys understands, were involved in the search and/or the report included, without limitation, the following:

        i.    Robert Driscoll

        ii.    Nancy Felsten

    c.    Unisys Corporation, Blue Bell, PA. The individuals at Unisys who were principally involved in the initial adoption and use of the 3D VISIBLE ENTERPRISE mark included, without limitation, the following. (Titles and job descriptions are as of the time of the initial adoption of the 3D VISIBLE ENTERPRISE trademark in or about early 2004.) To our knowledge, as of the time of the decision by Unisys to adopt and use the 3D VISIBLE ENTERPRISE mark, none of these individuals had any knowledge of Visible

Systems or its alleged use of the terms or marks identified in this interrogatory, other than what they may have obtained as a result of the clearance searches conducted in connection with the decision.

i.   Richard Badler, senior vice president, corporate communications

ii.  John Boyle, marketing

iii. Mark Hoffman, marketing

iv.  Tracy Kopco, senior advertising manager

v.   Ralph Mahoney, marketing research

vi.  Christopher Paul, marketing support

vii. Mariann Pushker, global commercial industry marketing

viii. Ellyn Raftery, global industries marketing and communications

ix.  David Wright, head of corporate identity

The following people were involved in reviewing the results of the clearance search conducted by DWT, in connection with the decision to adopt and use the 3D VISIBLE ENTERPRISE mark:

x.   Thomas Scott, consulting patent counsel

xi.  Stephanie Thier, senior trademark counsel

***

2. Please provide a detailed history of your use of the mark 3D VISIBLE ENTERPRISE, including the name and a detailed description of each product or service on or in connection with which you have used this mark, including products and services marketed in any way in connection with this mark.

Answer  Please refer to General Objection (iv). Subject to and without waiving its objections, Unisys responds as follows: The 3D VISIBLE ENTERPRISE mark was designed and developed for Unisys in late 2003 by the advertising firm Grey Worldwide, which also designed and developed marketing and advertising materials for Unisys utilizing the mark. Trademark clearance searches were performed by counsel for Grey and by counsel for Unisys before the mark was used. The initial advertising campaign using the mark was launched in mid-2004. At about the same time, certain Internet domain names, including www.3dvisibleenterprise.com and related names, were registered on behalf of Unisys. The Unisys 3D VISIBLE ENTERPRISE mark has been used in advertisements in various media since the initial launch in 2004. Unisys has used

4

the mark in connection with a variety of services offered to its clients, as described in detail on the public Internet website maintained by Unisys (see General Objections and Responses, Item (vi)) and in the business records produced by Unisys in this case.

***

   3.  For each product and service identified in response to Interrogatory No. 2, please:

   a.  provide a detailed description of each different means by which the 3D VISIBLE ENTERPRISE mark has been used in connection with the product or service, including print and other advertising, internet and other electronic use, promotional materials, and product packaging and labeling;

   b.  provide a detailed statement by year of each expenditure related to marketing or advertising of the mark 3D VISIBLE ENTERPRISE;

   c.  as to each instance in which the mark was used in advertising or other marketing, specify the medium involved (*e.g.*, television, radio, newspaper, or magazine), state the date(s) when the advertising item appeared, and identify each geographic area where the item was distributed.

  <u>Answer</u>  Please refer to General Objection (iv).  Unisys further objects to this request on the grounds that it is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Unisys responds as follows: Please refer to the public Internet website maintained by Unisys (see General Objections and Responses, Item (vi)), and to the advertising and other marketing documents produced by Unisys in this case.

***

   4.  Please identify all instances in which you have used the term "Visible" (not including used of "Visible" in "3D Visible Enterprise") in connection with any product or service or methodology or other thing or concept (*e.g.*, Visible Global Commerce, Visible results); and for each such instance, please:

   a.  provide a detailed description of the product, service, methodology, or other thing or concept in connection with which you have used the term "Visible";

   b.  provide a detailed description of each different means by which the term "Visible" has been used in connection with the product or service, including but not limited to print and other advertising, internet and other electronic use, promotional materials, and product packaging and labeling;

   c.  as to each instance in which the term "Visible" was used in advertising or other marketing, specify the medium involved (*e.g.*, television, radio, newspaper, or

5

magazine), state the date(s) when the advertising item appeared, and identify each geographic area where the item was distributed.

<u>Answer</u>  Unisys objects to this interrogatory on the ground that it is unduly vague and ambiguous.  Unisys further objects to the interrogatory on the grounds that it is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, as Unisys understands the interrogatory, it responds as follows: Please refer to the public Internet website maintained by Unisys (see General Objections and Responses, Item (vi)) and the advertising and other marketing documents produced by Unisys in this case, which include examples of various uses of the term "visible."  These uses generally relate to the services provided under the 3D VISIBLE ENTERPRISE trademark, the nature of which is addressed in response to other requests.

