UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>　　　　　　　　　　Defendant | Civil Action No. 04-CV-11610-RGS |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW DISMISSING PLAINTIFF'S CLAIM
UNDER MASS. GEN. L. CH. 93A, WITH REQUEST
FOR EXPEDITED RULING**

Defendant Unisys Corporation is in the process of preparing a number of post-trial filings in this matter, including a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), and an opposition to the motion by Visible Systems seeking entry of a judgment, comprising an injunction and other relief, based on the jury verdict.[1] These papers are to be filed by September 18, 2007, in accordance with a recent order of the Court.[2] Among other things, Unisys is preparing to address in its papers plaintiff Visible Systems' claim under Mass. Gen. L. ch. 93A. However, the Court recently notified the parties that it has scheduled a hearing on the Chapter 93A claim for September 19, 2007.

Unisys maintains that, even leaving aside the lack of factual merit of plaintiff's Chapter 93A claim, the statute quite simply does not apply to this case as a matter of law,

---

[1] "Plaintiff's Motion for Injunction, Declaratory Rulings Based on Jury Verdict, Award of Profits, and Attorneys Fees," Document No. 118.
[2] *See* August 29, 2007 Order on Document No. 119.

and therefore the scheduled hearing would be a waste of the Court's and the parties' time and resources.  Therefore, Unisys hereby moves on an expedited basis to have the Court enter judgment as a matter of law dismissing the Chapter 93A claim, under Fed. R. Civ. P. 50(b), and therefore cancel the scheduled hearing.

Claims under Section 11 of Chapter 93A, such as Visible Systems' claim here, are limited to regulating "actions and transactions" that occur "primarily and substantially" within the commonwealth.[3]  To determine whether this requirement has been met, courts examine whether the "center of gravity" of the allegedly unfair and deceptive conduct is within Massachusetts.[4]  Thus, for example, in a 2006 case involving a trademark dispute between two sellers of model industry and trade standards, another judge of this district court dismissed plaintiff's Chapter 93A claim at summary judgment on the ground that the "primarily and substantially" requirement had not been met.[5]

---

[3] *See* Mass. Gen. L. ch. 93A, § 11 ("No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within commonwealth.").

[4] *See, e.g., National Fire Protection Assn, Inc. v. International Code Council, Inc.*, 2006 WL 839501, *6 (D. Mass. 2006) (Woodlock, J.).  *See also First Sec. Bank, N.A. v. Northwest Airlines, Inc.*, 2001 WL 92175, *4 (D. Mass. 2001) (Stearns, J.) (dismissing Chapter 93A claim where defendant's complained-of conduct was centered outside Massachusetts); *Makino, U.S.A., Inc. v. Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 518 N.E.2d 519, 523 (1988) ("[I]f the place of injury were the only test, practically no case involving a Massachusetts plaintiff would be exempt from c. 93A status, no matter how negligible the defendants' business activity in this States.  Such a result would effectively nullify the words 'primarily and substantially within the commonwealth,' which imply some process of measuring and weighing"), *quoted in First Sec. Bank, id.*

[5] *National Fire Protection Assn, id.* (noting undisputed facts that defendant (i) did not maintain offices in Massachusetts, (ii) negotiated disputed agreement between the parties from outside Massachusetts, (iii) chose disputed names in offices outside Massachusetts, (iv) conducted its activities before Patent and Trademark Office outside Massachusetts, (v) did not print disputed publications in Massachusetts, (vi) did not ship publications from Massachusetts, (vii) did not target advertising to Massachusetts, and

In this case, even more clearly, there is no conceivable basis for a finding that the "actions and transactions" at issue occurred "primarily and substantially" in Massachusetts. Unisys is based in Blue Bell, Pennsylvania. The company's decision to adopt the 3D VISIBLE ENTERPRISE mark was made at the recommendation of Grey Worldwide, an advertising firm based in New York, which developed the proposed mark in its New York offices.[6] The key meetings at Unisys leading to the adoption of the mark occurred at its Blue Bell headquarters.[7] Likewise, the events at which Unisys first presented the new mark occurred outside Massachusetts.[8] The initial advertisement using the mark appeared in the Wall Street Journal.[9] There was no evidence at trial of any advertising specially targeted to consumers in Massachusetts. The parties have both conducted their trademark-registration activities before the United States Patent and Trademark Office, located outside Massachusetts. Likewise, none of the Unisys consulting clients identified at trial were companies based in Massachusetts.[10] Even accepting that there was a likelihood of confusion arising from Unisys's use of the 3D VISIBLE ENTERPRISE mark, there could be no rational conclusion that such confusion has occurred "substantially" within Massachusetts—and certainly not "primarily" here.

Because the "actions and transactions" at issue in this case undisputably occurred

---

(viii) derived only 1.26% of sales of publications from Massachusetts customers).

[6] *See* Trial Transcript 07/27/07 at 153-54 (Grey employee Jack Aaker testifying about Grey meetings in New York leading to 3D VISIBLE ENTERPRISE proposal).

[7] *See id.* at 187 (Unisys head of marketing Ellyn Raftery testifying about initial meeting with Grey); at 195-96 (Ms. Raftery testifying about video conference between Blue Bell and group meeting in Belgium).

[8] *See id.* at 197-98 (Ms. Raftery testifying about "launch" events in Korea and Australia, and about sales and executive leadership meeting in Florida).

[9] *See id.* at 200; Trial Exhibit 89.

[10] *See* Trial Transcript 07/24/07 (morning) at 72-73 (Visible Systems witness John Nash reviewing list of non-Massachusetts "3D-VE Clients to Date" in Trial Exhibit 71, at 9).

"primarily and substantially" outside Massachusetts, Chapter 93A does not apply, and Unisys is entitled to judgment as a matter of law dismissing plaintiff's claim under the statute. The September 19 hearing should therefore be cancelled.

Dated: September 11, 2007

                              UNISYS CORPORATION,
                              By Its Attorneys,

                              /s/ William L. Boesch
                              Anthony M. Doniger, BBO No. 129420
                              William L. Boesch, BBO No. 558742
                              SUGARMAN, ROGERS, BARSHAK
                                & COHEN, P.C.
                              101 Merrimac Street
                              Boston, MA 02114
                              617-227-3030

## CERTIFICATE OF SERVICE

     I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

                              /s/ William L. Boesch

395627.2