UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>                  Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>                  Defendant | Civil Action No. 04-CV-11610-RGS |

## SUPPLEMENTAL AFFIDAVIT OF
## STANLEY A. MATTOS

I, Stanley A. Mattos, state as follows under oath, and, except where otherwise indicated, of my own personal knowledge:

1. I recently provided an affidavit in this matter in connection with Unisys Corporation's response to a motion by Visible Systems Corporation seeking entry of an injunction in this case. Since that time, I have been given a copy of the Declaration of John Nash dated September 26, 2007, which I understand Visible Systems has submitted to the Court. I have reviewed the Nash declaration, and investigated some of the claims Mr. Nash makes in the document. I can provide the following responsive information:

2. Mr. Nash asserts in paragraph 4 of his declaration that he has "found that following the trial, and specifically during September 2007, Unisys has greatly increased its use of 'Visible Breakthrough' in online advertising." Elsewhere in his declaration, Mr. Nash seems to imply, without directly stating, that Unisys has likewise recently increased its use of the disputed trademark in this case, "3D Visible Enterprise," in online advertising. These assertions are simply untrue.

3. In fact, in the time since the trial of this case Unisys has not increased at all, let alone "greatly increased," its use of the term "Visible Breakthrough" in advertising on the internet or anywhere else. Nor has it increased its use of "3D Visible Enterprise."

4. Mr. Nash's claims are apparently based on faulty methods in using the Google internet search tool, and/or faulty interpretation of results he obtained from Google. The search tool provides a simple method for counting the number of "new" uses of a term on the internet. For reasons he does not explain, Mr. Nash failed to make use of this method. When it is used, the results readily demonstrate the invalidity of Mr. Nash's "analysis." The method is as follows:

   a. Go to the Google search site at www.google.com
   b. Click on "Advanced Search"
   c. Type in the search terms used by Mr. Nash:
      i. in the field labeled "with all of the words," type "unisys"
      ii. in the field labeled "with the exact phrase," type "Visible Breakthrough" or "3D Visible Enterprise"
   d. To limit the results to "new" uses of the terms in the last month, as Mr. Nash did, use the "Date" field and select the option for "web pages first seen in the past month"

5. For "Visible Breakthrough," following this method on September 27, 2007 (three days after Mr. Nash says he did his most recent search) yielded "about 175" uses of the term that Google's automated search process identifies as having first appeared during the past month, not some 38,000, as Mr. Nash claims. (See Exhibit B.)

2

6.  It is true that merely conducting an unrestricted Google search for the terms Mr. Nash used would yield tens of thousands of results, some of them appearing on sites controlled by Unisys, and some not. But the vast majority of these results refer to documents that are months or years old—indeed, the documents may no longer even exist on the internet. This can be demonstrated using the Google search tool to compare the number of uses of "Visible Breakthrough" first seen in the past month to the number in earlier periods. When I performed such a comparative search on September 27, 2007, the results clearly showed that the trend is dramatically *declining*, not increasing as Mr. Nash suggests:



7.  With respect to the term "3D Visible Enterprise," following the method described in paragraph 4 above on September 27, 2007 yielded "about 210" uses of the term that Google's automated search process identifies as having first appeared during the past month, not some 8,800, as Mr. Nash claims. (See Exhibit C.) Furthermore, examination of the "new" documents identified by Google as appearing on Unisys's website reveals that they do not, in fact, make use of "3D Visible Enterprise" in their text. Rather, the term still exists in the navigation menus on these websites, and it is apparently for this reason that the Google

automated search process identifies the documents as associated with the term "3D Visible Enterprise" even though the documents do not actually use the term.

8.  As with the trend described above in uses of the term "Visible Breakthrough," using the Google search tool to compare the number of uses of "3D Visible Enterprise" first seen in the past month to the number in earlier periods clearly shows that the trend is dramatically *declining*, not increasing as Mr. Nash suggests:



9.  Therefore, Mr. Nash's claims that since the trial of this case Unisys has "greatly increased" its use of the term "Visible Breakthrough," and increased its use of "3D Visible Enterprise," in advertising on the internet are not, in fact, supported by the results of Google searching using those terms. The truth is to the contrary.

4

SIGNED UNDER PENALTIES OF PERJURY,

                              /s/ Stanley A. Mattos
                                Stanley A. Mattos

Dated: October 2, 2007

396326.6