UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11610-RGS

VISIBLE SYSTEMS CORPORATION

v.

UNISYS CORPORATION

<u>PERMANENT INJUNCTION
AND FINAL JUDGMENT</u>

November 2, 2007

STEARNS, D.J.

1. This trademark infringement case was heard by the Court, sitting with a jury, between July 23 and July 31, 2007.

2. The jury made the following findings of fact, among others:

    A.    That plaintiff Visible Systems has a right to a trademark in the word VISIBLE;

    B.    That defendant Unisys' 3D VISIBLE ENTERPRISE mark is substantially similar to Visible Systems' VISIBLE mark;

    C.    That there is a likelihood that Visible Systems' potential customers have been or will be confused into mistakenly believing that Unisys is the source or sponsor of Visible Systems' products and/or services.

Accordingly, it is hereby ordered, adjudged, and decreed that:

3. In accordance with the schedule set forth below, Unisys is hereby permanently enjoined from using the trademarks or service marks 3D VISIBLE ENTERPRISE, 3D-VE,

or VISIBLE, in the sale, offering for sale, distribution or advertising in the United States of goods or services in the enterprise modeling or enterprise architecture fields.

4. Unisys shall, within 150 days of the date of this Order, cease and desist from any and all use of the trademarks or service marks 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE in the sale, offering for sale, distribution or advertising in the United States of goods or services in the enterprise modeling or enterprise architecture fields.

5. Unisys shall, within the period set forth in the preceding paragraph, remove all uses of the 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE marks from the Internet website www.unisys.com, and shall remove and destroy all other advertising or promotional materials that are within the United States and within the control of Unisys and that incorporate the marks 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE.

6. Nothing in the foregoing injunction shall:

    A. Preclude Unisys from retaining or using internally for any corporate purpose, including without limitation any recordkeeping, training, or internal communication purpose, the marks 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE, or any documents or materials containing any such mark;

    B. Preclude Unisys from using the word "visible" in its ordinary descriptive sense;

    C. Require Unisys to delete or alter any past public statement containing the marks 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE, wherever maintained;

    D.    Require Unisys to seek to remove any uses of the marks 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE from any past work product;

    E.    Require Unisys to seek to remove any uses of the marks 3D VISIBLE ENTERPRISE, 3D-VE, and VISIBLE from any third-party website or other source not controlled by Unisys.

7. Unisys shall, no later than 180 days after the date of this Order, file with the Clerk of the Court, and serve on Visible Systems, a status report, setting forth in detail the manner and form in which Unisys has complied with the foregoing injunction.

8. If, at any time after the expiration of the 150 days specified in paragraph 4, Visible Systems identifies any instance of use by Unisys of the term VISIBLE in the United States in a manner plaintiff believes is in violation of the foregoing injunction, then:

    A.    Visible Systems shall promptly provide Unisys with reasonable written notice identifying the use and the basis for the contention that it violates the injunction;

    B.    In the event Unisys removes or otherwise ceases the identified use within 14 days after receipt of such notice, and in the absence of any evidence that Unisys intentionally failed to remove or cease the use during the period set forth in paragraph 4 above, then the identified use shall not be considered in violation of the injunction; and

    C.    In the event of any dispute between the parties as to whether an identified use is proscribed by the injunction, the parties shall meet within a reasonable time and negotiate in good faith to attempt to

      resolve any such dispute before seeking relief from the court.

9. It is further ordered, adjudged, and decreed that:

    A. The jury has determined that Visible Systems is entitled to an award of damages in the amount of $250,000;

    B. The Court in its discretion will award Visible Systems prejudgment interest in the amount of $17,554.84, calculated pursuant to 28 U.S.C. § 1961 at the applicable federal rate from June 17, 2004, the date on which the Court deems the first infringement to have occurred. See R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc., No. 99-1174, 2005 WL 293512, at *2 (N.D. Ill. Feb. 8, 2005), citing Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc., 325 F.3d 924, 935 (7th Cir. 2003). Cf. General Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983) (awarding prejudgment interest from the date of first infringement through the date of final judgment in a patent infringement case).

    C. Visible Systems is further awarded post-judgment interest on the award of damages, including prejudgment interest and costs, calculated at the applicable federal rate from the date of entry of this judgment until the date of payment.

    D. Visible Systems may submit a bill of the costs authorized by 28 U.S.C. § 1920 within 20 days of the date of entry of this judgment.

    E. Visible Systems will have 30 days to file an application for reasonable

attorneys' fees together with a brief stating the reasons it believes the award of such fees is warranted.  See <u>Tamko Roofing Prods., Inc. v. Ideal Roofing Co.</u>, 282 F.3d 23, 27 (1st Cir. 2002).  Unisys will have 20 days thereafter to file an opposition.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE