UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

Plaintiff

v.                                                              Civil Action No. 04-CV-11610-RGS

UNISYS CORPORATION,

Defendant

**MOTION OF DEFENDANT UNISYS CORPORATION**
**FOR STAY OF INJUNCTION AND JUDGMENT**
**PENDING APPEAL**

The plaintiff in this case, Visible Systems, has recently filed a notice of appeal

from the Permanent Injunction and Final Judgment entered by this Court on November 2,

2007.[1]  In response, pursuant to Fed. R. App. P. 4(a)(3), defendant Unisys has recently

filed its own notice of appeal.  Unisys now hereby requests, pursuant to Fed. R. Civ. P.

62 and the other authorities cited herein, that this Court (a) deem the November 2

injunction and judgment to be automatically stayed by Visible Systems' appeal, or,

alternatively, (b) order that the injunction and judgment be stayed under Rule 62 pending

the outcome of the parties' appeals, without need for a bond.

**I.     The Court should deem the injunction and judgment to be**
**automatically stayed by Visible Systems' appeal**

In this Circuit, "[a] prevailing party's appeal suspends enforcement of the

judgment... when the theory of the appeal is inconsistent with enforcement in the

---

[1] *See* Visible Systems' 11/14/07 Notice of Appeal, Document No. 135.

interim."[2]  While it has not yet been required to articulate the "theory" of its appeal,

Visible Systems apparently seeks to challenge the scope of the injunction imposed by this

Court, and to argue that the Court should instead have adopted the form of injunction

offered by the plaintiff.  Visible Systems presumably also seeks to challenge the

monetary portion of the November 2 judgment, which was based on the jury's verdict

awarding Visible Systems $250,000 in damages for its supposed lost profits and/or harm

to its goodwill resulting from Unisys's use of the 3D VISIBLE ENTERPRISE mark.

Visible Systems will undoubtedly argue that the Court erred in failing to require Unisys

to disgorge its own alleged profits from use of the disputed mark.  This is certainly an

issue Visible Systems has raised in its continuing efforts to litigate this dispute in the

media.[3]

It would be unreasonable and unfair for Unisys to have to comply with the terms

of the injunction entered by the Court while, at the same time, Visible Systems is seeking

to alter the injunction on appeal.  Unisys would face the prospect of having critical terms

of the injunction revised after Unisys had already begun (and perhaps finished)

complying with the order according to its original terms.  This is plainly untenable.

Likewise, it would be an impermissible double recovery for a trademark-

infringement plaintiff to recover *both* damages based on its own lost sales (and resulting

lost profits) due to the defendant's infringement, *and* disgorgement of the defendant's

---

[2]  *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1999).

[3]  *See* C. Calnan, "Visible CEO Calls Ruling 'Slap on Wrist,' Appeals," *Mass High Tech*, 11/16/07, attached hereto as Exhibit A (quoting, *inter alia*, Visible Systems' counsel Stephen Galebach identifying the disgorgement issue as a subject of the appeal).

profits from the same allegedly ill-gotten sales.[4]  Thus, to this extent, Visible Systems'

theory on appeal—that it is entitled to disgorgement of Unisys's profits—is inconsistent

with enforcement of the award it received.

Accordingly, the Court should order that Visible Systems' appeal automatically

suspends enforcement of the November 2 injunction and judgment.

## II.     Alternatively, the Court should stay the injunction and judgment under Rule 62, without requiring that Unisys post a bond

### A.     The injunction

Unisys's own appeal from the November 2 judgment provides an ample

alternative reason for a stay or suspension of the injunctive portion under Fed. R. Civ. P.

62(c).[5]  The question of whether to stay an injunction under this Rule involves

consideration of the same familiar factors as are applied to other requests for preliminary

relief.  "In essence, the issuance of a stay depends on whether the harm caused [to the]

movant without the stay, in light of the movant's likelihood of eventual success on the

merits, outweighs the harm the stay will cause the non-moving party."[6]  A court should

also, where applicable, consider "where the public interest lies."[7]  The moving party's

---

[4]  *See, e.g., Nintendo of America, Inc. v. Dragon Pacific International*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("[T]he recovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F. Supp. 2d 1247, 1251 (D. Kan. 1998) ("[A] plaintiff victimized by trademark infringement generally cannot recover its own lost profits in addition to the defendant's profits.").

[5]  Rule 62(c) provides, in relevant part: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

[6]  *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002) (internal quotation and citation omitted).

