**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| VISIBLE SYSTEMS CORPORATION, |
| Plaintiff |
| v. |
| UNISYS CORPORATION, |
| Defendant |

Civil Action No. 04-CV-11610-RGS

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**

This case amply satisfies the standard in this Circuit for awarding attorneys' fees pursuant to 15 U.S.C. § 1117(a). The requirement of "exceptional" case is met by the jury's finding of willful infringement, together with the equities where a trademark owner that has spent over 20 years developing an extraordinary reputation in a specialized field, must defend its trademark against an infringer over 1,000 times its size.

"Willfulness short of bad faith or fraud will suffice when equitable considerations justify an award and the district court supportably finds the case exceptional." *Tamko Roofing Products, Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 32 (1st Cir. 2002).

Equitable considerations strongly support an award in this case. Defendant Unisys Corporation was replete with personnel aware of plaintiff Visible Systems Corporation. *See* Trial Ex. 130. As seen in the testimony of Unisys' Chief Technology Officer, Fred Dillman, Unisys had been operating in the field of enterprise architecture modeling for many years. Trial Transcript 7/27/07 at 110-11, 124-27.

Defendant took the risk of using plaintiff's registered VISIBLE marks, precisely in connection with the enterprise architecture modeling field in which plaintiff had long and assiduously built its reputation and goodwill. Having lost its gamble, defendant has no equitable

ground for forcing plaintiff to bear the considerable cost of vindicating its trademark rights before a jury.

In addition to the compelling factor of willful infringement, other factors cited as relevant by the *Tamko* court counsel for an award in this case:

a. Whether "the area of law is unclear and defendants might reasonably think they did not infringe," id. at 32.  Here, defendants were on notice that VISIBLE SYSTEMS was incontestable, and that VISIBLE was plaintiff's registered trademark and service mark in the areas of modeling tools and information technology consulting.  There was no close legal question about whether plaintiff's marks could be attacked as descriptive or otherwise unenforceable.  Indeed, at trial, Unisys was unable to introduce even a single instance of descriptive use of "Visible" by any third party in the relevant market of enterprise architecture modeling, prior to the critical date of July 17, 2004 when infringement began.

b. Whether "there is a close legal question as to whether there is any trademark violation."  Id. at 32-33.  Under the 1st Circuit's eight-factor test, Unisys should have known it was taking a very great risk by using the VISIBLE mark in reference to precisely the modeling field that Visible had occupied uniquely for 20 years.  Unisys' arguments that it was uninvolved in software, and that Visible was uninvolved in services, collapsed at trial.  When the time for proof came, this turned out to be a clear-cut rather than close legal question about whether Unisys had committed a trademark violation.

c. Whether "defendant had no intent to deceive or confuse the public."  Id. at 33.  Here, willfulness consisted at least of reckless indifference to plaintiff's registered marks and deliberate acts that were useful for a "blitz" to create a more positive image for a company that was known as an "old-line mainframe maker."  Deposition testimony of Unisys 30(b)(6) designee David Wright, Trial Transcript 7/27/07 at 14.

2

d. Whether "defendant made a concerted effort to create a non-infringing mark." Unisys' attempt at trial to convince the jury that "3D Visible Enterprise" and each component word thereof were developed purely by an outside advertising agency backfired at trial, as plaintiff's rebuttal case showed Unisys' CEO Joseph McGrath using "Visible" and "3D" in a marketing launch event shortly before the advertising agency became involved. *See* Trial Transcript 7/31/07 at 6 (Deposition testimony of J. McGrath). Documentary evidence established that the advertising agency had studied the video of that marketing event in the course of proposing the name 3D Visible Enterprise. Trial Ex. 166, p.5.

Moreover, far from making an effort to create a non-infringing mark, Unisys deployed increasingly more marks over time that were similar to the VISIBLE mark, such as Visible Commerce, Visible Breakthrough, Is your company "visible"?, and Visible Advantage. *See* Trial Exs. 38, 85, 90. Unisys' ever-growing family of VISIBLE marks showed the jury the exact opposite of an effort to make confusion less likely.

e. Whether "the plaintiff suffered no actual damage." Id. The jury found $250,000 of damage, a large degree of damage relative to plaintiff's size, and plaintiff's witnesses testified to the damaging effect on the online sales model when defendant took away plaintiff's unique Internet marketing position as the only VISIBLE name in the market for enterprise modeling products and services.

f. Further, defendant deserves to pay attorneys fees for oppressive litigation conduct. See id. at 32. Defendant admitted two weeks before trial that it had failed to produce or identify on privilege logs several documents that plaintiff sought as to persons and topics central to the litigation. While defendant's counsel apologized to the court and submitted the documents for in camera review, the failure to produce or identify the documents in a timely manner weighs in favor of the award of attorneys fees.

This case contrasts markedly to Volkswagenwerk A.G. v. Wheeler, 814 F.2d 812 (1st Cir. 1987), in which attorneys' fees were inappropriate because the mark was not registered, the

infringer was a small company with only a local market, and plaintiff did not plead attorneys' fees in the complaint.

In the present case, Unisys operated broadly in the enterprise architecture modeling field for many years with its Business Blueprinting, LINC, Enterprise Application Environment, and Agile Business Suite initiatives. Plaintiff's VISIBLE marks were not only registered, but in one central instance, VISIBLE SYSTEMS, Unisys was on statutory notice that the mark was incontestable.

The method of calculating the amount of fees in a statutory attorneys' fees case is the lodestar method. See Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997). Plaintiff is accordingly submitting time records that document the number of professional hours necessarily expended on the litigation. Plaintiff needed two attorneys to handle this action, given the degree of complexity of the issues, and the two partners plus associate and paralegal assistance engaged by defendant.

Plaintiff achieved success in the litigation by winning a favorable jury verdict on all questions submitted to the jury, plus an injunction that was essential to protect the uniqueness and strength of plaintiff's VISIBLE marks in the relevant market, and a substantial damage award for a company of plaintiff's size, $250,000.

Plaintiff suggests that the lodestar amount should be doubled, in light of the partially contingent nature of the fee, the skill required to try a complex intellectual property case, the experience of plaintiff's counsel, and the skill required to litigate against a highly capable firm. Further recognition is due to the results achieved in discovery and effective trial presentation of electronic documents by plaintiff's college student legal and technology assistant Tim Galebach. *See* Affidavit of Stephen H. Galebach, Ex. 1 to this motion.

For the reasons stated, plaintiff respectfully requests the following award of attorneys' fees:

$459,180.00  Attorneys' fees for Stephen H. Galebach and Joseph E. Rendini

$ 16,231.86  Attorneys' fees and expenses for Foley & Lardner LLP

$ 459,180.00  Enhancement reflecting doubling of attorneys' fees for SHG and JER

$ 934,591.86  Total with enhancement

        Plaintiff,
        VISIBLE SYSTEMS CORPORATION,
        By its attorneys,

        _____/s/Stephen H. Galebach_____
        Stephen H. Galebach, BBO # 653006
        GALEBACH LAW OFFICE
        9-11 Touro Avenue
        Medford, MA  02155
        781-874-2239
        galebach@galebachlaw.com

        Joseph E. Rendini, BBO#542746
        LAW OFFICES OF JOSEPH E. RENDINI
        48 Doonan Street
        Medford, MA  02155
        (781) 396-6937

        Lawrence M. Kraus, BBO # 564561
        FOLEY & LARDNER LLP
        111 Huntington Avenue
        Boston, MA 02199
        617-342-4000

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

December 3, 2007        _____/s/ *Stephen H. Galebach*_____
                                    Stephen H. Galebach