UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VISIBLE SYSTEMS CORPORATION,** a Massachusetts Corporation, **Plaintiff,** v. **UNISYS CORPORATION,** a Delaware Corporation, **Defendant.** | C.A. No. 04-CV-11610-RGS  Oral Argument Requested |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF INJUNCTION AND JUDGMENT PENDING APPEAL**

This Court should neither deem the injunction and monetary judgment herein stayed automatically by Plaintiff's filing a notice of appeal nor order such a stay without a *supersedeas* bond. Injunctive relief is never stayed automatically, but only by court order under Rule 62(c) and the test of *Hilton v. Braunskill, infra*. Posting a Rule 62(d) *supersedeas* bond stays only the monetary portion of a judgment. Defendant is not entitled to an automatic stay of the money judgment because Plaintiff's theory on appeal is not inconsistent with its theory of damages below. Defendant's ability to pay the judgment does not automatically exempt it from Rule 62(d)'s bond requirement.

**I. STAY OF INJUNCTIVE RELIEF**

    **A. <u>Plaintiff's Notice of Appeal Does Not Automatically Stay Injunction.</u>**

Heading "I" of Defendant's Motion argues that "[t]he Court should deem the injunction and judgment to be automatically stayed by Visible Systems' appeal."[1] Defendant does not repeat this argument in its text. Instead, as its only authority, it quotes *Trustmark Insurance Co. v. Gallucci*: "[a] prevailing party's appeal suspends enforcement of the judgment … when the theory of the appeal is inconsistent with enforcement in the interim."[2] Defendant has misread *Trustmark* to the extent that it cites it as support for staying an injunction. There was no injunction before the First Circuit in *Trustmark*, but only a monetary judgment. Plaintiff's research has disclosed no authority in this Circuit for the proposition that the prevailing party's filing of a notice of appeal automatically stays an injunction. Even if such authority existed and Plaintiff were to seek a broader injunction on appeal, a broader injunction is not inconsistent with a narrower injunction.

The absence of such authority is consistent with Rule 62's treatment of injunctive relief only under its subdivision (c). Rule 62(a) expressly excepts injunctions from its automatic stay provisions. Rule 62(d), granting stays upon posting of a *supersedeas* bond, does not provide for a stay of an injunction,[3] but is restricted to judgments for money.[4]

---

[1] Defendant's Motion, p. 1.

[2] 193 F.3d 558, 559 (1st Cir. 1999). The First Circuit was itself quoting *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir. 1992). "[A] prevailing party's appeal suspends enforcement of the judgment <u>only</u> when the theory of the appeal is inconsistent with enforcement in the interim."[emphasis added] Defendant's ellipsis excludes only the word "only."

[3] *Dewey v. Reynolds Metals Co.*, 304 F.Supp. 1116, 1118-1119 (D.Mich. 1969) (on filing *supersedeas* bond, party not entitled to stay pending appeal as matter of right for injunctive type remedies, but court has discretion to stay injunction pending the appeal under conditions proper

### B. *Hilton* Indicates That This Court Should Not Stay the Injunction Pursuant Under Rule 62(c)

In determining whether to exercise its discretion under Rule 62(c), a court should consider the factors set forth by the Supreme Court in *Hilton v. Braunskill*:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[5]

The "sine qua non" of the stay pending appeal standard is whether the movants are likely to succeed on the merits.[6] The issuance of a stay depends on whether the harm caused movant without the stay, in light of the movant's likelihood of eventual success on the merits, outweighs the harm the stay will cause the non-moving party.[7] Defendant's contention that the movant's burden is somehow "lower" because it seeks to preserve the status quo[8] is inapposite in the context of a motion for stay pending appeal. While the factors to be considered by the court are the same in deciding whether to issue a preliminary injunction or a stay pending appeal, an applicant seeking a stay will have

---

for protection of rights of adverse party.); *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (when applied to injunctive relief, protection provided by posting supercedeas bond largely meaningless).

[4] *Rivera Perez v. Massachusetts Gen. Hosp.*, 193 F.R.D. 43, 44 (D.P.R. 2000).

[5] *Hilton v. Braunskill*, 107 S.Ct. 2113, 2119, 481 U.S. 770, 776, 95 L.Ed.2d 724 (1987); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16, n.3 (1st Cir. 2002).

[6] *Acevedo-Garcia, supra*, 296 F.3d at 16, quoting *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).

[7] *Acevedo-Garcia, supra*, 296 F.3d at 16-17, quoting *United Steelworkers of America v. Textron. Inc.*, 836 F.2d 6, 7 (1st Cir.1987); *Blankenship v. Boyle*, 447 F.2d 1280, 1280-1281 ( D.C. Cir. 1971) (where showing of irreparable injury if stay denied, but no showing of likelihood of success on the merits on appeal, stay pending appeal denied.)

[8] Plaintiff cites *Rathgaber v. Town of Oyster Bay*, 492 F.Supp. 130, 138 (E.D.N.Y. 2007), but there the district court dealt with a preliminary injunction, not an injunction pending appeal.

more difficulty establishing the first factor, the likelihood of success on the merits, due to the difference in procedural posture; a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal, and is always required to demonstrate more than the mere possibility of success on the merits.[9] More commonly stay requests will not meet this standard and will be denied,[10] as is frequently true in intellectual property cases.[11]

A quick review of the *Hilton* factors indicates that no stay should issue.

