UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11610-RGS

VISIBLE SYSTEMS CORPORATION

v.

UNISYS CORPORATION

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

February 7, 2008

STEARNS, D.J.

The "American Rule" requires a party to litigation to bear its own costs. Exceptions arise where a statute authorizes fee-shifting, or in the rare circumstance where equitable considerations support the taxation of fees. See Mullane v. Chambers, 333 F.3d 322, 337-338 (1st Cir. 2003). In this Lanham Act case, a jury awarded plaintiff Visible Systems Corporation (Visible), a relatively modest $250,000 for the encroachment on its registered mark "Visible" by defendant Unisys Corporation (Unisys). Visible now seeks an award of attorneys' fees in the amount of $934,591.86.[1]

The Lanham Act permits a court to shift fees in "exceptional" cases. 15 U.S.C. § 1117(a). The standard for defining an "exceptional" case in this Circuit is set out in Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 30-33 (1st Cir. 2002). The "exceptional" case is the extraordinarily egregious case. As the First Circuit noted in

---

[1] Visible reports the lodestar as $475,411.86. It asks for an additional $459,180.00 as an "enhancement" (doubling) of the fee of its principal counsel, hence the total of $934,591.86.

Tamko, Congress contemplated an award of attorneys' fees "in circumstances where the acts of infringement were 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" Id. at 31.[2] In some Circuits, a plaintiff is additionally required to show fraud or bad faith on the part of the infringer as a fee award prerequisite. See Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 194 (2d Cir. 1996).[3] Other Circuits "hold that willfulness alone is an adequate basis for the award of attorneys' fees." Tamko, 282 F.3d at 31. The First Circuit has aligned itself clearly with this second group.

> Willfulness short of bad faith or fraud will suffice when equitable considerations justify an award and the district court supportably finds the case exceptional. There are two reasons we reject a bad faith or fraud requirement as a precondition to an award of attorneys' fees. First, the legislative history of section 35 links such exceptional cases to situations where the acts are malicious or fraudulent or deliberate or willful, and where equity justifies the award. Congress's list does not stop with "malicious" or "fraudulent," and we are loath to strip "deliberate" and "willful" of meaning. Second, the purpose of the attorneys' fees amendment to the Lanham Act was to provide for an award in exceptional cases in which equity called for an award in the sound discretion of the district judge. We would be hard pressed to say that such a case can never arise unless there is fraud or bad faith.

Id. at 32.

Visible's case for a finding of exceptional circumstances rests principally on the jury's advisory verdict that Unisys's infringement was willful, a state of mind that the court in its instructions equated with actual knowledge of, or deliberate indifference to, acts of

---

[2]The court also noted a related "equitable" basis for a fee award in cases where a defendant's post-infringing litigation conduct is vexatious and oppressive. Id. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 279-283 (3d Cir. 2000).

[3]In this case, the court found at the summary stage that there was no evidence to support a finding of fraud or bad faith on the part of Unisys. The evidence presented at trial does not cause the court to doubt the soundness of that finding.

infringement.[4]  There is, however, no "per se equivalence between an 'exceptional case' and a jury finding of willfulness."  Tamko, 282 F.3d at 31 n.5.  It remains for the court to determine whether the facts and circumstances of a particular case are so extraordinary as to justify a reversal of the American Rule.

In my judgment, little, if anything, about this case could be appropriately deemed exceptional or extraordinary.  In making this determination, I am guided by the pertinent factors identified in Tamko.[5]  Here, there is no evidence of deliberate and willful copying as was the case in Tamko, where defendant persisted in a course of infringing conduct despite plaintiff's repeated remonstrances, a preliminary injunction, and a finding of contempt.  Tamko, 282 F.3d at 33.  I have no quarrel with Visible's argument that Unisys's behavior in this case was careless, even heedless.  Unisys erred in proceeding with the "3D VISIBLE ENTERPRISE" campaign despite having actual knowledge of the Visible

---

[4]The court's instruction was as follows:

Finally, if you find infringement – but only if – you are asked to make a determination whether Unisys's conduct was willful. To establish willfulness, Visible Systems must prove by a preponderance of the evidence that: (1) Unisys knew of Visible Systems' mark; (2) that Unisys either knew of or was deliberately indifferent to the fact that it would infringe the "Visible" mark; and (3) that it intentionally launched the "3D Visible Enterprise" campaign despite such a state of mind.

[5]Visible urges the court to consider what might be termed the "David and Goliath factor," although it is not one of the factors listed in Tamko.  Unisys, as Visible points out, is a company with 1,000 times the number of employees as Visible.  The suggestion is that this gross disparity in size makes Unisys a more deserving candidate for punishment.  Even assuming that a defendant's size is an appropriate consideration, this proposed factor cuts against Visible's position as it makes more plausible Unisys's argument that it did not reasonably perceive a firm as tiny as Visible as a true competitor, much less one whose market reputation it would want to appropriate.

mark.[6]  Nonetheless, I am persuaded by the evidence presented at trial that Unisys had a good faith belief (to the extent that it considered the issue at all) that its products and services were not in competition with those of Visible and that consequently there was no likelihood of consumer confusion.[7]  Unlike in Tamko, there was no evidence of an effort on the part of Unisys to suppress a trademark search, nor was there evidence that the Unisys personnel who developed the "3D VISIBLE ENTERPRISE" campaign deliberately sought to profit from Visible's (minuscule) market presence.  Finally, the evidence that Unisys's conduct caused Visible any actual damages was speculative at best.  The evidence tended to show that Visible's profits, as well as its gross revenues, had begun a downward spiral well before any act of infringement occurred.[8]  Finally, the court rejects Visible's contention that the conduct of Unisys's attorneys in the litigation was oppressive and unethical.  The court found Unisys's attorneys to be honorable, efficient, and appropriately dedicated to the interests of their client.

ORDER

For the foregoing reasons, Visible's motion for an award of attorneys' fees is DENIED.

---

[6]There was evidence at trial that at least some Unisys employees, including a few at a relatively senior level, were aware of Visible and its modeling software.  It was this fact, I am persuaded, that explains the jury's finding that Unisys acted willfully.

[7]Visible was unable to demonstrate at trial a single instance of actual consumer confusion.

[8]In most Circuits, a plaintiff is permitted to recover in Lanham Act cases even in the absence of direct evidence of actual harm.  Hipsaver Co., Inc. v. J.T. Posey Co., 497 F. Supp. 2d 96, 107 (D. Mass. 2007), citing the "totality of the circumstances" test adopted, among others, by the Ninth, Seventh, and Fifth Circuits.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE