UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VISIBLE SYSTEMS CORPORATION,

    Plaintiff

v.

UNISYS CORPORATION,

    Defendant

Civil Action No. 04-CV-11610-RGS

**STATEMENT OF PROCEEDINGS PURSUANT TO RULE 10, Fed.R.App.P.**

Pursuant to Rules 10(c) and 10(e)(2), Fed. R. App. P., Plaintiff Visible Systems Corporation ("Visible") hereby serves the following statement of the substance of proceedings that took place during the trial of this action July 23, 2007 through July 31, 2007, for which transcripts are not available according to the Order of Court entered December 11, 2007 by the Clerk of the United States Court of Appeals for the First Circuit.

    1. During a conference of counsel with Judge Richard G. Stearns in chambers at the start of the first trial day, July 23, 2007, at 9:30 a.m., Judge Stearns ruled on the motions *in limine* that had previously been filed by the parties. His rulings were as follows:

    (a) granted Defendant's Motion in Limine to Preclude Evidence or Argument on Alleged Bad Faith;

    (b) considered Defendant's Motion in Limine to Preclude Evidence or Argument on "Accounting" or "Damages" Remedies, and decided to allow evidence and argument as to damages suffered by Visible, but not evidence or argument as to profits of defendant

Unisys Corporation, because the Court considered such an "accounting" to be an equitable remedy; thus effectively granting in part and denying in part said motion;

(c) denied plaintiff's Motion in Limine to preclude testimony of defendant's witness Nancy McCarthy; and

(d) denied defendant's Motion in Limine to Preclude or Limit Expert Testimony.

2. Present at this conference were Hon. Richard G. Stearns, attorneys Anthony Doniger and William Boesch for defendant Unisys Corporation, attorneys Stephen Galebach and Joseph Rendini for plaintiff Visible Systems Corporation, and a court reporter, who to best of plaintiff's counsel's recollection was one of the two reporters who covered the first day of trial.

3. Plaintiff respectfully requests the Court to inquire whether any of the court reporters Alice Moran, James Gibbons, or Sarah Mubarek might have transcripts of said conference in chambers that have been overlooked until now.

4. In the absence of transcripts of said conference in chambers, confirming evidence of the decisions of Judge Stearns as summarized in paragraph 1 above can also be found in transcripts of later proceedings in the trial, to wit:

(a) The Court's decisions on motions in limine identified in subparagraphs 1(a), (c), and (d) are reflected in electronic orders from Judge Stearns denying as to docket nos. 85 and 97, and granting as to docket no. 99. The motion in limine identified in subparagraph 1(b), by contrast, was filed under seal and is not the subject of any electronic order in this case.

(b) The Court's preclusion from the jury trial of evidence or argument as to defendant Unisys Corporation's profits or "accounting" thereof, is seen in a colloquy

between Judge Stearns and Visible's counsel in open court at the close of plaintiff's case in chief: "Plus, it's my understanding that an accounting is an equitable remedy that the court would consider after the fact." Transcript, July 27, 2007, at 82.

(c) The same colloquy confirms that Judge Stearns decided to allow evidence and argument as to damages. *Id.* at 82-83.

5. During a conference of counsel with Judge Richard G. Stearns in chambers during the morning of the third trial day, July 25, 2007, Judge Stearns ruled on the admissibility of Unisys production documents Bates nos. 5500 and 5502. After examining these documents in the presence of counsel, Judge Stearns stated that he would not let them in.

6. During the same conference in chambers on the morning of July 25, 2007, plaintiff's counsel Stephen H. Galebach requested enforcement of a trial testimony subpoena that had been served on Joseph McGrath of Unisys Corporation. Defendant's counsel Anthony Doniger objected that Mr. McGrath was outside the 100-mile subpoena range of the Court. Galebach responded that the subpoena was valid because Mr. McGrath is a corporate officer. Judge Stearns did not enforce the subpoena.

7. Present at the conference in chambers on July 25, 2007 were Hon. Richard G. Stearns, a court reporter, attorneys Anthony Doniger and William Boesch for defendant Unisys Corporation, and attorneys Stephen Galebach and Joseph Rendini for plaintiff Visible Systems Corporation.

8. Plaintiff respectfully requests the Court to inquire whether any of the court reporters Alice Moran, James Gibbons, or Sarah Mubarek might have transcripts of said conference in chambers that have been overlooked until now.

9. Counsel for plaintiff does not have a recollection of proceedings not reflected in transcripts for Friday, July 27, 2007.

                        Plaintiff VISIBLE SYSTEMS CORPORATION,
                        By its attorneys,

                        ____/s/Stephen H. Galebach_____
                        Stephen H. Galebach, BBO # 653006
                        GALEBACH LAW
                        9-11 Touro Avenue
                        Medford, MA  02155
                        781-874-2239
                        galebach@galebachlaw.com

**Certificate of Service**

I hereby certify that this document was served this date by electronic mail upon William L. Boesch, Esq., counsel for defendant Unisys Corporation, at boesch@srbc.com..

January 25, 2008                  ____/s/ *Stephen H. Galebach*_____
                                            Stephen H. Galebach