UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISIBLE SYSTEMS CORPORATION,<br><br>                       Plaintiff<br><br>v.<br><br>UNISYS CORPORATION,<br><br>                       Defendant | Civil Action No. 04-CV-11610-RGS |

**DEFENDANT'S OBJECTION AND RESPONSE
TO PLAINTIFF'S "STATEMENT OF PROCEEDINGS"**

The trial of this case occurred some six months ago. Having failed at the time to ensure that a record was made of matters it now contends are important to the disposition of this case and its appeal, plaintiff Visible Systems seeks to add to the record on appeal its version of certain discussions in chambers before and during the trial.

The rules on which Visible Systems relies do not permit post-hoc creation of a record of such informal conferences. Rule 10(c) of the Federal Rules of Appellate Procedure provides a procedural remedy in instances where "the transcript *of a hearing or trial* is unavailable" (emphasis added),[1] which is not the case here. Rule 10(e)(2), also cited by Visible Systems, applies where a material item "is omitted from or misstated in the record by error or accident," which Visible Systems has not shown to have happened in this case.[2] Therefore, the Court should deny in its entirety Visible Systems' request to

---

[1] *See* Fed. R. App. P. 10(c).
[2] *See* Fed. R. App. P. 10(e)(2). Visible Systems placed its order for transcripts necessary to its appeal on November 21, 2007. In a December 11, 2007 procedural order, to which Visible Systems now refers, the First Circuit conveyed a report from the district court clerk's office that there were no transcripts of the chambers conferences in question

supplement the record.

    Unisys also objects that Visible Systems' characterization of the conversations in chambers is inaccurate and misleading. More specifically, to address the points in Visible Systems' statement:

    1.    Unisys agrees that there was a discussion in chambers at the start of the first day of trial, and that during this discussion the Court informed the parties of its rulings on various motions *in limine*. The rulings on the motions referenced in subparagraphs 1(a), (c) and (d) are set forth in margin orders and on the docket, and there is no need to supplement the record on these matters. The docket does not reflect a ruling by the Court on the motion referenced in subparagraph 1(b), and Unisys objects to Visible Systems' inaccurate account of the discussion in chambers of the matters raised in that motion. The Court did not tell counsel that Visible Systems would be barred from presenting "evidence or argument as to profits of defendant Unisys Corporation because the Court considered such an 'accounting' to be an equitable remedy," as Visible Systems suggests. While the Court did during the trial express the understanding that the accounting remedy sought by Visible Systems was ultimately equitable in nature (a view to which Visible Systems did not object), the Court did not suggest that this relieved Visible Systems of the obligation to present at trial any evidence it might have in support of an accounting.

---

"as no court reporter was present," and inquired whether Visible Systems intended to prepare a statement of evidence pursuant to Fed. R. App. P. 10(c). This ministerial order, which merely tracked the items in Visible Systems' transcript order, should not be understood as implicitly suggesting that the chambers conferences in question are covered by Rule 10(c). To the contrary, the absence of a court reporter indicates that these discussions were not "hearings" that should properly be considered part of the record.

    2.    Unisys agrees with Visible Systems' list of the attorneys present on this occasion. The court reporters involved in this matter have indicated that none of them was present (see footnote 2 above), and Unisys's counsel does not recall otherwise.

    3.    No objection.

    4.    Unisys disagrees that any of the matters set forth in this paragraph provide "confirming evidence" supporting Visible Systems version of the conversation in chambers before the start of trial about Visible Systems' claim for an accounting remedy. Subparagraphs (b) and (c), for example, are very selective quotations from the transcript of a hearing much later in the trial, after Visible Systems had rested its case and Unisys moved for judgment as a matter of law. The fact is that Visible Systems simply failed to offer sufficient evidence during trial to support an accounting remedy—regardless of whether Visible Systems believed the Court or the jury would ultimately decide the question. This was borne out when, on the fifth day of trial, as Visible Systems prepared to rest its case, the Court asked its counsel to confirm that its theory of damages was limited to its contention that Visible Systems lost sales, and as a result lost profits, during the four months following Unisys's June 2004 launch of its disputed trademark in the United States. Visible Systems' counsel confirmed that its own alleged lost profits were the sole basis for its damages claim.[3] Unisys relied on this representation in presenting

---

[3] *See* Transcript 07/27/07 at 82-83 ("THE COURT: Mr. Galebach, one issue that is raised, which I've alluded to before, I understand the infringement claim, but am I right that the damages claim really depends on what the jury makes of the loss -- I'm sorry -- the loss of income that were shown, I've forgotten now the exhibit number, but is that really it? MR. GALEBACH: Yes, Your Honor. The [position] is the jury is entitled to infer from those four months immediately following launch of 3D Visible Enterprise the lower revenues that was corrected then by hiring an experienced salesperson. THE COURT: I want to make sure that is the damages claim, that I'm not missing anything? MR. GALEBACH: Yes....").

its case on potential remedies.  Visible Systems therefore waived (and estopped itself from making) any claim that it was entitled to an accounting and disgorgement of Unisys's profits from any alleged infringing sales.