***

5.  Please describe the channels of trade in which you have marketed each product and each service or methodology or thing identified in response to Interrogatory Nos. 2, 3 and/or 4, including in your answer:

 a.  a precise description of each such channel of trade;

 b.  a detailed statement of your marketing and/or selling of products and/or services in each such channel of trade;

 c.  a description of the categories of personnel to whom your marketing and/or selling of such products and/or services is directed.

<u>Answer</u>  Please refer to General Objection (iv).  Unisys further objects to this interrogatory on the grounds that it is unduly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Unisys responds as follows:  Please refer to the advertising and other marketing documents produced by Unisys in this case, which provide information about the "channels of trade" (as Unisys understands plaintiff's use of that term here) in which Unisys has marketed its services.

***

6.  Please identify each person *(see* Local Rule 26.5(C)(3)) to which you have marketed or sold each product and each service identified in response to Interrogatory Nos. 2, 3 and/or 4, including in your answer a detailed list of each business organization or governmental agency or other entity or person to which you have marketed or sold such products and/or services, and a detailed statement of the history of your efforts to market and sell products and/or services to each such type of organization or agency or entity.

<u>Answer</u>  Please refer to General Objection (v) above concerning broad requests for

6

Unisys client information. Subject to and without waiving its objections, and subject to the Protective Order in this case, Unisys agrees that once Visible Systems identifies the class of its customers and potential customers that it claims is relevant for purposes of the present dispute, Unisys will produce responsive and non-privileged information sufficient to identify which of those persons, if any, is also a client of Unisys for any 3D VISIBLE ENTERPRISE service.

***

7.     Please identify all instances in which you have used the term "Business Blueprinting" in connection with *any* product or service or methodology or other thing or concept; and for each such instance, please:

   a.   provide a detailed description of the product, service, methodology, or other thing or concept in connection with which you have used the term "Business Blueprinting";

   b.   provide a detailed description of each different means by which the term "Business Blueprinting" has been used in connection with the product or service, including but not limited to print and other advertising, internet and other electronic use, promotional materials, and product packaging and labeling;

   c.   as to each instance in which the term "Business Blueprinting" was used in advertising or other marketing, specify the medium involved (*e.g.*, television, radio, newspaper, or magazine), state the date(s) when the advertising item appeared, and identify each geographic area where the item was distributed; and

   d.   describe in detail each category of persons *(see* Local Rule 26.5(C)(3)) to whom the product or service was marketed and/or sold in connection with the term "Business Blueprinting."

Answer  Unisys objects to this interrogatory on the grounds that it seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

***

8.     State whether any alternative marks to "3D VISIBLE ENTERPRISE" were considered or whether any alternative forms of the mark "3D VISIBLE ENTERPRISE" were considered by you, and if so, please:

   a.   list said alternative marks or forms of the mark "3D VISIBLE ENTERPRISE";

   b.   state whether and, if so, in what manner, each such alternative mark was publicized;

   c.   identify each person *(see* Local Rule 26.5(C)(3))(including officers and employees of Unisys and outside market research firms, advertising agencies,

7

consultants, and attorneys) who participated in, or was consulted concerning, the adoption of, any decision to use, or any marketing, promotion, or other use of each such alternative mark;

d. Identify the person or persons having the final responsibility for the decision whether to use each such alternative mark.

Answer  Unisys objects to this interrogatory on the grounds that it is unduly vague and ambiguous, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, and as it understands the interrogatory, Unisys states that in making the decision to adopt and use the 3D VISIBLE ENTERPRISE mark, it did not "consider" any such "alternative marks" or "alternative forms" of the 3D VISIBLE ENTERPRISE mark.

***

9. Please state whether any legal opinions were rendered with respect to your right to use the marks "3D Visible Enterprise" or "Visible" or any altered or alternative forms of these marks and/or terms, including the date and lawyers involved in the rendering of each.

Answer  Unisys objects to this interrogatory on the ground that it is unduly vague and ambiguous.  Subject to and without waiving its objections, Unisys responds as follows:  Yes. Please refer to the business records produced by Unisys in this case, and to its response to Interrogatory No. 1.

***

10. As to the marks or terms "3D VISIBLE ENTERPRISE" and "Visible," please provide a detailed history of your use of the mark or term on any internet or intranet website, including in your answer the date and a detailed description of each new use, and each addition to, or deletion or modification of any existing use, of the mark on each such website.