[7]  *Id.* at 16 n.3 (citation omitted).

burden is lower when seeking a stay that would preserve the status quo than when

seeking to change it.[8]

Unisys has a substantial likelihood of success on appeal, for the reasons set forth

in its post-trial brief.[9]  While the Court obviously disagreed with the arguments Unisys

made there, the question for present purposes is merely whether Unisys's case on appeal

is reasonably "substantial" or "strong," not whether the Court believes it erred and is

likely to be reversed.[10]  Given the factual and legal complexities of the case, it requires no

great concession to conclude that Unisys's case on appeal meets this "substantial"

standard.[11]

The November 2 injunction requires, *inter alia*, that Unisys cease and desist using

the 3D VISIBLE ENTERPRISE mark (and the 3D-VE abbreviation), including removing

all uses of the mark from its website and from other advertising or promotional materials.

As Unisys has previously demonstrated, the work involved in satisfying the terms of the

injunction will be very substantial, and Unisys will have to dedicate a large number of

employees and many days of business time to accomplishing all the individual tasks

---

[8]  *See, e.g., Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 138 (E.D.N.Y. 2007) (in preliminary-injunction context, comparing relative burdens of party seeking to preserve and party seeking to alter status quo).

[9]  *See* Defendant's Memorandum on Post-Trial Motions, 09/18/07, Document No. 122.

[10]  *See, e.g., In re Miraj and Sons, Inc.*, 201 B.R. 23, 26-27 (Bankr. D. Mass. 1996); *In re Public Serv. Co.*, 116 B.R. 347, 348-49 (Bankr. D.N.H. 1990) (standard in evaluating application for stay obviously does not require trial court to conclude that the decision being appealed was erroneous, in which case it should itself reverse the decision).

[11]  *Cf. Miraj*, 201 B.R. at 27 ("The instant case was intricate.  The facts were disputed and complex. The law in this area is unsettled and the application of the law to the facts was difficult.  Notwithstanding this Court's confidence in the rectitude of its decision, Cadle's appeal... is not frivolous.  It has a substantial case.  The first factor of the test is therefore minimally satisfied.")

necessary to comply with the judgment.  This necessarily represents a substantial burden and harm to Unisys.

By contrast, since it never sought a preliminary injunction at any time during the three-year period between the filing of its complaint and the jury's verdict, and since there has never been a single demonstrated instance of actual confusion among any of its customers, Visible Systems cannot plausibly contend that it will be significantly or unfairly harmed by a stay of the injunction for the limited time necessary to resolve the parties' appeals.  The absence of any such risk is further demonstrated by Unisys's decision after the jury verdict in this case, as previously disclosed in its papers, to instruct its sales, marketing and communications employees not to produce or disseminate any new marketing or advertising materials using the 3D VISIBLE ENTERPRISE mark.[12] By the same token, no public interest would plausibly be threatened by the proposed stay.

Therefore, the Court should stay or suspend the injunctive portion of the November 2 judgment pending the outcome of the parties' appeals.

### B.    The monetary portion of the judgment

Fed. R. Civ. P. 62(d) entitles an appellant to obtain a stay by posting a *supersedeas* bond.[13]  But it is the rule in this Circuit and others that no bond is required under Rule 62(d) if "the defendant's ability to pay is so plain that the posting of the bond would be a waste of money."[14]  Here, there is no room for serious question as to Unisys's

---

[12]  *See* Affidavit of Stanley A. Mattos, Exhibit B to Unisys's Post-Trial Brief, ¶ 3.
[13]  *See* Fed. R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay....").
[14]  *Acevedo-Garcia*, 296 F.3d at 17 (citation omitted).

ability to satisfy the $250,000 award (or any other monetary portion of the judgment).[15]

For this reason, the Court should also stay the monetary portion of the November 2

judgment, without requiring Unisys to post a bond.

Dated: November 29, 2007

<div style="margin-left: 40%;">

UNISYS CORPORATION,
By Its Attorneys,


 /s/ William L. Boesch
Anthony M. Doniger, BBO No. 129420
doniger@srbc.com
William L. Boesch, BBO No. 558742
boesch@srbc.com
SUGARMAN, ROGERS, BARSHAK
 & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030

</div>

### LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I hereby certify that counsel for Unisys consulted with opposing counsel on November 29, 2007 in an effort to resolve or limit the issue raised by this motion. As Unisys's counsel understands plaintiff's position, it opposes the motion.

 /s/ William L. Boesch


### CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system, and that I am therefore relying on the system to complete service by sending copies of the filing electronically to the necessary counsel, who are registered participants.

 /s/ William L. Boesch


398218.4

---

[15] *See, e.g.,* Unisys Annual Reports, Trial Exhibits 168-70 (showing Unisys annual revenues consistently more than $5.7 billion).