*Likelihood of success on the merits*: Defendant has not shown any likelihood of success on the merits. It has merely repeated the same arguments which this Court has already rejected. This showing is insufficient. To show a substantial chance of prevailing

---

[9] *Fullmer v. Michigan Department of State Police*, 207 F.Supp.2d 663, 664 (E.D. Mich. 2002), quoting *Grutter v. Bollinger*, 137 F.Supp.2d 874, 875 (E.D.Mich. 2001).

[10] Wright, Miller & Kane, Fed. Practice & Procedure: Civil 2d sec. 2904.

[11] See, e.g., *Arthro-care Corp. v. Smith & Nephew, Inc.*, 315 F.Supp.2d 615, 619-622 (D.Del. 2004) (patent infringer not entitled to stay of injunction pending appeal; no strong likelihood of success on the merits, harm of injunction to defendant self-inflicted, monetary damages would not fully compensate the patentee, and the injunction would not harm public.); *Marshak v. Reed*, 199 F.R.D. 110, 110-111 (E.D.N.Y. 2001) (no stay pending appeal of injunction in tradename and service mark infringement dispute over right to use name of a musical group; the injunction did not prevent defendant from using meaningful performing names, and no substantial possibility of success); *Christian Science Bd. of Directors of the First Church of Christ, Scientist v. Robinson* 123 F.Supp.2d 965, 976 (D.N.C. 2000) (no stay of injunction against trademark infringer pending appeal where he was not likely to prevail; harm to trademark owner if injunction stayed outweighed harm to infringer if maintained; public interest served by continuation of injunction.); *Desktop Images, Inc. v. Ames*, 930 F.Supp. 1450, 1451-1452 (D.Colo. 1996) (alleged infringers of a copyrighted video not entitled to stay pending appeal from order denying their motion to compel arbitration; copyright holder would have been prejudiced by stay, since it would be denied right to litigate its claims without further delay.); *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 890 F.Supp. 1559, 1584 (D.Ga. 1994), *remanded on other grounds*, 77 F.3d 1325 (11th Cir. 1996) (no irreparable injury necessary for stay of injunction pending appeal shown by infringer enjoined from using "Sun Life" and "Sun Financial Services" marks; expense of name change not great compared to volume of infringer's business and it had had limited goodwill in infringing mark.)

4

on appeal, Defendant must present some reason to believe that the lower court has erred, either by showing a change in circumstance or presenting a novel legal argument.[12]

*Irreparable injury*: Defendant has alleged only that it will suffer the normal expenditures in money, time and energy incident to compliance with the injunction. This is not a sufficient showing.[13]

*Injury to other parties*: Plaintiff will continue to be injured by the infringement of its trademark. That Plaintiff did not seek a preliminary injunction or that it did not seek to prove one of eight factors of the infringement analysis, actual confusion, are matters of litigation strategy which have no bearing on the Court's decision to grant or deny a stay.

*The public interest*: The public interest is served by swift enforcement of the trademark statutes.

It is true that when denial of a stay will utterly destroy the status quo, irreparably harming appellants, and granting of the stay will cause relatively slight harm to appellee, appellants need not show absolute probability of success in order to be entitled to a stay.[14] But even if an applicant demonstrates irreparable harm that decidedly outweighs any potential harm to the adverse party if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."[15] The instant action is a relatively common trademark action; there are no such "serious questions." Cases in which stays

---

[12] *Ellsworth Assocs., Inc. v. U.S.*, 917 F.Supp. 841, 847 (D.D.C. 1996).

[13] *Reynolds Metals Co. v. Secretary of Labor*, 453 F.Supp. 4, 6-7 (W.D.Va. 1977).

[14] *Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889, 890 (lst Cir. 1979).

[15] *Fullmer, supra*, 207 F.Supp.2d at 664 (E.D. Mich. S.D. 2002).

5

are granted usually involve a combination of novel and substantial legal questions and unique factual circumstances[16] which are not present in the instant case.

### C. Defendant's Motion for Stay of the Injunction is Premature.

The instant injunction by its terms does not go into effect until 150 days after the entry of judgment. It is quite possible that both parties will have filed their appellate briefs by that time. The court will be much better able to judge the *Hilton* factors after the filing of the briefs. Without having suffered any prejudice, Defendant may then renew its motion for a stay before either this Court or the First Circuit.[17] Courts should not grant injunctions pending appeal unless the movant presently is threatened with irreparable injury.[18] The movant in this case is in no immediate danger and does not now need relief.