Later, at the charge conference on July 30, 2007, Visible Systems suggested that it should have "an opportunity for the jury to award – or the Court to award defendant's profits…"[4]  The Court responded that Visible Systems' counsel was "going to have to explain to me what the evidence is from which the jury could determine what the profits were.  There is none…. I do not think the evidence is sufficient on that, which is why I do not have an instruction on profits."[5]  Later in the conference, the Court reminded Visible Systems' counsel of the earlier colloquy in which plaintiff had limited its damages claim to its own alleged lost profits.[6]  The Court also reiterated that Visible Systems had failed to offer sufficient evidence to support a claim for an accounting.[7]

5.     Unisys agrees that Visible Systems proposed to offer in evidence exhibits

---

[4] *See* Transcript 07/30/07 (Charge Conference) at 30:22-24.
[5] *Id.* at 31:5-7, 31:16-18.
[6] *See id.* at 47:4-16 ("THE COURT: That is why I asked you on Friday, I wanted to be absolutely clear what your theory of damages is, and you told me that [I had] framed it correctly.  I said, are you suggesting the decline of revenues was precipitated by the campaign that Unisys launched…. I was describing the instructions.  I said, I've reached the damages part.  Articulate for me so I make sure I understand your theory of damages….")
[7] *See id.* at 47:24-48:4 ("THE COURT: Put yourself in the position of a juror.  How could you go back to the jury room and say, Okay we're going to give them – you can't say, Here are all the profits that Unisys made last year or made for the last three years…."); 48:23-49:13 ("THE COURT:… There is no evidence.  I thought you were going to bring in an economist and say, Here are the 17 what we consider – because then the law says the jury can't award gross revenue.  You can only award profits, and we don't know what the profit margins are.  MR. RENDINI: We can submit the gross revenue, and then it's their burden to show [their] expenses.  It's not our burden.  THE COURT: It might be, but it's a little unfair at this point.  We've rested…. You had the opportunity of taking that route, but you didn't."); 50:6-7 ("THE COURT: No, I couldn't sustain – if they ever came back with a verdict [awarding Unisys's profits], I would have to throw it out.").

identified on its pretrial lists as No. 205 (Bates No. 5500) and 206 (Bates No. 5502). Unisys further agrees that it objected to these exhibits, and that the objection was sustained.

      6.      Visible Systems mischaracterizes the events surrounding its attempt to subpoena Unisys's president and chief executive officer, Joseph McGrath, to testify at trial, including the discussion in chambers of this matter. Serving a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."[8] Visible Systems did not validly serve its subpoena upon Mr. McGrath, as Unisys's counsel made clear when the subject was discussed during trial. In addition, under Fed. R. Civ. P. 45, service of a subpoena upon Mr. McGrath could only have been made if he had been present within the District of Massachusetts or within 100 miles of the Springfield courthouse.[9] For all of these reasons, Visible Systems did not—and could not have—filed proof of proper service as required by Fed. R. Civ. P. 45.[10] Thus, there was nothing for the Court to consider whether to "enforce," and no motion by Visible Systems seeking such relief. Mr. McGrath's testimony was instead presented at trial through a reading of portions of his deposition.

      7.      Agreed.

      8.      No objection.

      9.      No response warranted.

---

[8] *See* R. 45(b)(1).
[9] *See* Fed. R. Civ. P. 45(b)(2).
[10] *See* R. 45(b)(4).

Dated: February 7, 2008

                                      UNISYS CORPORATION,
                                      By Its Attorneys,


                                     /s/ William L. Boesch
                                    Anthony M. Doniger, BBO No. 129420
                                    doniger@srbc.com
                                    William L. Boesch, BBO No. 558742
                                    boesch@srbc.com
                                    SUGARMAN, ROGERS, BARSHAK
                                      & COHEN, P.C.
                                    101 Merrimac Street
                                    Boston, MA 02114
                                    617-227-3030

## CERTIFICATE OF SERVICE

     I hereby certify that this document is being served on counsel for Visible Systems, pursuant to Fed. R. App. P. 10(c), on the above date, via-email, which is a means of service to which the parties have consented pursuant to Fed. R. Civ. P. 5(b)(2)(E).


                                     /s/ William L. Boesch


400651.5