Answer  Please refer to General Objection (iv).  Unisys further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, please refer to the response to Interrogatory No. 2, and to the public Internet website maintained by Unisys (see General Objections and Responses, Item (vi)),

***

11. Please state whether you performed or obtained or otherwise had knowledge of any trademark search report(s) with respect to "3D VISIBLE ENTERPRISE" and/or "Visible" prior to your adoption and/or use thereof, or at any subsequent time, including in your answer, if you so performed or obtained or otherwise had knowledge thereof, a statement of:

a. the date when each such report was requested, ordered, obtained, received, or

8

        otherwise came to your knowledge;

  b.      the date of each such report;

  c.      an identification of all persons *(see* Local Rule 26.5(C)(3)) involved in performing, obtaining, ordering, receiving, or gaining knowledge of; each such report.

    <u>Answer</u>  Yes.  Please refer to the business records produced by Unisys in this case, which include a letter concerning a search performed on behalf of Grey Advertising, and to the response to Interrogatory No. 1.

***

    12.      Identify all persons *(see* Local Rule 26.5(C)(3)) involved, as partners or strategic alliance participants or otherwise, in the ability of Unisys to deliver 3D VISIBLE ENTERPRISE to your clients, and for each such person, please:

  a.      describe what the person contributes or has contributed to your ability to deliver 3D VISIBLE ENTERPRISE to your clients;

  b.      if the person is an entity, identify the natural persons associated with the entity who have responsibility for communication and coordination with Unisys in connection with 3D VISIBLE ENTERPRISE, and describe the nature of the involvement of each;

  c.      for each person identified in your response to subparts (a) and (b) above, identify the natural persons at Unisys who have responsibility for communication and coordination with each partner or strategic alliance participant.

    <u>Answer</u>  Please refer to General Objection (iv).  Unisys further objects to this interrogatory on the grounds that it is unduly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

***

    13.      Have you taken any steps to distinguish your use of the marks or terms "3D VISIBLE ENTERPRISE" and/or "Visible" from marks owned by Visible Systems, including in your answer, if you have done so, a precise description and detailed history of the steps you have taken.

    <u>Answer</u>  Unisys objects to this interrogatory on the ground that it is unduly vague and ambiguous.  Unisys further objects to the interrogatory to the extent it assumes, without foundation, that it was necessary to "distinguish" the use by Unisys of its 3D VISIBLE ENTERPRISE mark from any mark used by the plaintiff.  Subject to and without waiving its objections, Unisys responds as follows: the 3D VISIBLE ENTERPRISE mark and the way in

9

which it has been used by Unisys does not create any likelihood of confusion or mistake as to any possible connection with plaintiff's marks. In other words, the 3D VISIBLE ENTERPRISE mark and its use in and of themselves "distinguish" the mark from the plaintiff's marks.

***

  14. Please state the total sales per month related to Defendant's "3D Visible Enterprise" offering, for each month from the date of first sale thereof to date, including:

  a. sales of services and products sold bearing the name or mark "3D Visible Enterprise" or "3D-VE" or *any* variant thereof;

  b. sales of services and products for which "3D Visible Enterprise" or any variant thereof is used as a marketing device or marketing differentiator;

  c. sales by Unisys of services or products of partners or strategic alliance participants of Unisys (as identified in Interrogatory No. 13 above), that are related to the use of the mark "3D Visible Enterprise" or *any* variant thereof; and

  d. a statement of the revenue, gross margin, and net profit to Defendant per month derived from the sales stated in subsections (a), (b) and (c) above.

  <u>Answer</u> Please refer to General Objection (iv). Unisys further objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

***

  15. Please state the basis for your contention that one or more of Visible Systems' claims is barred by estoppel or unclean hands.

  <u>Answer</u> Since the time it became aware of the adoption and use by Unisys of the 3D VISIBLE ENTERPRISE mark, Visible Systems has engaged in activities apparently designed to increase the possibility of consumer confusion concerning its trademarks and the 3D VISIBLE ENTERPRISE mark. These activities have included modifications to the use of the mark VISIBLE on plaintiff's website.

***

  16. Please state whether or not you contend that "visible" or "visible enterprise" is a generic term, and if so, identify all instances of the generic occurrences of these terms on which you intend to rely at trial and all instances of which you are knowledgeable in which these terms are used in a generic sense in the same market in which you market "3D Visible Enterprise."

  <u>Answer</u> Unisys contends that the term "visible" is a "descriptive" word, not a "generic"

10

word, as those terms are commonly used in trademark law.  For instances of descriptive use of the word "visible" on which Unisys relies, please refer to the documents produced by Unisys in this case.  To the extent this interrogatory assumes, without foundation, that only uses "in" a "particular" market are material in this case, Unisys objects to the interrogatory.