---

[16] E.g., *Edelman v. Jordan*, 94 S.Ct. 13, 14, 414 U.S. 1301, 1302-1303, 38 L.Ed.2d 15 (1973) (stay pending appeal of judgment directing retroactive welfare payments granted when substantial legal question presented and it appeared unlikely that defendant officials could recover payments if they prevailed.); *A & B Steel Shearing & Processing, Inc. v. U.S.*, 174 F.R.D. 65, 70 (D.Mich. 1997) (injunction staying government sale of taxpayer's property pending appeal warranted even though taxpayer not likely to succeed; property was unique commercial real estate and government not harmed by status quo); *In re Workers' Compensation Refund*, 851 F.Supp. 1399, 1401-1402 (D.Minn. l994) (stay pending appeal granted even though public interest and balance of harms favored denial and district court believed its decision would be upheld because appeal involved substantial and novel legal questions).

[17] Even after the notice of the appeal has been filed, the trial court still has jurisdiction to make an order under Rule 62(c). *U.S. v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79-80 (9th Cir. 1951) (per curiam); *Freethought Soc. v. Chester County*, 194 F.Supp.2d 437, 439 (E.D.Pa.2002); Wright, Miller & Kane, Fed. Practice & Procedure: Civil 2d sec. 2904. The governing considerations are the same whether the application for a stay is to the trial court under Rule 62(c) or to the appellate court under Rule 62(g). *Id*.

[18] *Eastern Greyhound Lines v. Fusco*, 310 F.2d 632, 634 (6th Cir. 1962).

## II. STAY OF EXECUTION OF THE MONETARY JUDGMENT

### A. Plaintiff's Filing of a Notice of Appeal Does Not Automatically Stay Execution of the Monetary Portion of the Judgment

Plaintiff's theory of damages on appeal is that it is entitled to both damages and an accounting of profits under 15 U.S.C. sec. 1117(a). An appeal which seeks to increase the amount of a judgment is not inconsistent with enforcement of the original judgment, and thus does not trigger an automatic stay, but instead triggers the requirement of posting a bond to stay execution under Rule 63(d).[19] Awards of damages and profits are inconsistent only to the extent that there is evidence of overlap between them. There is nothing in Rule 62 to suggest that the bond requirement of subdivision (d) is automatically suspended simply because the prevailing party also appeals the judgment.[20]

### B. Defendant's Ability to Pay the Judgment Does Not Exempt It From the Obligation to Post a Rule 62(d) Bond

Although a court may determine that the party seeking a stay pending appeal need not post bond because it is solvent and clearly has the ability to satisfy the judgment if affirmed,[21] whether to grant such a stay without a *supersedeas* bond remains within the district court's sound discretion and questions about the applicant's ability to pay in the future may lead the court to require a bond.[22] The court must require a bond where the applicant fails to provide the information necessary to make such a detemination.[23] Rule

---

[19] *Trustmark Ins.*, *supra*, 193 F.3d at 559.

[20] *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 352 (E.D.Mich. 1998).

[21] See *Exxon Corp. v. Esso Worker's Union, Inc.*, 963 F.Supp. 58, 60 (D.Mass. 1997).

[22] See *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F.Supp.2d 457, 485-486 (S.D.N.Y.2003).

[23] See *Sealover v. Carey Canada*, 806 F.Supp. 59, 62 (M.D.Pa. 1992) (losing party may be excepted from Rule 62(d)'s bond requirement "provided the court is assured that the defendant

7

62(d) has "dual functions." It not only establishes the appellant's right to a stay, but also the appellee's right to have a bond posted securing the stay.[24] Thus, a judgment debtor's plain ability to pay the judgment does not automatically entitle it to an unsecured stay; it must demonstrate "extraordinary circumstances" which would justify waiving the ordinary bond requirement.[25]

In the instant action, Defendant has introduced no evidence of such extraordinary circumstances or of its continuing ability to pay. Rather, the size of Defendant's financial resources indicates that posting the usual bond would cause it no significant hardship while vindicating Plaintiff's substantial right to securing the judgment in its favor. This Court should require Defendant to post the bond.

## **CONCLUSION**

This Court should decline to stay the injunctive relief and should order that Defendant post a *supersedeas* bond to cover the monetary portion of the judgment.

---

will remain solvent and maintain that same ability to pay the judgment throughout the appeal process.")

[24] *Gonter v. General Dynamics Marine Systems Division, Electric Boat*, 2006 WL 3783140, *3 (N.D. Ohio, E.D. 2006) (slip opinion), citing *Hamlin, supra*, 181 F.R.D. at 351.
[25] *Gonter, supra*, 2006 WL 3783140 at *3, citing *Hamlin, supra*, 181 F.R.D. at 353-354.

## REQUEST FOR ORAL ARGUMENT

Plaintiff requests that the Court schedule oral argument of the instant motion.

>Plaintiff,
>VISIBLE SYSTEMS CORPORATION,
>By its attorneys,
>
>____/s/Stephen H. Galebach_____
>Stephen H. Galebach, BBO # 653006
>GALEBACH LAW OFFICE
>9-11 Touro Avenue
>Medford, MA  02155
>781-874-2239
>galebach@galebachlaw.com
>
>Joseph E. Rendini, BBO#542746
>LAW OFFICES OF JOSEPH E. RENDINI
>48 Doonan Street
>Medford, MA  02155
>(781) 396-6937
>jrendini@comcast.net

December 13, 2007

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

December 13, 2007          ____/s/ *Stephen H. Galebach*_____
                           Stephen H. Galebach