\*\*\*

17.    Please identify each person *(see* Local Rule 26.5(C)(3)) likely to have discoverable information in this matter, and state in detail as to each such person the subject matter(s) on which he or she is likely to have knowledge (including, with respect to any such person who is an entity or association, the identity of each natural person within the entity or association who is likely to have discoverable information).

<u>Answer</u>  Please refer to the response to Interrogatory No. 1, and to the Initial Disclosures by Unisys in this case.

\*\*\*

18.    Please identify all persons (see Local Rule 26.5(C)(3)) with knowledge of statistics and other information concerning the number of website hits, positioning on www.google.com and other Internet search engines, and other information about decisions and strategies Unisys has made in relation to the names "3D VISIBLE ENTERPRISE," "VISIBLE," and "3D-VE."

<u>Answer</u>  Unisys objects to this interrogatory on the grounds that it is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Unisys responds as follows:

Please refer to our response to Interrogatory No. 1.  Please also refer to the business records produced by Unisys in this case.

\*\*\*

19.    Please identify the natural persons employed by Unisys who had or have lead responsibility for the following aspects of the "3D Visible Enterprise" offering: technology development, market research, licensing components and products from suppliers, procuring services from suppliers, product development, marketing, rollout/launch, coordination with IBM Rational, coordination with other partners or strategic alliance participants, sales to large enterprises, and sales to small enterprises.

<u>Answer</u>  Unisys objects to this interrogatory on the grounds that it is unduly vague and ambiguous, is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Unisys responds as follows:

Please refer to our response to Interrogatory No. 1.  Please also refer to the business

11

records produced by Unisys in this case. The Unisys employees involved in one or more of the areas described in the interrogatory, as Unisys understands it, include, without limitation, the following:

    a.    Frederick Dillman, solutions development

    b.    Edward Ferrara, 3D-VE operations

    c.    David Houseman, vice president and chief technology officer, systems & technology

    d.    Sumeet Malhotra, director, ETS technology and research

    e.    Paul Rehmet, knowledge management

    f.    Kevin Ruthen, 3D-VE tool enablement team leader

    g.    Karen Thibodeau, knowledge management

\*\*\*

20.    Please identify all universities and other post-secondary-school academic institutions at which Unisys has recruited during the past five years, including in your answer the identification of all such institutions where Unisys has attended any job fair or recruiting-related activity, or has had any person interview one or more students on behalf of Unisys, or conducted any student competition or other activity that brings attention of students to the name of Unisys or any of its trademarks or service marks.

Answer  Unisys objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

\*\*\*

21.    Have you conducted or engaged any person to conduct any survey or study of potential or actual Unisys customers, other consumers, or any other persons related to possible confusion or any other consumer impression related to the names "Visible" or "3D Visible Enterprise" or any variant thereof, and if so, please identify the persons who conducted or were engaged to conduct such surveys or studies.

Answer  Unisys objects to this interrogatory on the ground that it is unduly vague and ambiguous—particular in its use of the phrase "or any other consumer impression related to the names...." Unisys further objects to this request to the extent it seeks information protected by the attorney-client or work-product privileges. Subject to and without waiving its objections, as Unisys understands the interrogatory, it responds as follows: No.

\*\*\*

22.     Please identify any and all employees of Unisys who are former employees or consultants with Visible Systems.

<u>Answer</u>  Unisys objects to this interrogatory on the grounds that it is overbroad and unduly burdensome, seeks information that is irrelevant to any material and disputed issue in this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Unisys responds as follows:  To our knowledge, none.

***

23.     Please identify all persons (see Local Rule 26.5(C)(3)) that Unisys has paid or otherwise compensated for promoting or publicizing or providing market analysis concerning "3D Visible Enterprise," and state for each the services they performed.

<u>Answer</u>  Unisys objects to this interrogatory on the ground that it is unduly vague and ambiguous.  Subject to and without waiving its objections, Unisys states: Please refer to the response to Interrogatories No. 1 and 3.

***

## **Verification**

I, David Wright, hereby state as follows under oath:

1. I am authorized to make this verification on behalf of Unisys.

2. I have read the foregoing document and know its contents. The factual matters stated therein are true of my own knowledge and/or based upon information supplied to me by others, which I am informed is, and believe to be, true.

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___ DAY OF FEBURARY 2006

_____
David Wright

As to Objections:

_____
Anthony M. Doniger, BBO No. 129420
William L. Boesch, BBO No. 558742
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030

Dated: February __, 2006

## CERTIFICATE OF SERVICE

    I, William L. Boesch, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to:

Stephen H. Galebach, Esquire
Galebach Law Firm
One Knollcrest Drive
Andover, MA 01810

_____
William L. Boesch